UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



IN ADMIRALTY   00 - 6098

| | |
|---|---|
| RANULFO ESTRADA JUAREZ, | CASE NO.: |
| Plaintiff, | Magistrate: BANDSTRA |
| vs. | |
| WESTRIA HOLDINGS INC. and MEDITERRANEAN SHIPPING CO. S.A., in personam; and, M/V MELODY, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., in rem, | **VERIFIED SEAMAN'S COMPLAINT AND REQUEST FOR RULE B ATTACHMENT AND RULE C ARREST** |
| Defendants. | |

COMES NOW the Plaintiff, RANULFO ESTRADA JUAREZ, (hereinafter referred to as the "Plaintiff"), by and through his undersigned attorneys, and brings this Verified Seaman's Complaint and Request for Rule B Attachment and Rule C Arrest against the Defendants, WESTRIA HOLDINGS INC. and MEDITERRANEAN SHIPPING CO. S.A., in personam, and M/V MELODY, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., in rem; and, and allege:

1. This court has jurisdiction pursuant to 28 U.S.C. §1331, 46 U.S.C. §688 et seq., and the General Maritime Law of the United States.

2. The Plaintiff is a foreign national who was/is employed as crew members by the Defendants aboard the M/V MELODY, and is a seaman pursuant to 28 U.S.C. §1916 and 46 U.S.C. §688, et seq. Being a seaman pursuant to 28 U.S.C. §1916, the Plaintiff shall



DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 •FACSIMILE (305) 654-8435

not be required to give security for costs or fees upon filing of this action.

3. The Defendant, WESTRIA HOLDINGS INC., is believed to be a corporation organized under the laws of Switzerland and is the owner of the M/V MELODY. According to Lloyds Registry of Shipping, WESTRIA HOLDINGS INC.'s address is c/o MEDITERRANEAN SHIPPING CO. S.A., Geneva, Switzerland.

4. The Defendant, MEDITERRANEAN SHIPPING CO. S.A., is believed to be a corporation organized under the laws of Switzerland with its principal places of business in Geneva, Switzerland, and is the manager and/or operator of the M/V MELODY.

5. The Defendant, M/V MELODY, is a Panamanian flagged cruise ship approximately 670 feet long, approximately 35,000 gross tons, registered under the laws of Panama with official number 7902295. The vessel regularly sails into and out of Port Everglades, Florida, and is scheduled to next be in Port Everglades, Florida, on January 24, 2000, which is within this Court's jurisdiction in navigable waters.

6. On or about October 1, 1999, while employed by the Defendants and working as a 2nd cook crew member on the M/V MELODY, the Plaintiff fell deathly ill with what has been diagnosed to include but not limited to liver and/or pancreas cancer.

7. The Plaintiff was hospitalized in Italy for several weeks where he received therapy and treatment for his serious life-threatening condition. Upon his discharge from the hospital in Italy, the physicians recommended immediate hospitalization in his home country for further emergent treatment, therapy and evaluation.

8. On or about December 19, 1999, and despite knowing of the Plaintiff's deathly condition, the Defendants discharged the Plaintiff from its employment prior to the end of his employment term, and repatriated him to Guatemala City, Guatemala, which is

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

approximately 200 km. from his home town of Puerto Barrios, Guatemala. The Defendants failed and refused to provide any transportation for the Plaintiff from Guatemala City to Puerto Barrios.

9. Since being discharged and repatriated on or about December 19, 1999, the Defendants have failed and refused to provide and to pay the Plaintiff's cure benefits, including but not limited to medical care, hospitalization, physician services, nursing services, medicine, treatment, therapy or benefits.

10. Since being discharged and repatriated on or about December 19, 1999, the Defendants have failed and refused to provide and to pay the Plaintiff's maintenance benefits, including but not limited per diem living expenses for room and board, and unearned wages.

11. The Plaintiff has made numerous demands for the payment of his maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages, but the Defendants continue to refuse and fail to provide and to pay said benefits.

12. In short, despite knowing the Plaintiff has what is believed to be liver and/or pancreas cancer, the Defendants have abandoned the Plaintiff without medical care, food, lodging, and unearned wages.

13. The Defendants personally or through an agent:

(a) operated, conducted, engaged in or carried on a business venture in Florida;

(b) had an office or agent in Florida;

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

(c) sells, consigns, or leases tangible and intangible personal property through brokers, jobbers, wholesalers or distributors to persons, firms or corporations in Florida:

(d) committed a tortious act within this state;

(e) contracted to insure a property or risk located within this state at the time of contracting;

(f) were engaged in substantial activity within the Florida;

(g) operated vessels in the water of this state; and/or

(h) the Defendants' acts set out in this Complaint occurred in whole or in part in Florida.

