UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6098-CIV-JORDAN
IN ADMIRALTY

RANULFO ESTRADA JUAREZ, )
)
          Plaintiff, )
)
vs. )
)
WESTRIA HOLDINGS, INC., and )
MEDITERRANEAN SHIPPING COMPANY, S.A., )
*in personam*; *M/V MELODY*, etc., *in rem*, )
)
          Defendants. )
_____ )

FILED by ___ D.C.
DKTG
JAN 2 4 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**ORDER APPOINTING SUBSTITUTE CUSTODIAN
AND AUTHORIZING MOVEMENT OF VESSEL**

Plaintiff's motion for the appointment of a substitute custodian for defendant vessel is GRANTED. G. Robert Toney & Associates d/b/a National Liquidators is appointed substitute custodian of defendant vessel, together with her boats, tackle, apparel, furniture, engines, and appurtenances, on behalf of the Court in place and stead of the United States Marshal until further order of the Court.

The United States Marshal for the Southern District of Florida is authorized and directed, upon his seizure of defendant vessel, together with her boats, tackle, apparel, furniture, engines, and appurtenances, and upon payment of all Marshal's costs by plaintiff, to surrender her to the substitute custodian's custody. The substitute custodian must sign a receipt for the vessel and the Marshal must attest to the date and time of release on a U.S. Marshal's Return.

Upon transfer of custody, the United States Marshal shall be discharged from his duties and responsibilities for the safekeeping of defendant vessel and shall be held harmless from any and all claims arising during the substitute custodian's custody. In consideration of the United States Marshal's consent to the substitution of custody, plaintiff and the substitute custodian shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their officers, their agents, their employees, and all others for whom they are responsible ("the



government") from any and all liability and responsibility arising from the care and custody of defendant vessel, together with her boats, tackle, apparel, furniture, engines, and appurtenances. Plaintiff and the substitute custodian shall defend the government against all claims and actions arising from the substitute custody and shall indemnify and hold harmless the government for all attorneys' fees, costs, expenses, and disbursements arising from such claims or actions.

Upon transfer of custody, the substitute custodian shall cause the vessel to be taken to and to be kept at its facility, located at 1915 S.W. 21st Avenue, Fort Lauderdale, Florida, which is within this Court's jurisdiction. The United States Marshal shall direct the marina or other facility where the vessel is now located to place her in the water or do any other act necessary for the substitute custodian to remove the vessel. All persons now exercising custody or possession of defendant vessel are ordered to obey the directions of the United States Marshal and substitute custodian or be held in contempt of this Court.

All reasonable expenditures of the United States of America, the United States Marshal, the substitute custodian, or any party advancing funds to the substitute custodian for the safekeeping and maintenance of defendant vessel while she is in *custodia legis* shall be deemed administrative expenses in this action and shall constitute a first charge on defendant vessel, to be paid prior to the release of defendant vessel or the distribution of the proceeds of its sale. Pursuant to Local Admiralty Rule E(10)(d)(3), premiums paid for liability insurance while the vessel is in *custodia legis* will be taxed as an expense of custody. All further constructive costs shall be borne by plaintiff.

Except for routine maintenance required for defendant vessel's safekeeping or emergency repairs, the substitute custodian shall not repair or change defendant vessel without an order from the Court.

Plaintiff's attorney shall serve a copy of this order on the owners of defendant vessel and on any person who files a claim against defendant vessel or appears as a party in this action.

DONE and ORDERED in chambers in Miami, Florida, this 24th day of January, 2000.

_____
Adalberto Jordan
United States District Judge

Copy to:    David C. Rash, Esq.