

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

| | | |
|---|---|---|
| RANULFO ESTRADA JUAREZ, | ) | CASE NO.: 00-6098-CIV-JORDAN |
| | ) | |
| Plaintiff, | ) | Magistrate: Bandstra |
| | ) | |
| vs. | ) | |
| | ) | **EMERGENCY MOTION FOR LEAVE** |
| WESTRIA HOLDINGS INC. and | ) | **OF COURT TO TAKE DEPOSITION** |
| MEDITERRANEAN SHIPPING | ) | **OF DEATHLY ILL PLAINTIFF** |
| CO. S.A., in personam; and, | ) | **PRIOR TO EXPIRATION OF 30 DAYS** |
| M/V MELODY, her engines, boilers, | ) | **AFTER ISSUANCE OF WARRANT** |
| tackle, equipment, apparel, | ) | **OF ARREST** |
| appurtenances, etc., in rem, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, the Plaintiff, RANULFO ESTRADA JUAREZ, ("Plaintiff"), by and through his undersigned attorneys and pursuant to Rules 29 and 30 of the Federal Rules of Civil Procedure and Rules 7.1 and 26.1 of the Local Rules of the United States District Court for the Souther District if Florida, and respectfully requests emergency leave of Court to permit the taking of the deposition of the deathly ill Plaintiff prior to the expiration of 30 days after issuance of Warrant of Arrest in this matter, for the following good reasons:

### INTRODUCTION

1. On January 21, 2000, the Plaintiff filed a Verified Seaman's Complaint and Request for Rule B Attachment and Rule C Arrest against the Defendants, WESTRIA HOLDINGS INC. and MEDITERRANEAN SHIPPING CO. S.A., ("Defendants), in

personam, and the M/V MELODY, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., in rem, asserting claims for the Defendants failure to pay maintenance and cure, Jones Act negligence, attorney's fees, prejudgment interest, and punitive damages.[1]

2. On January 24, 2000, this Court executed a Warrant of Arrest for the M/V MELODY while it reserving ruling on the Plaintiff's request for Supplemental Admiralty Rule B maritime attachment and garnishment.

3. Since the M/V MELODY will not return to this jurisdiction, i.e. Port Everglades, Florida, until February 4, 2000, said Warrant of Arrest will not be issued by the United States Marshal's Office until such date.

4. In the meantime, the Plaintiff respectfully requests emergency leave of Court to take his deposition prior to the expiration of 30 days after issuance by the United States Marshal's Office of the Warrant of Arrest of the M/V MELODY.

## SUPPORTING FACTS

5. The Plaintiff is a seaman from Puerto Barrios, Guatemala. The Plaintiff is 50 years old, married and the father of one grown daughter and one minor son.

6. On or about May 27, 1999, the Defendants hired the Plaintiff as a 2nd cook for a term of 8 months on their cruise ship, M/V MELODY.

7. The M/V MELODY's home port and base of operation is Port Everglades, Florida, from where it regularly sails with thousands of predominately United States

---

[1] In accordance with Supplemental Admiralty Rules B and C, and Local Admiralty Rules B and C, the Plaintiff contemporaneously filed the necessary pleadings, motions, affidavits and proposed orders for issuing the Process of Maritime Attachment and Garnishment and Warrant of Arrest of the M/V MELODY.

2

passengers on various cruise itineraries. It is also believed that the Defendants conduct substantial business with companies here in south Florida for supplying provisions and other items on the M/V MELODY.

8. On or about October 1, 1999, the Plaintiff fell ill with swollen feet, leg pain and vomiting while in the service of the M/V MELODY.

9. During the month of October 1999, the Plaintiff's symptoms continued and he went to the ship's doctor for treatment on several occasions. Each time, the Plaintiff's complaints were essentially ignored.

10. On October 23, 1999, and only after the Plaintiff had been physically unable to work for two days, the ship's doctor finally made a written referral for the Plaintiff to obtain medical treatment shore side. The ship's doctor diagnosed the Plaintiff with "thrombophlebitis" in the left leg or inflamation of the vein in conjunction with a blood clot.

11. Despite the ship's doctor now conceding the Plaintiff's need for shore side medical treatment, the Defendants again ignored the situation and did not send the Plaintiff ashore for medical treatment.

12. Finally, on November 30, 1999, over a month after the ship's doctor's referral and only due to the Plaintiff's extreme condition, he was hospitalized in Italy.

13. The Plaintiff remained hospitalized in Italy for approximately 2 weeks where he diagnosed with pancreas and/or liver cancer.

14. Despite this ghastly and surprising diagnosis, the Plaintiff was never specifically explained his grim condition while at the hospital in Italy.

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 •FACSIMILE (305) 654-8435

15. On about December 19, 1999, the Plaintiff was suspiciously discharged from the Italian hospital with written instructions from the Italian physicians for the Defendants to provide immediate treatment for the Plaintiff upon his return to Guatemala.

