FILED BY_____D.C.

2000 MAR 22  AM 10: 35

CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

| | |
|---|---|
| RANULFO ESTRADA JUAREZ, ) | CASE NO.: 00-6098-CIV-JORDAN |
| ) | |
| Plaintiff, ) | Magistrate: Bandstra |
| ) | |
| vs. ) | |
| ) | **PLAINTIFF'S MOTION FOR** |
| WESTRIA HOLDINGS INC. and ) | **EXTENSION OF TIME WITHIN** |
| MEDITERRANEAN SHIPPING ) | **WHICH TO CONDUCT DISCOVERY** |
| CO. S.A., in personam; and, ) | **ON THE ISSUES OF "CHOICE OF** |
| M/V MELODY, her engines, boilers, ) | **LAW" AND "FORUM NON** |
| tackle, equipment, apparel, ) | **CONVENIENS," AND TO RESPOND** |
| appurtenances, etc., in rem, ) | **TO WESTRIA'S MOTION TO DISMISS** |
| ) | |
| Defendants. ) | |
| _____) | |

COMES NOW, the Plaintiff, RANULFO ESTRADA JUAREZ, ("Juarez"), by and through his undersigned attorneys and pursuant to S.D. Fla. L.R. 7.1, respectfully requests an extension of time of 60 days, or until May 22, 2000, within which to conduct discovery on the issues of "choice of law" and "forum non conveniens," and to respond to the Defendant, WESTRIA HOLDINGS INC.'s, ("Westria"), Motion to Dismiss, for the following reasons:

    1.    On January 21, 2000, Juarez filed a Verified Seaman's Complaint and Request for Rule B Attachment and Rule C Arrest against Westria and MEDITERRANEAN SHIPPING CO. S.A., ("MSC"), in personam, and the M/V MELODY, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., in rem, asserting claims for failure to pay maintenance and cure, Jones Act negligence, attorney's fees,

prejudgment interest, and punitive damages.[1]

2.  On January 24, 2000, this Court executed a Warrant of Arrest for the M/V MELODY while it reserving ruling on Juarez's Request for Supplemental Admiralty Rule B Maritime Attachment and Garnishment.[2]

3.  Rather than effectuate the arrest, on February 7, 2000, Juarez accepted as security from Westria a Letter of Undertaking in the amount of $750,000.00.

4.  On February 15, 2000, Juarez served Subpoenas Duces Tecum for Deposition on the Captain and Ship's Doctor of the M/V MELODY setting their depositions on March 8, 2000.

5.  Pursuant to the request of Westria's counsel, Juarez agreed to reschedule the deposition of the Captain and Ship's Doctor until at least April 10, 2000, or other date when the vessel routinely sails into Port Everglades. In the meantime, Westria has produced certain documents requested in the Subpoenas Duces Tecum. To date, these two depositions have not yet been completed.

6.  On February 16, 2000, Westria filed its Claim of Owner as required by the Supplemental Rules and Local Admiralty Rules.

7.  On February 21, 2000, Juarez served a Request for Production on Westria seeking numerous documents, items and things critical to the "choice of law"

---

[1] In accordance with Supplemental Admiralty Rules B and C, and Local Admiralty Rules B and C, Juarez contemporaneously filed the necessary pleadings, motions, affidavits and proposed orders for issuing the Process of Maritime Attachment and Garnishment and Warrant of Arrest of the M/V MELODY.

[2] Juarez's Request for Rule B Maritime Attachment and Garnishment is still pending and has not yet been ruled on by this Honorable Court.

and "forum non conveniens" issues anticipated to be raised by Westria. Westria has not yet responded since their responses are not due until March 27, 2000.

8.  On March 8, 2000, Juarez served a Subpoena Duces Tecum for Deposition on Felice Campagna, Director of C.C.E.T., Inc., a company Juarez has reason to believe is an agent of his employer in Florida, and is relevant to the issues of "choice of law" and "forum non conveniens." The deposition is scheduled on March 28, 2000.

9.  As anticipated, on March 9, 2000, Westria filed a Motion to Dismiss raising the "choice of law" and "forum non conveniens" issues.[3]

10. Juarez's response to Westria's Motion to Dismiss is due on or about March 24, 2000, well before any pertinent discovery has been able to be conducted by Juarez.

11. Accordingly, Juarez respectfully requests an extension of time of 60 days, or until April 20, 2000, within which to conduct and complete discovery on the "choice of law" and "forum non conveniens" issues, and to respond to Westria's Motion to Dismiss because there is critical outstanding discovery he need to complete and additional discovery that needs to be propounded on the potentially determinative issues raised in Westria's motion. Juarez should be awarded ample time to adequately oppose Westria's motion.

---

[3] Although Westria served its Motion to Dismiss by U.S. Mail on March 9, 2000, the undersigned counsel has still not received the motion in the mail. Rather, on March 14, 2000, and after inquiring about what was thought to their "past due" response, Westria's counsel immediately telefaxed its motion to the undersigned.

3

12. The undersigned counsel has contacted Westria's counsel and he has no objection to this motion.

WHEREFORE, the Plaintiff, RANULFO ESTRADA JUAREZ, respectfully requests that this Court enter an Order in accordance with the foregoing motion.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail this 20th day of March, 2000, on: Reginald M. Hayden, Jr., Esquire, Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida, 33146.

LAW OFFICES OF DAVID C. RASH, P.A.
Attorneys for Plaintiffs
88 Northeast 168th Street
North Miami Beach, Florida 33162
Tel:  (954) 476-1515 (Broward)
Tel:  (305) 653-6666 (Dade)
Fax:  (305) 654-8435

by: _____
DAVID C. RASH, ESQUIRE
Florida Bar No: 0977764

4

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435