UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 00-6098-CIV-JORDAN/BANDSTRA

RANULFO ESTRADA JUAREZ,

        Plaintiff,

vs.

WESTRIA HOLDINGS, INC., and
MEDITERRANEAN SHIPPING CO.,
S.A., in personam; and M/V MELODY
Her engines, boilers, tackle, equipment,
apparel, appurtenances, etc., in rem

        Defendants.
_____/

**NIGHT BOX FILED**

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## CLAIMANT OWNER'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

COMES NOW, WESTRIA HOLDINGS, INC., as Claimant Owner of the *M/V Melody*, in rem, by and through undersigned counsel pursuant to the Federal Rules of Civil Procedure and files this, the Response to Plaintiff's Motion for an Extension of Time, as follows:

1.    On or about March 20, 2000, Plaintiff filed his Motion for an Extension of Time within which to conduct discovery on the issues of "choice of law" and "forum non conveniens," and respond to WESTRIA's Motion to Dismiss. While Claimant Owner does not object to the sixty (60) day extension of time requested by Plaintiff, Claimant Owner files this response in order to clarify certain points raised by Plaintiff.

2.    Although Plaintiff asserts that an action in personam has been filed against

Ranulfo Estrada Juarez vs. Westria Holdings, Inc.<br>Case No. 00-6098-CIV-JORDAN/BANDSTRA

MEDITERRANEAN SHIPPING CO. S.A. ("MSC"), MSC has not been served at this time and has not appeared before this Honorable Court.

3. Plaintiff further indicates that on or about February 15, 2000 subpoenas duces tecum for deposition of the Captain and ship's doctor were served. In addition, Plaintiff asserts that these depositions and certain documents to be produced at these depositions are critical to this Court's resolution of the choice of law and forum non conveniens issues. While Claimant Owner has arranged for the deposition of the ship's Captain, Plaintiff has been advised that the ship's doctors who were aboard the vessel at the same time as Plaintiff are no longer on board the M/V Melody. Claimant Owner has no control over these doctors and cannot produce said doctors for deposition. Claimant Owner believes that the ship's doctors Plaintiff seeks currently reside in Italy or Europe.

4. Claimant Owner respectfully suggest that the fact that the ship's doctors all reside in Europe further supports the Netherlands, pursuant to Plaintiff's contract of employment, as a more convenient forum. Although Plaintiff has requested an extension of time with which to take the deposition of the ship's doctors, Claimant Owner opposes this request. Plaintiff's illness occurred while aboard the vessel in Europe. He was transferred to shore and attended by physicians in Italy. The ship's doctors present on board the M/V Melody at that time are believed to be residents of Italy or Europe. Plaintiff's contract of employment sets forth the Netherlands as the forum for suits thereunder. All of these factors suggest that Claimant Owner's Motion to Dismiss on the

Ranulfo Estrada Juarez vs. Westria Holdings, Inc.
Case No. 00-6098-CIV-JORDAN/BANDSTRA

Grounds of Forum Non Conveniens should be granted. Claimant Owner opposes any delays related to the taking of the deposition of the ship's doctors as their observations regarding Plaintiff's medical condition at the time he was aboard the *M/V Melody* has no bearing upon the issues of choice of law or Claimant Owner's Motion to Dismiss on Grounds of Forum Non Conveniens. A delay in this regard or requiring Claimant Owner's counsel to incur the expenses of deposition of these doctors in Europe, if even possible, are a waste of the resources of this Court and permit Plaintiff to avoid the result sought in Claimant Owner's Motion to Dismiss i.e., dismissal of the action to the Netherlands, clearly a more convenient forum.

Respectfully submitted,

HAYDEN AND MILLIKEN, P.A.
5915 Ponce de Leon Blvd., #63
Miami, Florida 33146
Phone: (305) 662-1523

By: _____
Reginald M. Hayden, Jr.
Fla. Bar No. 097106

3

Ranulfo Estrada Juarez vs. Westria Holdings, Inc.
Case No. 00-6098-CIV-JORDAN/BANDSTRA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing Claim of Owner was served by mail on this 31 day of March, 2000, to counsel shown on the attached service list.

By: *[signature]*
Reginald M. Hayden, Jr.
Florida Bar No. 097106

H:\16954\Pldg\Claim-own.resp.ext.wpd