

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

| | | |
|---|---|---|
| RANULFO ESTRADA JUAREZ, | ) | CASE NO.: 00-6098-CIV-JORDAN |
| | ) | |
| Plaintiff, | ) | Magistrate: Bandstra |
| | ) | |
| vs. | ) | |
| | ) | |
| WESTRIA HOLDINGS INC. and | ) | |
| MEDITERRANEAN SHIPPING | ) | **MOTION TO COMPEL DISCOVERY** |
| CO. S.A., in personam; and, | ) | **WITH CERTIFICATE OF COUNSEL** |
| M/V MELODY, her engines, boilers, | ) | **AND INCORPORATED** |
| tackle, equipment, apparel, | ) | **MEMORANDUM OF LAW** |
| appurtenances, etc., in rem, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW, the Plaintiff, RANULFO ESTRADA JUAREZ, ("Mr. Juarez") by

and through his undersigned attorney and pursuant to Fed. R. Civ. P. 26, Fed. R. Civ.

P. 34, Fed. R. Civ. P. 37 and S.D. Fla. L.R. 26.1, and respectfully requests this

Honorable Court enter an Order compelling the Defendant, WESTRIA HOLDINGS

INC., ("Westria"), to produce documents, items and things requested by Juarez in the

Plaintiff's First Request for Production dated February 22, 2000, for the following

reasons:

### A. CERTIFICATE OF COUNSEL

1.    The undersigned certifies that a good faith effort has been made in writing

and/or verbally with counsel for Westria to resolve the pending discovery issues, but the

parties have been unable to do so.

## B. PERTINENT FACTS AND PROCEDURAL POSTURE

2.  On or about October 1, 1999, Mr. Juarez, a foreign national seaman from Guatemala, fell seriously ill while working as a crew member 2nd cook on the cruise ship, M/V Melody.  While it is undisputed that Westria is the owner of the vessel, the facts are in dispute as to who is and/or was Mr. Juarez's employer.

3.  On January 21, 2000, Mr. Juarez filed a Verified Seaman's Complaint and Request for Rule B Attachment and Rule C Arrest claiming damages with an accompanying maritime lien against the M/V Melody for the alleged failure and refusal of the Defendants, Westria and MEDITERRANEAN SHIPPING CO. S.A., to provide and pay maintenance and cure benefits after he fell seriously ill while in the service of the vessel.  Additionally, Mr. Juarez asserted a separate claim under the Jones Act for the alleged aggravation of his condition resulting from said failure and refusal to pay and provide maintenance and cure benefits.[1]

4.  On February 22, 2000, Mr. Juarez served his First Request for Production on Westria. [See Exhibit A].

5.  Although the verbatim requests and Westria's responses will be set forth below in section D, it is important to note that in anticipation of a jurisdictional and/or forum non conveniens defense being raised, Mr. Juarez's specifically set forth Requests Nos. 26 through 47 directed to such defenses.

---

[1]  As a result of Mr. Juarez's death after filing the instant lawsuit, his Surviving Spouse and Personal Representative of his Estate have sought substitution of her as the Plaintiff, as well as sought leave to amend the initial complaint.  These motions are still pending before this Honorable Court.

DAVID C. RASH. P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

6. On March 9, 2000, Westria indeed filed a Motion to Dismiss Jones Act and U.S. Maritime Law Claims, Motion to Dismiss on Grounds of Forum Non Conveniens, and Memorandum of Law in Support of Motion.

7. On April 3, 2000, Westria served its Response to Plaintiff's First Request for Production. [See Exhibit B].

## C. APPLICABLE LAW

8. Rule 26 of the Federal Rules of Civil Procedure sets forth the familiar, time-honored, liberal scope of discovery as follows:

> [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . [however] [t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

9. Further, Rule 34 of the Federal Rules of Civil Procedure clearly permits:

> [a]ny party to serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy , test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession or control of the party upon whom the request is served . . . .

Fed. R. Civ. P. 34(a).

10. Therefore, as long as the request for production of documents, items and things made pursuant to Rule 34 is within the scope of Rule 26(b), and the matters are in the possession or control of the party upon whom the request is made, then the

DAVID C. RASH, P.A.

88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

documents, items and things must be produced.

## D. <u>VERBATIM QUOTES</u>

11.     In compliance with S.D. Fla. L.R. 26.1 H 2, Mr. Juarez sets forth below

verbatim quotes of the Requests, Objections and/or Responses at issue:

### <u>Request No. 4 (A)</u>

12.     Mr. Juarez's Request No. 4 (A) seeks: "Copy of each report of Plaintiff's

department for the voyage during which Plaintiff claims he was injured." [See Exhibit A,

¶ 4 (A)].

13.     Westria's objection and response to Request No. 4 (A) was as follows:

> Objection on the grounds that the request is unclear, vague
> and ambiguous as to what particular documents the Plaintiff
> is seeking to obtain that may be relevant and material to the
> issues in dispute. Plaintiff has not alleged that he was
> injured as a result of any accident that occurred on board
> the subject vessel, or as result of any defect of the vessel.
> Rather, the Plaintiff claims that on October l, 1999 he
> became ill and was subsequently diagnosed with liver or
> pancreatic cancer. The Plaintiff alleges that on December
> 19,1999, the Plaintiff was repatriated to Guatemala. From
> the time that the Plaintiff was first employed on the vessel
> through the time that the Plaintiff was repatriated, the vessel
> sailed between ports in the Mediterranean, and the vessel
> never entered into any port of the United States during that
> time period. Any documents on board the vessel, that do not
> pertain to the Plaintiff's alleged medical condition or to his
> pay, would not be relevant or material to the issues in
> dispute, and are not reasonably calculated to lead to the
> discovery of admissible evidence. Plaintiff's request to
> require the Defendant to search for and to produce
> documents not directly related to the Plaintiff, his medical
> condition and/or pay, would also be overly broad and unduly
> burdensome. Without waiving these objections, the
> Defendant has produced a copy of the vessel's log book
> entry pertaining to the Plaintiff.

[See Exhibit B, ¶ 4 (A)].

4

14.    Mr. Juarez's Request No. 4 (A) is clear and simply requests reports made by Mr. Juarez's department — which Westria knows is the galley and/or food and beverage — during the voyage which he claims injury — which Westria knows to be during the voyage underway on October 1, 1999, when Mr. Juarez fell ill.

15.    Westria's objection and response asserts no privilege protecting the requested documents, and is evasive because Westria argues that it already produced the vessel's one log book entry regarding Mr. Juarez when Westria knows that the galley and/or food and beverage department reports are separate and distinct documents.

16.    Further, the deposition testimony of Mr. Juarez establishes that he made complaints to his supervisors concerning his condition and the department reports should reflect any such incidents.

17.    Obviously, the department reports are relevant and likely to lead to the discovery of admissible evidence, witnesses and documentary evidence to support and corroborate Mr. Juarez's allegations.

18.    Thus, this Honorable Court should over rule Westria's objection and require the requested department reports be produced immediately.

