UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

RANULFO ESTRADA JUAREZ,

    Plaintiff,

vs.

CASE NO.: 00-6098-CIV-JORDAN
Magistrate: Bandstra

WESTRIA HOLDINGS INC. and
MEDITERRANEAN SHIPPING CO.
S.A., *in personam*; and, M/V MELODY,
her engines, boilers, tackle, equipment,
apparel, appurtenances, etc. *in rem*,

    Defendants.

## MOTION TO QUASH SUBPOENAS
## AND
## FOR PROTECTIVE ORDER

COMES NOW RUDY PADILLA, NICOLA ARENA, and PETER HARTMANN, by and through undersigned counsel, and file their Motion to Quash Subpoenas and for Protective Order, pursuant to Rules 26(c) and 45(c)(3)(A), Federal Rules of Civil Procedure, and as grounds therefor incorporate the below Memorandum of Law In Support of Motion to Quash and for Protective Order and state as follows:

**Memorandum of Law In Support of
Motion to Quash and for Protective Order**

*Facts*

1. Plaintiff originally filed his lawsuit against WESTRIA HOLDINGS, INC., MEDITERRANEAN SHIPPING COMPANY, S.A., and the M/V MELODY on or about January 21, 2000.

1

2. On or about April 24, 2000 Plaintiff moved this Court for leave to file an Amended Complaint seeking to name Mediterranean Shipping Company (USA), Inc. as a party Defendant.

3. Thereafter, however, on or about May 5, 2000 while Plaintiff's motion remained and remains pending, Plaintiff noticed the depositions *duces tecum* of Mediterranean Shipping Company (USA), Inc.'s, RUDY PADILLA, NICOLA ARENA, and PETER HARTMANN.

4. Subpoenas were issued by Plaintiff's counsel in the name of this Court for PADILLA, ARENA, and HARTMANN.

5. No proof of service has been made by Plaintiff by filing with the clerk of the court a statement of the date and manner of service and the names of the persons served, certified by the person who made the service, as required by Rule 45(b)(3), F.R.C.P.

6. Plaintiff apparently seeks to depose the *proposed* Defendant, Mediterranean Shipping Company (USA), Inc., *before* the Court rules on his motion to add it as a party defendant, by noticing its employees or representatives as non-party witnesses. This will circumvent not only the Court's ruling as to whether Plaintiff may amend his Complaint, whatever that ruling may be, but also the intent of the rules of civil procedure that distinguish between parties and non-party witnesses. Presumably, if the Court grants Plaintiff's motion to amend his Complaint, Plaintiff would then be allowed to depose Mediterranean Shipping Company (USA), Inc. *again* as a party defendant and obtain, in essence, "two bites of the apple" while depriving Mediterranean Shipping Company (USA), Inc. the ability to designate its representative or representatives under Rule 30(b)(6).

7. ARENA's and HARTMANN's depositions are noticed for June 9, 2000 in New York.

8. PADILLA's deposition is noticed for May 22, 2000, in Miami.

9. This Motion to Quash Subpoenas and for Protective Order is filed on May 19, 2000, and is therefore filed prior to the depositions *duces tecum* noticed by the Plaintiff.

*Issues*

I

WHETHER PLAINTIFF SHOULD BE ALLOWED TO DEPOSE PADILLA, ARENA, AND HARTMANN AS NON-PARTY WITNESSES WHEN IN FACT THEY ARE EMPLOYEES OR REPRESENTATIVES OF A CORPORATE ENTITY PLAINTIFF HAS REQUESTED LEAVE TO ADD AS A PARTY DEFENDANT.

II

WHETHER THE SUBPOENAS SHOULD BE QUASHED FOR INSUFFICIENT SERVICE OF PROCESS.