14. The Defendants are not and cannot be found within this District pursuant to the meaning of Supplemental Admiralty Rule B.

15. Venue lies within the Southern District of Florida pursuant to the provisions of 28 U.S.C. §1391 and the General Maritime Law of the United States. Further, the M/V MELODY regularly sails in and out of this District in Port Everglades, Broward County, Florida.

## COUNT I

## FAILURE TO PROVIDE AND TO PAY MAINTENANCE AND CURE

16. The Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 15, and further alleges:

17. On or about the previously stated dates, the Plaintiff fell ill while employed by the Defendants as a crew member in the service of the above named vessel.

4

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

18. Under the General Maritime Law of the United States, the Plaintiff, as a seaman, is entitled to maintenance and cure benefits from his employers, the Defendants, including but not limited to medical care, food and lodging, and unearned wages.

19. Prior to the filing of this action, the Plaintiff made numerous demands on the Defendants for the providing of and payment of maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages.

20. The Defendants' refusal and failure to provide and to pay the Plaintiff's maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages, is willful, arbitrary, capricious, and in callous disregard for the Plaintiff's rights as a seaman.

21. Upon information and belief, the Plaintiff states that the total amount of maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages is in excess of $250,000.00.

22. As a result of the Defendants' action as described herein, the Plaintiff has a maritime lien of the "highest priority" against the above named vessel for unpaid maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages.

## COUNT II

## JONES ACT CLAIM FOR AGGRAVATION OF PLAINTIFF'S CONDITION

## CAUSED BY FAILURE TO PROVIDE AND TO PAY MAINTENANCE AND CURE

23. The Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 22, and further alleges:

5

24. As a direct and proximate result of the Defendants' refusal and failure to provide and to pay the Plaintiff's maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages, the Plaintiff's condition has been aggravated and has become worse thereby causing the Plaintiff to sustain additional compensable permanent injury, including but not limited to extreme mental and physical pain and suffering, medical bills and expenses, lost income and loss of future earning capacity.

## COUNT III

## ATTORNEY'S FEES

25. The Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 22, and further alleges:

26. The Defendants' refusal to provide and to pay the Plaintiff's maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages, is willful, arbitrary, capricious, and in callous disregard for the Plaintiff's rights as a seaman.

27. The Defendants' behavior would have continued indefinitely but for legal intervention, and but for the Plaintiff retaining the undersigned counsel to prosecute his claims herein.

28. As a result, the Plaintiff has become indebted to the undersigned for a reasonable attorney's fee in excess of $100,000.00, for which he is entitled to recover from the Defendants.

6

## COUNT IV

## PUNITIVE DAMAGES

29. The Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 22 and 25 through 28, and further alleges:

30. The Defendants' refusal to provide and to pay the Plaintiff's maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages, is willful, arbitrary, capricious, and in callous disregard for the Plaintiff's rights as a seaman.

31. As a result, the Plaintiff is entitled to recover punitive damages from the Defendants, said damages being in excess of $1,000,000.00.

## COUNT V

## PREJUDGMENT INTEREST

32. The Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 31, and further alleges:

33. In addition attorney's fees and punitive damages, the Plaintiff is entitled to prejudgment interest.

WHEREFORE, the Plaintiff prays:

(a) Process in due form of law, according to the practice of this Court, issue against the M/V MELODY, its engines, boilers, tackle, equipment, apparel, appurtenance, etc. and that any person, firm or corporation claiming any interest in said vessel be cited to appear ad answer this Complaint;

7

(b) The maritime lien of the "highest priority" for the Defendants' failure to provide and to pay the Plaintiff's maintenance and cure benefits be declared valid and sustaining an interest in favor of the Plaintiff in the M/V MELODY in a principal amount to be set by this Court, together with prejudgment interest continuing to accrue thereon, plus costs, and to be superior to the interests, liens, claims or mortgages of any and all persons, firms or corporations whatsoever;

(c) This Court direct the manner in which the actual notice of the commencement of this suit shall be given by the Plaintiff to the master, or other ranking officer or caretaker of the M/V MELODY, and any other persons, firms or corporations having any interest therein or having filed any mortgages or notices of liens against said vessel;

(d) A judgment in a principal amount to be set by this Court, together with interest continuing to accrue thereon, plus costs be entered in favor of the Plaintiffs and against the M/V MELODY for the Defendants failure to pay or provide the Plaintiff's maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages, attorney's fees, prejudgment interest, costs, compensatory and punitive damages;

(e) That said M/V MELODY, its engines, boilers, tackle, equipment, apparel, appurtenances, etc. be arrested, condemned and sold by the United States Marshal of this District under decree of this Court to satisfy said judgment or any portion thereof;