16. After his discharge, the Defendants quickly repatriated the Plaintiff to Guatemala City, Guatemala. However, the Defendants did not provide any transportation for the Plaintiff for the more than 4 hour drive to his home town of Puerto Barrios, Guatemala.

17. Moreover, the Plaintiff had still not been specifically told of his cancer disease and grim condition.

18. Since his discharge and repatriation to Guatemala City, Guatemala, on December 19, 1999, the Defendants have not provided any medical treatment or sick wages to the Plaintiff despite the Italian physicians' recommendations and the obvious need for critical treatment. All this time, the Plaintiff's family has not had any income or financial support from the Plaintiff-breadwinner of the family.

19. There is not even an oncologist in Puerto Barrios, and while there is an oncologist in Guatemala City, the Plaintiff would have to travel over 4 hours each way from his home to receive treatment.

20. Most recently, when the Plaintiff's condition became so painful, he borrowed money and went to a local general physician, Dr. Carlos Roberto Pazos Ruiz, in Puerto Barrios, who found the Plaintiff's condition grave with recommendations for specialized emergent care in the United States or Mexico where treatment has been most successful. [See Exhibit A].

21. Further, Dr. Pazos Ruiz explains that treatment is necessary to prolong the Plaintiff's life, and to improve his quality of life given the extreme abdominal pain being endured as a result of the disease and lack of treatment. [See Exhibit A].

22. The Plaintiff's condition has been unconscionably aggravated by the Defendants' failure to provide maintenance and cure, and the Defendants' refusal despite repeated demands to provide and pay the Plaintiff's maintenance and cure benefits is clearly arbitrary, capricious, willful and complete disregard to the Plaintiff's rights as a seaman.

## **LEGAL BASIS**

23. Rule 26.1 of the Local Rules of the United States District Court for the Southern District of Florida permits this Court to grant leave <u>without notice</u> to take the Plaintiff's deposition before the expiration of 30 days after service of the Warrant of Arrest of the M/V MELODY under the circumstances described in this motion.

24. The Plaintiff respectfully requests that considering the Supporting Facts, he be granted emergency leave of Court in order to immediately take his deposition on February 4, 2000, in Puerto Barrios, Guatemala, before his condition worsens to the point that he cannot coherently give a deposition and before the 30 days expires after issuance of the Warrant of Arrest.

25. The Plaintiff proposes that Julio Mosega, Official Court Reporter and Translator, and who is authorized to administer oaths in Guatemala, be designated as such in compliance with Rules 29 and 30 of the Federal Rules of Civil Procedure to travel to Guatemala at the Plaintiff's expense for purposes of taking the above requested deposition.

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

WHEREFORE, the Plaintiff, RANULFO ESTRADA JUAREZ, respectfully requests that this Court enter an Emergency Order granting leave to permit the taking of the Plaintiff's deposition prior to the expiration of 30 days after service of the Warrant of Arrest, and that Julio Mosega, Official Court Reporter and Translator be permitted to take said deposition, all in accordance with the foregoing motion.

LAW OFFICES OF DAVID C. RASH, P.A.
Attorneys for Plaintiffs
88 Northeast 168th Street
North Miami Beach, Florida 33162
Tel:  (954) 476-1515 (Broward)
Tel:  (305) 653-6666 (Dade)
Fax:  (305) 654-8435

by: _____
DAVID C. RASH, ESQUIRE
Florida Bar No: 0977764

6

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

El Infrascrito médico y cirujano colegiado activo No. 3219 ---
egresado de la Universidad de San Carlos de Guatemala, CERTIFI-
CA haber examinado al Sr. RANULFO ESTRADA JUAREZ PADECIENDO de
un CARCINOMA PANCREATICO con Metastasis pulmonar, su situación
al dia de Hoy es sumamente grave requiriendo de tratamiento --
médico especializado por oncologo a fin de evaluar quimiotera-
pia y radioterapia. Dichos tratamientos unicamente son efecti-
vos en Estados Unidos o Mexico; pues no existen en nuestra ciu-
dad ( Puerto Barrios ). Los Tratamientos podrian prologgar su
vida y algo mas importante su calidad, ya que padece de intensos
dolores abdominales.-------------------------------------------
Y para los Usos legales que al interesado puedan servir extien-
do la presente certificación en la ciudad de Puerto Barrios a
los 21 dias del mes de Enero/00.-------------------------------

Dr. Carlos Roberto Pazos Ruiz
COLEGIADO No. 3219
MEDICINA Y CIRUGIA GENERAL

Dr. Carlos Roberto Pazos Ruiz
MEDICO Y CIRUJANO.

(stamp on left margin:)
Dr. Carlos Roberto Pazos Ruiz
COLEGIADO No. 3219
MEDICINA Y CIRUGIA GENERAL

EXHIBIT A