**Request No. 4 (B)**

19.    Mr. Juarez's Request No. 4 (B) seeks: "Copy of each voyage report and Captain's meeting report for the voyage during which Plaintiff claims injury as alleged in the complaint." [See Exhibit A, ¶ 4 (B)].

20.    Westria's objection and response to Request No. 4 (B) was as follows: "Objection.  See response to 4 (A) above." [See Exhibit B, ¶ 4 (B)].

5

21.    Again, Westria's objection and response asserts no privilege protecting the requested documents, and is evasive when it knows that voyage reports and Captain's meeting reports are separate and distinct from the vessel's log book.

22.    Mr. Juarez simply wants produced the voyage reports and Captain's meeting reports for the voyage during which he claimed he fell ill and which should reflect discussions concerning Mr. Juarez's situation.  These documents are certainly relevant and likely to lead to the discovery of admissible evidence.

23.    Therefore, this Honorable Court should over rule Westria's objection to Request No. 4 (B) and require the requested voyage and Captain's meeting reports be produced immediately.

**Request No. 4 (C)**

24.    Mr. Juarez's Request No. 4 (C) seeks: "Functional Job Requirement schedules for potential crew members." [See Exhibit A, ¶ 4 (C)].

25.    Westria's objection and response to Request No. 4 (C) was as follows: "Objection.  See response to 4 (A) above." [See Exhibit B, ¶ 4 (C)].

26.    Again, Westria's objection and response asserts no privilege protecting the requested documents, and is evasive since at the very least, Mr. Juarez's Functional Job Requirements schedule is certainly relevant and likely to lead to the discovery of admissible evidence.  Mr. Juarez is entitled to his own Functional Job Requirement schedule, especially when he alleges that despite repeated requests, he was denied maintenance and cure, including prompt, proper and adequate medical care, on the vessel and that he was pressured into continuing work despite his serious illness.

6

27.    Therefore, this Honorable Court should over rule Westria's objection to
Request No. 4 (C) and require the requested Functional Job Requirements schedules
be produced immediately.

**Request No. 4 (F)**

28.    Mr. Juarez's Request No. 4 (F) seeks: "Any and all safety articles
authored by Defendant's employees which was printed or distributed to Defendant's
employees." [See Exhibit A, ¶ 4 (F)].

29.    Westria's objection and response to Request No. 4 (F) was as follows:
"Objection.  See response to 4 (A) above." [See Exhibit B, ¶ 4 (F)].

30.    Westria objection and response asserts no privilege protects the
requested documents, and is evasive since it knows that if any such safety articles were
authored by it and provided to Mr. Juarez, they must produce them.  Safety articles
potentially contain information about reporting incidents such as Mr. Juarez's,
procedures for responding to situations such as Mr. Juarez alleges, as well as the
vessel's policies in responding to crew member complaints for medical treatment.  Any
and all such articles provided to Mr. Juarez, or merely authored by Westria should be
produced since they are clearly relevant and likely to lead to the discovery of admissible
evidence.

31.    Therefore, this Honorable Court should over rule Westria's objection to
Request No. 4 (F) and require the requested safety articles be produced immediately.

**Request No. 4 (G)**

32.    Mr. Juarez's Request No. 4 (G) seeks: "Any and all policy and procedures
with respect to putting crew members back to work who became sick or injured while

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

working on the vessel so as to need medical care." [See Exhibit A, ¶ 4 (G)].

33.    Westria's objection and response to Request No. 4 (G) was as follows:
"Objection.  See response to 4 (A) above." [See Exhibit B, ¶ 4 (G)].

34.    Westria objection and response asserts no privilege protects the
requested documents, and is evasive since it knows that if any such policy and
procedures are relevant and likely to lead to the discovery of admissible evidence since
the very nature of Mr. Juarez allegations are that he was refused medical treatment
despite numerous requests and he was put back to work without such treatment.

35.    Therefore, this Honorable Court should over rule Westria's objection to
Request No. 4 (G) and require the requested policy and procedures be produced
immediately.

### Request No. 6

36.    Mr. Juarez's Request No. 6 seeks: "Ship's log, (including but not limited to
the deck log, engine log, maintenance and repair log, medical log, and radio-telephone
log) rough and smooth for the voyage during which the Plaintiff's alleged injury
occurred." [See Exhibit A, ¶ 6].

37.    Westria's objection and response to Request No. 6 was as follows:
"Objection.  See response to 4 (A) above.  Defendant has produced the ship log entry
concerning the Plaintiff that is believed to be the only entry concerning the Plaintiff for
the voyage in question." [See Exhibit B, ¶ 6].

38.    Westria's "belief" is evasive and non-responsive.  Westria should be
ordered to produce all logs, rough and smooth, for the voyage in question.  Mr. Juarez
should be permitted to inspect all logs for the voyage in question in order to make his

8

own determination, not Westria's, as to what is relevant and likely to lead to the discovery of admissible evidence. The ship's log books are the official records of the vessel's activities and Mr. Juarez as a crew member who was taken off the vessel and treated in the hospital for approximately 20 days should be permitted to obtain the logs.

39.    Hence, this Honorable Court should over rule Westria's objection and response to Request No. 6, and require the all logs, rough and smooth, for the voyage in question be produced immediately.

**Request No. 9**

40.    Mr. Juarez's Request No. 9 seeks: "Accident or incident report pertaining to incident alleged in the complaint, including those prepared on the vessel at or near the time of the incident before the scene of the incident changed." [See Exhibit A, ¶ 9].

41.    Westria's objection and response to Request No. 9 was as follows: "Objection on the grounds that there is no accident or incident alleged in the Complaint." [See Exhibit B, ¶ 9].

42.    Westria's objection asserts no privilege and is certainly evasive playing on semantics. The fact is that Mr. Juarez's Complaint does allege an incident on or about October 1, 1999, he fell seriously ill and was thereafter denied medical treatment. Any accident or incident reports concerning Mr. Juarez and pertaining to the allegations in the complaint should be produced as they would be relevant and likely to lead to the discovery of admissible evidence.

43.    Hence, this Honorable Court should over rule Westria's objection and response to Request No. 9, and require the all accident or incident reports pertaining to Mr. Juarez's allegations in the Complaint be produced immediately.

9

**Request No. 9 (A)**

44.     Mr. Juarez's Request No. 9 (A) seeks: "Accident or incident reports filed with any governmental agencies including but not limited to the United States Coast Guard pursuant to 46 U.S.C. section 6101 and/or the government of the flag of the vessel." [See Exhibit A, ¶ 9 (A)].

45.     Westria's objection and response to Request No. 9 (A) was as follows: "Objection. See response to 4 (A) above. Without waiving these objections, since the vessel was not trading in the United States at the time of the alleged illness, there would be no records filed with the U.S. Coast Guard." [See Exhibit B, ¶ 9 (A)].