*Argument*

This motion is brought pursuant to Rule 45(c)(3)(A), F.R.C.P., and the applicable federal law relating to the protection of witnesses by the Court, and it is clear the Plaintiff should not be allowed to depose PADILLA, ARENA, and HARTMANN as non-party witnesses until such time as the Court has ruled on Plaintiff's Motion to Amend his Complaint to add Mediterranean Shipping Company (USA), Inc. as a party defendant by whom PADILLA, ARENA, and HARTMANN are employed. Furthermore, service of process for all three subpoenas is insufficient. Thus, PADILLA, ARENA, and HARTMANN respectfully move to quash the subpoenas and also move for a protective order pursuant to Rule 26(c), F.R.C.P., declaring they may not be served with any other subpoenas by the Plaintiff, or their depositions taken, until such time as the Court has properly ruled on Plaintiff's Motion to Amend.

While it is clear that a witness who has been properly served with a valid subpoena may not disregard a subpoena he has not challenged by a motion to quash, a witness may refuse to comply with a subpoena he has challenged until his motion to quash has been ruled upon by the

3

Court. *Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115 (D.C. Mich. 1977); *Shawmut, Inc. v. American Viscose Corp.*, 11 F.R.D. 562 (S.D.N.Y. 1951). See also, *In the Matter of Certain Complaints Under Investigation by an Investigating Committee of the Judicial Council of the Eleventh Circuit, et al.*, 783 F.2d 1488 (11th Cir. 1986), ["If a witness disregards the subpoena and fails to comply *without filing a timely motion to quash*, the witness may be found in contempt of court, with no need for any further court order." (Citations omitted, emphasis supplied.)] Thus, the instant motion should serve as notice to the Plaintiff that PADILLA, ARENA, and HARTMANN will not comply with the subpoenas until such time as the Court has ruled on this Motion to Quash and for a Protective Order. There are two issues presented for the Court's determination.

**A.　Plaintiff should not be allowed to depose PADILLA, ARENA, and HARTMANN as non-party witnesses when in fact they employees of a corporate entity Plaintiff has requested leave to add as a party defendant.** The decision to quash a pre-trial subpoena *duces tecum* "must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *United States v. Nixon*, 418 U.S. 683, 702, 41 L.Ed.2d 1039, 94 S.Ct. 3090 (1974). The primary factual issue in the instant matter is whether Mediterranean Shipping Company (USA), Inc., the corporate entity by whom PADILLA, ARENA, and HARTMANN are employed, is a party defendant in this litigation. If so, then Mediterranean Shipping Company (USA), Inc. has the right, under Rule 30(b)(6), to designate its representatives for the purpose of discovery. The rule states:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation...and describe with reasonable particularity the matters on which examination is requested. *In that event*, the organization so named shall designate one or more officers, directors, or managing agents, or other persons

4

> *who consent to testify on its behalf,* and may set forth, for each person designated, the matters on which the person will testify. [Emphasis supplied.]

Now, Mediterranean Shipping Company (USA), Inc. could very well decide to designate one or more of the movants, if they consent to testify on its behalf, and set forth the matters on which each will testify, but it is Mediterranean Shipping Company (USA), Inc.'s right under the rule to do so. Since Mediterranean Shipping Company (USA), Inc. has not been determined by this Court to be a party defendant, and Plaintiff has not subpoenaed Mediterranean Shipping Company (USA), Inc. as a non-party witness, Plaintiff's attempt to depose PADILLA, ARENA, and HARTMANN as non-party witnesses is a clear attempt to circumvent Rule 30(b)(6) while Plaintiff's Motion to Amend the Complaint is pending. Should he be successful in his circumvention, and the Court thereafter allow Mediterranean Shipping Company (USA), Inc. to be brought in as a party defendant, the possibility exists the Plaintiff will then notice Mediterranean Shipping Company (USA), Inc.'s deposition and require it to designate a corporate representative under Rule 30(b)(6). He will then have achieved a second "bite of the apple."