(f) That process according to the practice of this Court issue against the owners and managers of the M/V MELODY, WESTRIA HOLDINGS INC. and MEDITERRANEAN SHIPPING CO. S.A.;

(g) That judgment be entered against WESTRIA HOLDINGS INC. and MEDITERRANEAN SHIPPING CO. S.A. for maintenance and cure benefits, including but

8

not limited to medical care, food and lodging, and unearned wages, attorney's fees, prejudgment interest, costs, compensatory and punitive damages;

(h) That if WESTRIA HOLDINGS INC. and MEDITERRANEAN SHIPPING CO. S.A. cannot be found within this District, as stated in the Affidavit attached hereto, then all of their property within this District be attached as set forth in this Complaint, with interest and costs;

(i) That pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure, Process of Maritime Attachment and Garnishment issue against the M/V MELODY, her engines, boilers, tackle, equipment, furniture, apparel, appurtenances, etc.;

(j) That said M/V MELODY, her engines, boilers, tackle, equipment, furniture, apparel, appurtenances, etc. be attached, condemned and sold by the United States Marshal of this District under the decree of this Court and the proceeds realized to be paid over to the Plaintiff to satisfy said judgment or any portion thereof;

(k) That the Plaintiff be granted any other such relief as may be deemed proper and equitable under the circumstances.

Dated this 21st day of January, 2000.

                                LAW OFFICES OF DAVID C. RASH, P.A.
                                Attorneys for Plaintiffs
                                88 Northeast 168th Street
                                North Miami Beach, Florida 33162
                                Tel:   (954) 476-1515 (Broward)
                                Tel:   (305) 653-6666 (Dade)
                                Fax:   (305) 654-8435

                                by: _____
                                    DAVID C. RASH, ESQUIRE
                                    Florida Bar No: 0977764

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

| | |
|---|---|
| RANULFO ESTRADA JUAREZ, ) | CASE NO.: |
| ) | |
| Plaintiff, ) | Magistrate: |
| ) | |
| vs. ) | |
| ) | **SEAMAN'S VERIFICATION** |
| WESTRIA HOLDINGS INC. and ) | |
| MEDITERRANEAN SHIPPING ) | |
| CO. S.A., in personam; and, ) | |
| M/V MELODY, her engines, boilers, ) | |
| tackle, equipment, apparel, ) | |
| appurtenances, etc., in rem, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

BEFORE ME, the undersigned authority, personally appeared DAVID C. RASH, ESQUIRE who, being duly sworn and deposed, says

1. That the Plaintiff, RANULFO ESTRADA JUAREZ, is not located within the Southern District of Florida;

2. That he is the attorney of record for said Plaintiff, and that said Plaintiff authorized him to make this representation and/or verification;

3. That based upon his own personal investigation, information and belief, and having conferred with the Plaintiff, the foregoing Verified Seaman's Complaint and Request

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

for Rule B Attachment and Rule C Arrest and the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
DAVID C. RASH, ESQUIRE

The foregoing instrument was acknowledged before me by DAVID C. RASH, ESQUIRE, who did take an oath.

IN TESTIMONY WHEREOF, I have hereto set my hand and seal this _____ day of _____, 2000.

_____
Notary Public
State of Florida, at Large

My commission expires:



OFFICIAL NOTARY SEAL
VALERIE DEZII
COMMISSION NUMBER
CC589705
MY COMMISSION EXPIRES
OCT. 17, 2000

11

# CIVIL COVER SHEET

00-6098-CV-JORDAN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
RANULFO ESTRADA JUAREZ

**DEFENDANTS** WESTRIA HOLDINGS INC. and MEDITERRANEAN SHIPPING CO. S.A., in personam; and, M/V MELODY, her engines, boilers, tackle, equipment, apparel, apputenances, etc., in rem

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _foreign_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _foreign_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A-NORTH-GOSE JORDAN / TEB

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David C. Rash, Esquire, 88 Northeast 168th Street, North Miami Beach, FL, 33162 (305)653-6666

ATTORNEYS (IF KNOWN)

**MAGISTRATE BANDSTRA**

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☒6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 USC 1331, 46 USC 688, General Maritime Laws of the United States. Failure to pay maintenance and cure, attorney's fees, Jones Act negligence, punitive damages and prejudgment interest.

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ 1.35 million
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): **IF ANY**
JUDGE _____ DOCKET NUMBER _____

DATE January 21, 2000
SIGNATURE OF ATTORNEY OF RECORD [signature]

Bar # 0977164

**FOR OFFICE USE ONLY**
RECEIPT # 58353 AMOUNT $150.00 APPLYING IFP _____ JUDGE 01-21-00 MAG JUDGE _____