46.     Westria's objection asserts no privilege, and is certainly incomplete and evasive again playing on semantics. The request is obviously not limited to accident or incident reports filed with the United States Coast Guard, but clearly requests those filed with "any governmental agency" such as with the "government of the flag of the vessel." In this case, the flag of the vessel is Panama, and Westria did not respond as with regards to any reports filed with the government of Panama. Similarly, if the vessel was not trading in the United States at the time of the alleged illness, then any such reports filed with a governmental agency where the vessel was in fact trading should be produced. Westria is simply delaying discovery by evasively and incompletely responding to the specific request.

47.     Hence, this Honorable Court should over rule Westria's objection and response to Request No. 9 (A), and require the all such accident or incident reports pertaining to Mr. Juarez's allegations in the Complaint be produced immediately.

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

**Request No. 10**

48.    Mr. Juarez's Request No. 10 seeks: "Policy of insurance or protection and indemnity providing coverage for Defendant be reason of Plaintiff's claim." [See Exhibit A, ¶ 10].

49.    Westria's objection and response to Request No. 10 was as follows:

> Objection. The information sought is neither relevant nor material to the issues in dispute, and it is not reasonably calculated to lead to the discovery of admissible evidence. The information sought also contains proprietary information, trade secrets and other privileged financial information of this Defendant. Moreover, a Letter of Undertaking has previously been issued in this cause. Without waiving these objections, this Defendant will produce the pertinent information pertaining to the names of the insurers and the limits of protection and indemnity liability insurance available to this Defendant.

[See Exhibit B, ¶ 10]

50.    Although Westria's objections are merit less, Westria stated in its response that it would produce the names of the insurers and the limits of protection and indemnity liability insurance available to it.

51.    However, Westria has yet to produce the requested information or information it stated it would produce.

52.    The time for Westria's response is past due and this Honorable Court should over rule Westria's objections, and order Westria to produce the insurance or protection and indemnity information Mr. Juarez seeks in Request 10 immediately.

**Request No. 15**

53.    Mr. Juarez's Request No. 15 seeks: "The vessel or permit entry fr the purposes of inspection, measuring, surveying and photographing" [See Exhibit A, ¶ 15].

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

54.    Westria's objection and response to Request No. 15 was as follows:

> Objection. Plaintiff has not asserted in his Complaint any
> claim that he was injured as a result of any accident or
> claimed defect in the vessel. Rather, Plaintiff's claim asserts
> that while working on board the subject vessel on October 1,
> 1999, the Plaintiff became ill and was subsequently
> diagnosed with liver and/or pancreatic cancer. Therefore,
> any inspection of the vessel would not be relevant or
> material to the issues in dispute, and is not reasonably
> calculated to lead to the discovery of admissible evidence.

[See Exhibit B, ¶ 15].

55.    Westria's objection contradicts the facts that Mr. Juarez fell ill while on the vessel and working in the galley, was treated in the vessel's infirmary and was confined to his cabin. Certainly, these three areas of the vessel are relevant to this case and Mr. Juarez, his attorneys and/or experts should be able to inspect, measure, survey and/or photograph the three areas so that the locations can be properly described for the jury. The conditions of the vessel and Mr. Juarez's living quarters are certainly relevant to the claims for maintenance. The objection by Westria is merely a road block asserted in order to make Mr. Juarez waste time, money and effort seeking court intervention.

56.    Westria's objection is baseless and this Honorable Court should order that Mr. Juarez's attorneys and expert be permitted to enter the M/V Melody for inspection, surveying, measuring and photographing the ship's infirmary, Mr. Juarez's cabin and the galley immediately.

### Request No. 18

57.    Mr. Juarez's Request No. 18 seeks: "Company hiring guidelines with respect to physical conditions of potential crew members." [See Exhibit A, ¶ 18].

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

58. Westria's objection and response to Request No. 18 was as follows:

> Objection on the grounds that the information sought is not relevant nor material, nor is it calculated to lead to the discovery of admissible evidence. Without waiving these objections, the Plaintiff paid for his own physical examination in Guatemala and was hired based upon the report submitted by the Plaintiff from his doctor in Guatemala. This report is attached as Exhibit "8" to Plaintiff's deposition.

[See Exhibit B, ¶ 18].

59. Westria's objection is merit less, and the response asserts no privilege and is evasive. Westria's hiring guidelines with regards to potential crew members, such as Juarez, are relevant and certainly likely to lead to the discovery if admissible evidence. Request No. 18 does not request information concerning pre-employment examination reports, but rather seeks company hiring guidelines. Accordingly, this Honorable Court should over rule Westria's objection and should compel it to either provide the requested documents or respond completely.

## Request No. 22

60. Mr. Juarez's Request No. 22 seeks: "Charter Agreements pertaining to the vessel at the time of the incident alleged in the complaint." [See Exhibit A, ¶ 22].

61. Westria's objection and response to Request No. 22 was as follows:

> Objection. Plaintiff has not asserted in his Complaint any claim that he was injured as a result of any accident or claimed defect in the vessel. Rather, Plaintiff's claim asserts that while working on board the subject vessel on October 1, 1999, the Plaintiff became ill while the vessel was trading in the Mediterranean, and he was subsequently diagnosed with liver and/or pancreatic cancer. Therefore, the Charter Agreement, if any, pertaining to the vessel, is neither relevant nor material to Plaintiff's claims, nor is it calculated to lead to the discovery of admissible evidence.

[See Exhibit B, ¶ 22].

13

62.    Westria's objection is merit less, and the response asserts no privilege and is evasive.  Westria should not be allowed to assert a defense based on jurisdiction and forum non conveniens while at the same time denying Juarez the evidence establishing contacts with the United States and south Florida.  The Charter Agreement, or agreement between Westria and the vessel's operator at the time of the incident, is directly relevant and certainly could lead to the discovery of other admissible evidence.  Westria's objection and response is borderline sanctionable given its defense posture this case, and this Honorable Court should order it to immediately produce any and all Charter Agreements effective at the time of the alleged incident.

**Request No. 23**

63.    Juarez's Request No. 23 seeks: "Department of Transportation, United States Coast Guard "Control Verification for Foreign Vessel" form in effect for the vessel stated in the complaint for the date of the incident alleged in the complaint." [See Exhibit A, ¶ 23].

64.    Westria's objection and response to Request No. 23 was as follows:

> Objection on the grounds that the information sought is
> neither relevant nor material to the claims in dispute, nor is it
> reasonably calculated to lead to the discovery of admissible
> evidence. The vessel was trading in the Mediterranean at
> the time of the alleged illness to the Plaintiff that is alleged to
> have occurred on October 1, 1999.

[See Exhibit B, ¶ 23]

65.    Westria's objection is merit less, and the response asserts no privilege and is evasive.  Westria knows that the vessel in question, the M/V Melody, has operated for the past two years out of Port Everglades, Florida, during the winter and spring cruise season.  In order to do so, Westria has to obtain the requested

14

documents from the Department of Transportation and/or United States Coast Guard.

Not only do the documents show contacts with the United States and south Florida in

contradiction to Westria's jurisdictional and forum non conveniens defense, but also will

certainly lead to the discovery of other admissible evidence.  Therefore, this Honorable

Court should over rule Westria's objection and order the documents requested

produced immediately.