If, on the other hand, the Court determines Mediterranean Shipping Company (USA), Inc. should *not* be added as a party defendant (an issue not before the Court in this Motion to Quash but nevertheless the position expected to be taken by Mediterranean Shipping Company (USA), Inc.), then, and only then, should Plaintiff be allowed to institute non-party discovery procedures. In either case, however, Plaintiff is required to properly subpoena any non-party witnesses, and he has failed to do so by failing to comply with the proof of service provisions of Rule 45(b)(3). Thus, PADILLA, ARENA, and HARTMANN respectfully submit they are entitled to an Order quashing the subpoenas and declaring that they not be deposed until a determination is made as to whether Mediterranean Shipping Company (USA), Inc. shall be

named as a party defendant and, if so, when they are designated by Mediterranean Shipping Company (USA), Inc. as Rule 30(b)(6) representatives.

**B.     The subpoenas should be quashed for insufficient service of process.**   Rule 45(b)(3) *requires* that:

> Proof of service when necessary shall be made by filing with the clerk of the court by which the subpoena is issued a statement of the date and manner of service and of the names of the persons served, certified by the person who made the service.

Plaintiff has failed to provide such proof or certification of service, and therefore service of process is insufficient and the subpoenas should be quashed. Furthermore, on a motion to quash a subpoena for the attendance of witnesses and production of documents, the party serving the subpoena is required to make the same showing of "good cause" as is required by Rule 34. *Sensytrol Corp. v. Radio Corp. of America*, 18 F.R.D. 279 (D.C.N.Y. 1955). A showing of good cause is a showing that the documents requested are necessary to establish the claim or defense, or that denial of production will unduly prejudice the preparation of the requesting party's case or cause him hardship or injustice. *U.S. v. American Optical Co.*, 39 F.R.D. 580 (D.C. Cal. 1966). In the instant case, no such showing has been made. Indeed, until a determination has been made as to Mediterranean Shipping Company (USA), Inc.'s status as either a non-party witness or party defendant, no such showing can be made. If Plaintiff is allowed to bring Mediterranean Shipping Company (USA), Inc. into the action as a party defendant, then no need will exist for a subpoena, and therefore no prejudice, hardship, or injustice can possibly result from the quashing of the subpoenas. Only if Mediterranean Shipping Company (USA), Inc. fails to designate the appropriate representatives pursuant to Rule 30(b)(6) could the Plaintiff possibly claim prejudice, hardship, or injustice, if he could claim them at all, and then only after the representatives chosen by Mediterranean Shipping Company (USA), Inc. testify. Plaintiff's

6

subpoenas are simply premature, and may well not be necessary depending upon Mediterranean Shipping Company (USA), Inc.'s designation of its representatives.

Prior to filing this Motion to Quash Subpoenas and for Protective Order, counsel for PADILLA, ARENA, and HARTMANN conferred with Plaintiff's counsel in an attempt to resolve these issues in good faith, and was unable to do so.

WHEREFORE, PADILLA, ARENA, and HARTMANN respectfully request the Court quash the subpoenas issued for insufficient service and prematurity, and enter a Protective Order declaring that PADILLA, ARENA, and HARTMANN not be deposed until a determination is made as to whether Mediterranean Shipping Company (USA), Inc. shall be named as a party defendant and/or whether they are subsequently designated by Mediterranean Shipping Company (USA), Inc. as Rule 30(b)(6) representatives.

Respectfully submitted,

DE ORCHIS, CORSA & HILLENBRAND, LLP
Attorneys for PADILLA, ARENA, and HARTMANN
2650 Biscayne Boulevard
Miami, Florida 33137
Tel: (305) 571-9200  Fax: (305) 571-9250

By: /s/ Kenneth Gale Hawkes
KENNETH GALE HAWKES
FBN: 282243

**Certificate of Service**

I HEREBY CERTIFY that a copy of the foregoing was mailed by U.S. Mail and faxed to: DAVID C. RASH, ESQUIRE, Law Offices of David C. Rash, P.A., 88 NE 168th Street, North Miami Beach, Florida 33162 and REGINALD M. HAYDEN, JR. ESQUIRE, Hayden and Millikin, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida 33146 this 19th day of May, 2000.

/s/ Kenneth Gale Hawkes
KENNETH GALE HAWKES

7