### Requests No. 26

66.    Juarez's Request No. 26 seeks: "Accounting records for Defendant for

1997 to present." [See Exhibit A, ¶ 26].[2]

67.    Westria's objection and response to Request No. 26 was as follows:

> Objection on the grounds that the request is unclear, vague
> and ambiguous as to what particular documents the Plaintiff
> is seeking to obtain that may be relevant to the issues in
> dispute. Plaintiff does not claim that he was injured from any
> accident, or defect in the vessel. Rather, the Plaintiff alleges
> that he became ill on board the vessel on or about October l'
> 1999. Plaintiff's Complaint further alleges that he was
> repatriated to Guatemala on or about December 19, 1999.
> During the entire time that the Plaintiff was first on board the
> vessel during this voyage and until his repatriation to
> Guatemala, the vessel was operating in areas about the
> Mediterranean, During that time the vessel never entered
> any port in the United States, nor did the Plaintiff receive any
> medical treatment in the United States. Therefore, the
> request is irrelevant and immaterial to the issues in dispute,
> nor is the request reasonably calculated to lead to the

---

[2]    Requests Nos. 26 through 47 are prefaced by the statement: "In the event
that the Defendant takes the position that the Court in which suit is filed lacks
jurisdiction over Defendant or the subject matter, that United States law does not apply
or that the doctrine of forum non conveniens applies, then Plaintiff requests that any
and all documents pertaining to the following be produced:"  [See Exhibit A. p. 3].
Clearly, Westria has taken the position that this Court lacks subject matter jurisdiction
and that the doctrine of forum non conveniens applies; therefore, Requests Nos. 26
through 47 are relevant and seek discoverable information to defend against Westria's
position.

DAVID C. RASH. P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

discovery of admissible evidence. The information sought
constitutes privileged and confidential trade secrets,
financial or other records of this Defendant. Furthermore,
Plaintiff's request to require the Defendant to search for and
to produce documents not directly related to the Plaintiff, his
medical condition and/or pay, would also be overly broad
and unduly burdensome.

[See Exhibit B, ¶ 26].

68.    Westria's objection and response are baseless, evasive and invalid,

especially when Westria itself raised the jurisdictional and forum non conveniens

defenses.  Juarez cannot be denied evidence and information within Westria's custody

and control that go to the very heart of their defenses.  Juarez has to establish that

Westria has substantial contacts with the United States and the documents requested,

accounting records, would certainly reveal such information, as well as lead to the

discovery of other admissible evidence such as when, with whom, and how much

business Westria does with the United States and/or Florida.  Westria has opened to

door to the discovery of all its contacts with the United States and/or Florida, and

Juarez should not be denied discovery of the information needed to proceed against

Westria's jurisdictional and forum non conveniens defenses.  Therefore, this Honorable

Court should order the requested accounting records produces immediately.

**Request No. 27**

69.    Juarez's Request No. 27 seeks: "Purchasing records and financing

records of the vessel." [See Exhibit A, ¶ 27].

70.    Westria's objection and response to Request No. 27 was as follows:

"Objection.  See response to request 26, above." [See Exhibit B, ¶ 27].

71.    For the same reasons stated as to why Westria's objection and response

to Request No. 26 was merit less, evasive and incomplete, this Honorable Court should

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

order the requested documents produced immediately so that Juarez can properly respond to Westria's jurisdictional and forum non conveniens defenses.  Purchasing records and financing records of the vessel can certainly be relevant if they show contacts with the United States or Florida in terms of when, where, how, by whom and from whom the vessel was purchased, and with whose money.

### Request No. 28

72.    Juarez's Request No. 28 seeks: "Defendant's Article of Incorporation and shareholder records."  [See Exhibit A, ¶ 28].

73.    Westria's objection and response to Request No. 28 was as follows: "Objection.  See response to request 26, above.  Moreover, the Defendant is not organized as a corporation under the laws of any State of the United States."  [See Exhibit B, ¶ 28].

74.    For the same reasons stated as to why Westria's objection and response to Request No. 26-27 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately so that Juarez can properly respond to Westria's jurisdictional and forum non conveniens defenses.  It is of no matter where Westria was incorporated, Juarez is entitled to the information without which he cannot properly investigate the incorporator's ties to the United States, if any, the shareholder's ties to the United States, if any, and any other corporate matters that may lead to the discovery of admissible evidence in response to Westria's jurisdictional and forum non conveniens defenses.

### Request No. 29

75.    Juarez's Request No. 29 seeks: "Board of Directors' minutes, pertaining to the purchase, financing, ownership and operation of the vessel for 1997 to present."

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

[See Exhibit A, ¶ 29].

76.    Westria's objection and response to Request No. 29 was as follows: "Objection.  See response to request 26, above.  Moreover, there were no Board of Director meeting held within the United States."  [See Exhibit B, ¶ 29].

77.    For the same reasons stated as to why Westria's objection and response to Request No. 26-28 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately so that Juarez can properly respond to Westria's jurisdictional and forum non conveniens defenses.  It is of no matter where Westria's Board of Director meeting were held, rather what the minutes show in terms of the purchase, financing, ownership and operation of the vessel from 1997 to present.  This information is critical to Juarez's response to Westria's Motion to Dismiss as explained over and over again in the above paragraphs.

### Request No. 30

78.    Juarez's Request No. 30 seeks: "Tariffs in effect for the vessel for one year up to and including the date of the accident."  [See Exhibit A, ¶ 30].

79.    Westria's objection and response to Request No. 29 was as follows: "Objection.  See response to request 26, above."  [See Exhibit B, ¶ 30].

80.    For the same reasons stated as to why Westria's objection and response to Request Nos. 26-29 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately so that Juarez can properly respond to Westria's jurisdictional and forum non conveniens defenses.

### Request No. 35

81.    Juarez's Request No. 35 seeks: "Agency agreements pertaining to the vessel for 1997 to present."  [See Exhibit A, ¶ 35].

DAVID C. RASH, P.A.
88 NORTHEAST 168ᵀᴴ STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

82.    Westria's objection and response to Request No. 35 was as follows: "Objection. See response to request 26, above." [See Exhibit B, ¶ 35].

83.    For the same reasons stated as to why Westria's objection and response to Request Nos. 26-30 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately so that Juarez can properly respond to Westria's jurisdictional and forum non conveniens defenses. The vessel ir required to have a ship's agent when it is in Port Everglades, Florida. The Captain of the vessel testified in deposition that the vessel's agent in Port Everglades, Florida, is Eller & Company. Juarez requests copies of this agency agreement as it is relevant to Westria's defenses raised herein and likely to lead to the discovery of other admissible evidence.

Request No. 36

84.    Juarez's Request No. 36 seeks: "Accounting records for the vessel for 1997 to present." [See Exhibit A, ¶ 36].

85.    Westria's objection and response to Request No. 36 was as follows: "Objection. See response to request 26, above." [See Exhibit B, ¶ 36].

86.    For the same reasons stated as to why Westria's objection and response to Request Nos. 26-30 and 35 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately so that Juarez can properly respond to Westria's jurisdictional and forum non conveniens defenses.

**Request No. 37**

87.    Juarez's Request No. 37 seeks: "Repair records for the vessel for 1997 to present." [See Exhibit A, ¶ 37].

DAVID C. RASH. P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

88.    Westria's objection and response to Request No. 37 was as follows: "Objection. See response to request 26, above." [See Exhibit B, ¶ 37].

89.    For the same reasons stated as to why Westria's objection and response to Request Nos. 26-30, 35-36 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately so that Juarez can properly respond to Westria's jurisdictional and forum non conveniens defenses. Repair records of the vessel will show further contacts with the United States and/or south Florida. The Captain testified in deposition that repairs are made in Port Everglades, Florida, and that spare parts and replacement parts are purchased and obtained while in Port Everglades, Florida. Records of these matters are certainly relevant and are needed to adequately respond to Westria's defenses.

Request No. 38

90.    Juarez's Request No. 38 seeks: "Documents reflecting the date for each occasion the vessel arrived in a port in the United States or its possessions for the past five (5) years." [See Exhibit A, ¶ 38].

91.    Westria's objection and response to Request No. 38 was as follows: "Objection. See response to request 26, above." [See Exhibit B, ¶ 38].

92.    For the same reasons stated as to why Westria's objection and response to Request Nos. 26-30, 35-37 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately so that Juarez can properly respond to Westria's jurisdictional and forum non conveniens defenses. Any document showing when the vessel sailed into a United States port is critically and obviously relevant, and is necessary to respond to Westria's defenses. Westria's objection to Request No. 38 is borderline sanctionable.

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

**Request No. 39**

93.     Juarez's Request No. 39 seeks: "Ship's survey and particulars." [See Exhibit A, ¶ 39].

94.     Westria's objection and response to Request No. 39 was as follows: "Objection. See response to request 26, above." [See Exhibit B, ¶ 39].

95.     For the same reasons stated as to why Westria's objection and response to Request Nos. 26-30, 35-38 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately so that Juarez can properly respond to Westria's jurisdictional and forum non conveniens defenses. The ship's particulars and survey are not only relevant to show that actual vessel and location where events took place thereon, but also because the documents show reveal the owners, operators and other information relevant to Westria's defenses. Westria's objection to Request No. 39 is similarly borderline sanctionable.

**Request No. 41**

96.     Juarez's Request No. 41 seeks: "Deed(s) for property owned by Defendant located in the United States." [See Exhibit A, ¶ 41].

97.     Westria's objection and response to Request No. 41 was as follows: "Objection. See response to request 26, above. Without waiving these objections, no such documents are believed to exist." [See Exhibit B, ¶ 41].

98.     For the same reasons stated as to why Westria's objection and response to Request Nos. 26-30, 35-39 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately or that a complete answer be provided rather than one based on "belief."

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 · TELEPHONE (305) 653-6666 · FACSIMILE (305) 654-8435

**Request No. 42**

99.    Juarez's Request No. 42 seeks: "Leases for property leased by Defendant in the United States." [See Exhibit A, ¶ 42].

100.    Westria's objection and response to Request No. 42 was as follows: "Objection. See response to request 26, above. Without waiving these objections, no such documents are believed to exist." [See Exhibit B, ¶ 42].

101.    For the same reasons stated as to why Westria's objection and response to Request Nos. 26-30, 35-39, 41 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately or that a complete answer be provided rather than one based on "belief."

**Request No. 43**

102.    Juarez's Request No. 43 seeks: "Agreements with brokers, freight forwarders or agents pertaining to cargo transported by Defendant to or from the United States for 1997 to present." [See Exhibit A, ¶ 43].

103.    Westria's objection and response to Request No. 43 was as follows: "Objection. See response to request 26, above. Without waiving these objections, no such documents are believed to exist." [See Exhibit B, ¶ 43].

104.    For the same reasons stated as to why Westria's objection and response to Request Nos. 26-30, 35-39, 41-42 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately or that a complete answer be provided rather than one based on "belief."

**Request No. 44**

105.    Juarez's Request No. 44 seeks: "Complaints from other lawsuits involving Defendant as either Plaintiff or Defendant in a Court located in the United States for the

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

last five (5) years." [See Exhibit A, ¶ 44].

106.    Westria's objection and response to Request No. 44 was as follows: "Objection. See response to request 26, above. Without waiving these objections, no such documents are believed to exist." [See Exhibit B, ¶ 44].

107.    For the same reasons stated as to why Westria's objection and response to Request Nos. 26-30, 35-39, 41-43 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately or that a complete answer be provided rather than one based on "belief." Certainly if Westria has sued as a Plaintiff or been sued as a Defendant in the United States, such would be relevant to its defenses.

### Request No. 45

108.    Juarez's Request No. 45 seeks: "Advertisements pertaining to Defendant or its vessels for 1997 to present" [See Exhibit A, ¶ 45].

109.    Westria's objection and response to Request No. 45 was as follows: "Objection. See response to request 26, above." [See Exhibit B, ¶ 45].

110.    For the same reasons stated as to why Westria's objection and response to Request Nos. 26-30, 35-39, 41-44 were merit less, evasive and incomplete, this Honorable Court should order the requested documents produced immediately. Westria's advertisements soliciting business in the United States and/or Florida is relevant and likely to lead to the discovery of admissible evidence. The materials are also critical for responding to Westria's defenses.

### Request No. 46

111.    Juarez's Request No. 46 seeks: "Bills, invoices, statements, or documents evidencing payments by Defendant to any entity in Florida for 1997 to present" [See

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

Exhibit A, ¶ 46].

112.    Westria's objection and response to Request No. 46 was as follows:

"Objection.  See response to request 26, above."  [See Exhibit B, ¶ 46].

113.    For the same reasons stated as to why Westria's objection and response

to Request Nos. 26-30, 35-39, 41-45 were merit less, evasive and incomplete, this

Honorable Court should order the requested documents produced immediately.

Westria's payments to Florida entities establishes contacts here and could be used to

defeat Westria's defenses.  The information sought is relevant and likely to lead to the

discovery of admissible evidence.

### Request No. 47

114.    Juarez's Request No. 47 seeks: "Bills, invoices, statements, or documents

evidencing payments by Defendant to any entity in the United States for 1997 to

present"  [See Exhibit A, ¶ 47].

115.    Westria's objection and response to Request No. 47 was as follows:

"Objection.  See response to request 26, above."  [See Exhibit B, ¶ 47].

116.    For the same reasons stated as to why Westria's objection and response

to Request Nos. 26-30, 35-39, 41-46 were merit less, evasive and incomplete, this

Honorable Court should order the requested documents produced immediately.

Westria's payments to United States entities establishes contacts here and could be

used to defeat Westria's defenses.  The information sought is relevant and likely to lead

to the discovery of admissible evidence.

## E.  CONCLUSION

117.    Westria has essentially objected to every Request set forth in Juarez's

First Request for Production.

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

118.   Westria's objections and responses are uniformly merit less, evasive and incomplete, especially when Westria has raised jurisdictional and forum non conveniens defenses, and especially when the documents, items and things are particularly relevant and likely to lead to the discovery of admissible evidence.

119.   Juarez cannot adequately respond to Westria's defenses without the requested documents, items and things.

120.   Therefore, this Honorable Court should grant Juarez's Motion to Compel requiring Westria to either immediately produce the documents, items and things requested, or immediately provide more complete and adequate responses.

WHEREFORE, the Plaintiff, RANULFO ESTRADA JUAREZ, respectfully requests that this Honorable Court enter and Order in accordance with the foregoing motion.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail this 8th day of May, 2000, on:  Reginald M. Hayden, Jr., Esquire, Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida, 33146.

LAW OFFICES OF DAVID C. RASH, P.A.
Attorneys for Plaintiff
88 Northeast 168th Street
North Miami Beach, Florida 33162
Tel:    (954) 476-1515 (Broward)
Tel:    (305) 653-6666 (Dade)
Fax:    (305) 654-8435

by:_____
        DAVID C. RASH, ESQUIRE
        Florida Bar No:  0977764

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

RANULFO ESTRADA JUAREZ,       )    CASE NO.: 00-6098-CIV-JORDAN
                              )
            Plaintiff,        )    Magistrate: Bandstra
                              )
vs.                           )
                              )
WESTRIA HOLDINGS INC. and     )    **PLAINTIFF'S FIRST REQUEST**
MEDITERRANEAN SHIPPING        )    **FOR PRODUCTION**
CO. S.A., in personam; and,   )
M/V MELODY, her engines, boilers, )
tackle, equipment, apparel,   )
appurtenances, etc., in rem,  )
                              )
            Defendants.       )
_____)

COMES NOW the Plaintiff, RANULFO ESTRADA JUAREZ, by and through his

undersigned attorney and pursuant to Rule 35 of the Federal Rules of Civil Procedure, and

requests that the Defendant, WESTRIA HOLDINGS INC., produce the following

documents, items and things:

1.    Plaintiff's payroll records.

2.    Plaintiff's medical records kept on board the vessel by the ship's doctor.

3.    Plaintiff's personnel file including employment application.

4.    (A)    Copy of each report for Plaintiff's department for the voyage during
             which Plaintiff claims he was injured.

      (B)    Copy of each voyage report and Captain's meeting report for the
             voyage during which Plaintiff claims injury as alleged in the complaint.

      (C)    Functional Job Requirements schedules for potential crew members.

      (D)    Outstanding ships business reports or records for one year prior to
             and including the date of the injury alleged in the complaint.



      (E)    Outstanding ships business reports or records for one year subsequent to and including the date of the injury alleged in the complaint.

      (F)    Any and all safety articles authored by Defendant's employees which was printed or distributed to Defendant's employees.

      (G)    Any and all policy and procedures with respect to putting crew members back to work who became sick or injured while working on the vessel so as to need medical care.

5.    Reports of all pre-employment physical exams given to Plaintiff.

6.    Ship's log, (including but not limited to the deck log, engine log, maintenance and repair log, medical log and radio-telephone log) rough and smooth for the voyage during which Plaintiff's alleged injury occurred.

7.    Ship's medical log entries, which reflect care, treatment and/or examination of Plaintiff.

8.    All medical reports, hospital records, x-rays, shore side medical referrals, and any other medical records pertaining to Plaintiff.

9.    Accident or incident report pertaining to incident alleged in the complaint including those prepared on the vessel at or near the time of the incident before the scene of the incident changed.

      (A)    Accident or incident reports filed with any governmental agencies including but not limited to the United States Coast Guard pursuant to 46 U.S.C. section 6101 and /or the government of the flag of the vessel.

10.    Policy of insurance or protection and indemnity providing coverage for Defendant by reason of Plaintiff's claim.

11.    Photographs, movies, videotapes reflecting the Plaintiff before or after the alleged incident.

12.    All log entries pertaining to Plaintiff, including the incident and/or Plaintiff's medical care, medical treatment and medical examinations.

13.    Copies of checks and records, along with accounting summaries, reflecting payment to Plaintiff of money by Defendant for maintenance and cure, including sick wages and earned wages with respect to the incident alleged in the complaint.

2

14.    Copies of guarantee documents, or letters guaranteeing the payment of Plaintiff's medical care and treatment with respect to the incident alleged in the complaint.

15.    The vessel or permit entry for the purpose of inspection, measuring, surveying and photographing.

16.    Statements of any form given by Plaintiff to anyone, including but not limited to preparation of notes from oral statements taken form the Plaintiff, which are incorporated into an incident or accident report.

17.    Statements given by any witness or any other person who may have knowledge of relevant facts, with respect to the incident alleged in the complaint, including those given at or near the time of the incident by Defendant's employees and while the facts of the incident were still fresh in the memory of the witness.

18.    Reports rendered by any person who will be used as an expert witness in this action.

19.    Company hiring guidelines with respect to physical conditions of potential crew members.

20.    Guidelines for ships doctors with respect to putting injured crew members back to work or not.

21.    Photographs, slides, or motion pictures, or videotapes, including any possible surveillance of Plaintiff taken at any time.

22.    Charter Agreement pertaining to the vessel at the time of the incident alleged in the complaint.

23.    Department of Transportation, United States Coast Guard "Control Verification for Foreign Vessel" form in effect for the vessel stated in the complaint for the date of the incident alleged in the complaint.

24.    The voyage files and voyage reports for the voyage during which the incident alleged in the complaint occurred.

25.    Any and all documents that support each Defendant's affirmative defenses.

In the event the Defendant takes the position that the Court in which this suit is filed lacks jurisdiction over Defendant or the subject matter, that United States law does not apply or that the doctrine of forum non convenience applies, then Plaintiff requests that any and all documents pertaining to the following be produced:

3

26.    Accounting records for Defendant for 1997 to present.

27.    Purchasing records and financing records of the vessel.

28.    Defendant's Articles of Incorporation and shareholder records.

29.    Board of Directors' minutes, pertaining to the purchase, financing, ownership and operation of the vessel for 1997 to present.

30.    Tariffs in effect for the vessel for one year up to and including the date of the accident.

31.    Federal Maritime Pollution Application & Certificate in effect at the time of the incident alleged in the complaint.

32.    Corporate resolutions, signature cards, and monthly statements pertaining to Defendant's Florida back accounts from 1997 to present.

33.    Corporate resolutions, signature cards, and monthly statements pertaining to Defendant's U.S. bank accounts for 1997 to present.

34.    Bill of Lading forms used for cargo on vessel for 1997 to present.

35.    Agency agreements pertaining to the vessel for 1997 to present.

36.    Accounting records for vessel for 1997 to present.

37.    Repair records for vessel for 1997 to present.

38.    Documents reflecting the date for each occasion the vessel arrived in a port in the United States or its possessions for past five (5) years.

39.    Ship's survey and particulars.

40.    Ship's registration.

41.    Deed(s) for property owned by Defendant located in the United States.

42.    Leases for property leased by Defendant in the United States.

43.    Agreements with brokers, freight forwarders or agents pertaining to cargo transported by Defendant to or from the United States for 1997 to present.

44.    Complaints from other lawsuits involving Defendant as either a Plaintiff or Defendant in a Court located in the United States for last five (5) years.

4

45.    Advertisements pertaining to Defendant or its vessels for 1997 to present.

46.    Bills, invoices, statements, or documents evidencing payments by Defendant to any entity in the Florida for 1997 to present.

47.    Bills, invoices, statements, or documents evidencing payments by Defendant to any entity in the United States for 1997 to present.

I HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail this 212nd day of February, 2000, on: Kenneth Gale Hawkes, Esquire, DeOrchis, Corsa & Hillenbrand, LLP, 2650 Biscayne Boulevard, Miami, Florida 33137-4531; Carey R. Wiener, Esquire, DeOrchis, Walker & Corsa, LLP, 61 Broadway, 26th Floor, New York, New York 10006; and, Reginald M. Hayden, Jr., Esquire, Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida, 33146.

LAW OFFICES OF DAVID C. RASH, P.A.
Attorneys for Plaintiff
88 Northeast 169th Street
North Miami Beach, Florida 33162
Tel: (305) 653-6666 (Dade)
Tel: (954) 476-1515 (Broward)
Fax: (305) 654-8435

by:_____
    DAVID C. RASH, ESQUIRE
    Florida Bar No: 0977764

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO. 00-6098-CIV-JORDAN/BANDSTRA

RANULFO ESTRADA JUAREZ,

                Plaintiff,

vs.

WESTRIA HOLDINGS, INC. and
MEDITERRANEAN SHIPPING
CO., S.A., in personam; and
M/V MELODY, her engines, boilers,
tackle, equipment, apparel,
appurtenances, etc., in rem,

                Defendants.
_____/

### CLAIMANT/OWNER'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

COMES NOW WESTRIA HOLDINGS, INC., as Claimant/Owner of the M/V MELODY, and responds to Plaintiff's First Request for Production as follows:

1.      Plaintiff's employment agreement was with ICS Island Cruise Services, N.V. Any payroll records pertaining to the Plaintiff, that are in the possession of Claimant Owner Defendant, will be produced.

2.      Any medical records kept on board the vessel by the ship's doctor pertaining to the Plaintiff have already been produced to Plaintiff's counsel.

3.      This Defendant does not have a personnel file or employment application pertaining to the Plaintiff, who was employed by ICS Island Cruise Services, N.V. This Defendant has already produced a copy of the Crew Agreement that was entered into between the Plaintiff and ICS Island Cruise Services, N.V.


EXHIBIT
B

4.    (A)    Objection on the grounds that the request is unclear, vague  and ambiguous as to what particular documents the Plaintiff is seeking to obtain that may be relevant and material to the issues in dispute. Plaintiff has not alleged that he was injured as a result of any accident that occurred on board the subject vessel, or as result of any defect of the vessel.  Rather, the Plaintiff claims that on October 1, 1999 he became ill and was subsequently diagnosed with liver or pancreatic cancer.  The Plaintiff alleges that on December 19,1999, the Plaintiff was repatriated to Guatemala.  From the time that the Plaintiff was first employed on the vessel through the time that the Plaintiff was repatriated, the vessel sailed between ports in the Mediterranean, and the vessel never entered into any port of the United States during that time period.  Any documents on board the vessel, that do not pertain to the Plaintiff's alleged medical condition or to his pay, would not be relevant or material to the issues in dispute, and are not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff's request to require the Defendant to search for and to produce documents not directly related to the Plaintiff, his medical condition and/or pay, would also be overly broad and unduly burdensome. Without waiving these objections, the Defendant has produced a copy of the vessel's log book entry pertaining to the Plaintiff.

(B)    Objection.  See response to 4 (A) above.

(C)    Objection.  See response to 4 (A) above.

(D)    Objection.  See response to 4(A) above.  Moreover, the information sought could constitute confidential trade secrets of this Defendant that are privileged.

(E)    Objection.  See response to 4(A) above.  Moreover, the information sought could constitute confidential trade secrets of this Defendant that are privileged; it could include privileged communications between the Defendant and its attorneys; and/or it may constitute the work product of this Defendant or its attorneys concerning the pending litigation.

(F)    Objection.  See response to 4(A) above.

(G)    Objection.  See response to 4(A) above.

5.    The only known report of pre-employment physical exam is Exhibit "8" to Plaintiff's deposition dated February 18, 2000.  This physical examination was obtained by Plaintiff and paid for by Plaintiff in Puerto Barrios, Guatemala, on or about May 21, 1999.

6.    Objection.  See Response to 4(A) above.  Defendant has produced the ship log entry concerning the Plaintiff that is believed to be the only entry concerning the Plaintiff for the voyage in question.

7.    Any medical log entries pertaining to the care, treatment and/or examination of the Plaintiff, for the voyage in question, have been produced to Plaintiff's counsel.

8.    It is believed that all medical records pertaining to the Plaintiff, that are in the possession of this Defendant, have been produced to Plaintiff's counsel.  However, there may be other medical records pertaining to the Plaintiff, copies of which have not been furnished to this Defendant and, therefore, cannot be produced.

9.    Objection on the grounds that there is no accident or incident alleged in the Complaint.

(A)    Objection.    See response to 4(A) above.  Without waiving these objections, since the vessel was not trading in the United States at the time of the alleged illness, there would be no records filed with the U.S. Coast Guard.

10.    Objection.  The information sought is neither relevant nor material to the issues in dispute, and it is not reasonably calculated to lead to the discovery of admissible evidence.  The information sought also contains proprietary information, trade secrets and other privileged financial information of this Defendant.  Moreover, a Letter of Undertaking has previously been issued in this cause.  Without waiving these objections, this Defendant will produce the pertinent information pertaining to the names of the insurers and the limits of protection and indemnity liability insurance available to this Defendant.

11.    There are no such documents presently known to this Defendant.

12.    The one log entry pertaining to Plaintiff has been produced.  The medical records on the vessel have also been produced, along with copies of medical reports in this Defendant's possession.

13.    Payroll records of the Defendant, pertaining to the Plaintiff, have been produced.  Also, Exhibit "1" to Plaintiff's deposition, taken on February 18, 2000, is a receipt by Plaintiff for 31,280 quetzales which is the equivalent of approximately US$4,000. Exhibit "2" to Plaintiff's deposition, taken on February 18, 2000, is a receipt by Plaintiff for 8,164.00 quetzales, which is the equivalent of approximately US$1,044.  Exhibit "3" to Plaintiff's deposition, taken on February 18, 2000, are copies of the checks given to the Plaintiff, as evidenced by the foregoing described Exhibits "1" and "2."

14.     This Defendant has no such documents in its possession aside from the documents already produced by this Defendant to Plaintiff's counsel.  It is believed that all of Plaintiff's medical bills previously submitted to this Defendant have been paid.

15.     Objection.  Plaintiff has not asserted in his Complaint any claim that he was injured as a result of any accident or claimed defect in the vessel.  Rather, Plaintiff's claim asserts that while working on board the subject vessel on October 1, 1999, the Plaintiff became ill and was subsequently diagnosed with liver and/or pancreatic cancer. Therefore, any inspection of the vessel would not be relevant or material to the issues in dispute, and is not reasonably calculated to lead to the discovery of admissible evidence.

16.     None are known to this Defendant to exist except for those statements given by Plaintiff in his deposition, taken on February 18, 2000, or as referenced in the exhibits identified in that deposition, and any statements that were given by the Plaintiff to any of his doctors or other medical personnel, that may be contained in any medical records produced or to be hereafter produced, in this cause.

17.     Objection on the grounds that the taking of any such statements would constitute the work product of this Defendant and/or its attorneys.  Furthermore, Plaintiff has not asserted in his Complaint any claim that he was injured as a result of any accident or claimed defect in the vessel.  Rather, Plaintiff's claim asserts that while working on board the subject vessel on October 1, 1999, the Plaintiff became ill and was subsequently diagnosed with liver and/or pancreatic cancer.   Without waiving these objections, this Defendant is not aware of any such statements other than any statements that may be

contained in any medical records produced or to be hereafter produced in this cause, or in the copy of ship's log book entry that has been produced.

18.    This Defendant has not presently determined who will be called as an expert to testify in this matter. Until that determination is made, this Defendant objects to the production of any such report. Without waiving these objections, this Defendant has not been furnished with any such reports.

19.    Objection on the grounds that the information sought is not relevant nor material, nor is it calculated to lead to the discovery of admissible evidence. Without waiving these objections, the Plaintiff paid for his own physical examination in Guatemala and was hired based upon the report submitted by the Plaintiff from his doctor in Guatemala. This report is attached as Exhibit "8" to Plaintiff's deposition

20.    No such document exists. Ship's doctors used their own professional judgment with regard to whether a person should return to work or not.

21.    Objection on the grounds that the information sought constitutes the work product of this Defendant and/or its attorneys. Without waiving these objections, this Defendant does not have any of the items requested.

22.    Objection. Plaintiff has not asserted in his Complaint any claim that he was injured as a result of any accident or claimed defect in the vessel. Rather, Plaintiff's claim asserts that while working on board the subject vessel on October 1, 1999, the Plaintiff became ill while the vessel was trading in the Mediterranean, and he was subsequently diagnosed with liver and/or pancreatic cancer. Therefore, the Charter Agreement, if any,

pertaining to the vessel, is neither relevant nor material to Plaintiff's claims, nor is it calculated to lead to the discovery of admissible evidence.

23.    Objection on the grounds that the information sought is neither relevant nor material to the claims in dispute, nor is it reasonably calculated to lead to the discovery of admissible evidence.  The vessel was trading in the Mediterranean at the time of the alleged illness to the Plaintiff that is alleged to have occurred on October 1, 1999.

24.    Objection.  See response to request 4(A) above.  Without waiving these objections, the Defendant has produced a copy of the vessel's log book entry pertaining to the Plaintiff.

25.    Objection on the grounds that there is a pending Motion to Dismiss the Complaint that has been filed on behalf of this Defendant.  Therefore, no affirmative defenses have been required to be pled by this Defendant at the present time.

26.    Objection on the grounds that the request is unclear, vague  and ambiguous as to what particular documents the Plaintiff is seeking to obtain that may be relevant to the issues in dispute. Plaintiff does not claim that he was injured from any accident, or defect in the vessel.  Rather, the Plaintiff alleges that he became ill on board the vessel on or about October 1, 1999.  Plaintiff's Complaint further alleges that he was repatriated to Guatemala on or about December 19, 1999.  During the entire time that the Plaintiff was first on board the vessel during this voyage and until his repatriation to Guatemala, the vessel was operating in areas about the Mediterranean,  During that time the vessel never entered any port in the United States, nor did the Plaintiff receive any medical treatment

in the United States.  Therefore, the request is irrelevant and immaterial to the issues in

dispute, nor is the request reasonably calculated to lead to the discovery of admissible

evidence.   The information sought constitutes privileged and confidential trade secrets,

financial or other records of this Defendant.  Furthermore, Plaintiff's request to require the

Defendant to search for and to produce documents not directly related to the Plaintiff, his

medical condition and/or pay, would also be overly broad and unduly burdensome.

     27.    Objection.  See response to request 26, above.

     28.    Objection.  See response to request 26, above.  Moreover, the Defendant is

not organized as a  corporation under the laws of any State of the United States.

     29.    Objection.  See response to request 26, above.  Moreover, there were no

Board of Directors meetings held within the United States.

     30.    Objection.  See response to request 26, above.

     31.    Objection.  See response to request 26, above. Moreover, since  the vessel

was trading in the Mediterranean from the time Plaintiff first joined the vessel on this

voyage through the time the Plaintiff was repatriated to Guatemala, any Federal Maritime

Pollution Certificate would not be applicable.

     32.    Objection.  See response to request 26, above.  Without waiving these

objections,  the Defendant did not have Florida bank accounts.

     33.    Objection.  See response to request 26, above.  Without waiving these

objections, the Defendant has no such records and no U.S. bank accounts.

     34.    Objection.  See response to request 26, above.  Without waiving these

objections, the subject vessel is a passenger vessel and this Defendant has no bill of lading forms.

35.    Objection.  See response to request 26, above.

36.    Objection.  See response to request 26, above.

37.    Objection.  See response to request 26, above.

38.    Objection.  See response to request 26, above.

39.    Objection.  See response to request 26, above.

40.    Defendant will produce a copy of the requested document.

41.    Objection.  See response to request 26, above.  Without waiving these objections, no such documents are believed to exist.

42.    Objection.  See response to request 26, above.  Without waiving these objections, no such documents are believed to exist.

43.    Objection.  See response to request 26, above.  Without waiving these objections, no such documents are believed to exist.

44.    Objection.  See response to request 26, above.  Without waiving these objections, no such documents are believed to exist.

45.    Objection.  See response to request 26, above.

46.    Objection.  See response to request 26, above.

47.    Objection.  See response to request 26, above.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was served by mail on

Juarez vs. Westria Holdings, Inc.
Case No. 00-6098-CIV-JORDAN/BANDSTRA

April 3, 2000 to David Rash, Esq., Counsel for Plaintiff, 88 N.E. 168th Street, North Miami

Beach, Florida 33162.

HAYDEN AND MILLIKEN, P.A.
5915 Ponce de Leon Blvd., #63
Miami, Florida 33146
Phone: (305) 662-1523

By: _____
Reginald M. Hayden, Jr.
Fla. Bar No. 097106

H:\6098\Pisv\Resp-RP Revised.wpd

Page 10