

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

| | |
|---|---|
| RANULFO ESTRADA JUAREZ, | CASE NO.: 00-6098-CIV-JORDAN |
| Plaintiff, | Magistrate: Bandstra |
| vs. | **PLAINTIFF'S RESPONSE TO RUDY PADILLA'S, NICOLA ARENA'S AND PETER HARTMANN'S MOTION TO QUASH SUBPOENAS AND MOTION FOR PROTECTIVE ORDER, AND PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF RUDY PADILLA** |
| WESTRIA HOLDINGS INC. and MEDITERRANEAN SHIPPING CO. S.A., in personam; and, M/V MELODY, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., in rem, | |
| Defendants. | |

COMES NOW, the Plaintiff, RANULFO ESTRADA JUAREZ, ("Plaintiff"), by and through his undersigned attorneys and pursuant to Fed. R. Civ. P. 30, S.D. Fla. L.R. 7.1, S.D. Fla. L.R. 26.1, and S.D. Fla. L.R. 30.1, and respectfully submits his Response to Rudy Padilla's, Nicola Arena's and Peter Hartmann's Motion to Quash Subpoenas and Motion for Protective Order, and moves this Honorable Court to compel the Deposition of Rudy Padilla, as follows:

A. **Mr. Arena's and Mr. Hartmann's Motions to Quash Subpoenas and Motions for Protective Order are Moot**

1. Mr. Arena's and Mr. Hartmann's Motion to Quash Subpoenas and Motion for Protective are moot as the undersigned had already agreed with their counsel prior to the filing of their motions that the Subpoenas for Deposition where defective and invalid having not been issued out of the appropriate District in New York where the depositions were intended to take place. [See Exhibit A].

2. Therefore, this Honorable Court should deny Mr. Arena's and Mr. Hartmann's motions as moot, and focus only on Mr. Padilla's Motion to Quash Subpoenas and Motion for Protective Order.

B. **Mr. Padilla's Motion to Quash Subpoena and Motion for Protective Order Should Be Denied Since He Is Merely An Employee-Fact Witness of a Prospective Defendant With Information Relevant to Westria's Pending Motion To Dismiss**

3. The gist of Mr. Padilla's Motion to Quash Subpoena and Motion for Protective Order is that he should not be permitted to be deposed before this Honorable Court decides the Plaintiff's pending Motion for Leave to Amend because he works for Mediterranean Shipping Company (USA) Inc., one of the new Defendants the Plaintiff proposes to add in this case.

4. Mr. Padilla argues that this would subject him to "two bites at the apple" treatment because the Plaintiff could potentially re-depose him after being added as a party. Certainly, if the Plaintiff sought to depose Mr. Padilla a second time, an appropriate motion could be filed at that time to address any alleged prejudice. Mr. Padilla's "two bite" argument is purely speculative and serves no basis for delaying his deposition.

5. Mr. Padilla's analysis is further flawed because it is not substantially supported by any case law. Indeed, Mr. Padilla does not cite any factually apposite cases to support his argument. Therefore, Mr. Padilla's Motion to Quash Subpoena and Motion for Protective Order should be denied.

6. By way of background, the Captain of the M/V Melody identified in deposition on April 10, 2000, that Mr. Padilla was his contact at "MSC" at their office in

Miami.[1]

7.  On May 5, 2000, therefore, the Plaintiff noticed Mr. Padilla, a resident of Miami, for deposition on Monday, May 22, 2000, at 10:00 a.m. [See Exhibit B].

8.  On May 10, 2000, Mr. Padilla was personally served in Miami with a Subpoena for Deposition. [See Exhibit C].[2]

9.  Even though Mr. Padilla resides in Miami and was served in Miami, his New York counsel contacted the undersigned on May 17, 2000, and the undersigned agreed to reschedule Mr. Padilla's deposition as long as he would be voluntarily produced at a later date. [See Exhibit A]. Mr. Padilla's New York counsel would not agree and it was not until the last minute on Friday, May 19, 2000, at approximately 3:55 p.m., that Mr. Padilla's local Miami counsel served via telefax a Motion to Quash Subpoena and Motion for Protective Order. [See Exhibits A & D].

10. Although federal law places the burden on the movant to first get an order excusing their appearance at a deposition or suffer the consequences for failing to appear, Mr. Padilla neither appeared for his deposition on May 22, 2000, nor first obtained a court order excusing him from appearing. See Fed. R. Civ. P. 30 (b);

---

[1]  As determined by discovery thus far, "MSC" is a logo the Captain of the M/V Melody testified is used interchangeably to identify Mediterranean Shipping Company and Mediterranean Shipping Cruises. The "MSC" logo is displayed in huge letters on the smoke stacks of each "MSC" cruise ship as well as "MSC" cargo vessels. The logo is also used in advertisements for both the cargo and cruise elements of the business.

[2]  Mr. Padilla's argument that service on Mr. Padilla was insufficient is purely without merit. Mr. Padilla was personally served and the Return of Service is contemporaneously being filed into the record herein. [See Exhibit C].

3

See also Pioche Mines Consolidated Inc. v. Dolman, 333 F.2d 257 (9th Cir. 1964); Hepperle v. Johnston, 590 F.2d 609 (5th Cir. 1979).[3]

11. Further, contrary to Mr. Padilla's argument, Fed. R. Civ. P. 30 does not require the Plaintiff to first take a "corporate representative" deposition before taking depositions of the corporate employees. Indeed, Fed. R. Civ. P. 30 (a)(1) broadly states that: "A Party may take the testimony of any other person, including a party, by deposition . . . ." Id. Therefore, to claim that the Plaintiff must first take a "corporate representative" deposition is baseless and not supported by any case law.

12. In this case, the Plaintiff simply seeks to take the deposition of a fact-witness, Mr. Padilla, who happens to be employed by a potential Defendant in this matter. There is no doubt that had Mr. Padilla not been subpoenaed, he would not voluntarily appear, nor would his employer agree to produce him as evidenced by his New York counsel's unwillingness to agree to same. [See Exhibit A]. Thus, the Plaintiff subpoenaed Mr. Padilla for deposition and he failed to appear without first obtaining a court order excusing him from the deposition; nor did Mr. Padilla file a prompt motion with a substantial basis in law. Under these circumstances, this Honorable Court should deny Mr. Padilla's Motion to Quash Subpoenas and Motion for Protective Order.

13. Finally, the Plaintiff respectfully requests that this Honorable Court also enter an Order compelling Mr. Padilla appear for deposition within 15 days.

WHEREFORE, the Plaintiff, RANULFO ESTRADA JUAREZ, respectfully

---

[3] Filing his Motion to Quash Subpoenas and Motion for Protective Order on the eve of the deposition without a "substantial basis in law" could potentially be deemed abusive deposition conduct as defined by S.D. Fla. L.R. 30.1 A. 4. thereby necessitating sanctions, including but not limited to attorney's fees.

requests that this Honorable Court deny as moot Mr. Arena's and Mr. Hartmann's Motions to Quash Subpoenas and Motions for Protective Order, deny Mr. Padilla's Motion to Quash Subpoenas and Motion for Protective Order and enter Order requiring Mr. Padilla to appear for deposition in Miami within 15 days.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via United States Mail this 24th day of May, 2000, to: Reginald M. Hayden, Jr., Esquire, Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida, 33146; and, Kenneth Gale Hawkes, esquire, DeOrchis, Corsa & Hillenbrand, LLP, 2650 Biscayne Boulevard, Miami, Florida, 33137.

LAW OFFICES OF DAVID C. RASH, P.A.
Attorneys for Plaintiff
88 Northeast 168th Street
North Miami Beach, Florida 33162
Tel:   (954) 476-1515 (Broward)
Tel:   (305) 653-6666 (Dade)
Fax:  (305) 654-8435

by: _____
DAVID C. RASH, ESQUIRE
Florida Bar No: 0977764

5

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

LAW OFFICES
# David C. Rash
PROFESSIONAL ASSOCIATION
88 NORTHEAST 168TH STREET
NORTH MIAMI BEACH, FLORIDA 33162

DADE (305) 653-6666 • BROWARD (954) 476-1515
TOLL FREE (800) 225-2696

DAVID C. RASH
ALSO ADMITTED IN LOUISIANA

LUIS MARADIAGA
INVESTIGATOR

FACSIMILE (305) 654-8435
E-MAIL: rashpa@gate.net

May 17, 2000

**Via Telefax and U.S. Mail**
212-422-5299

Carey R. Wiener, Esquire
DeOrchis, Walker & Corsa, LLP
61 Broadway, 26th Floor
New York, New York 10006

    Re:   Juarez v. Westria Holdings Inc., et al.
          U.S.D.C. No. 00-6098-CIV-JORDAN

Dear Mr. Wiener:

    This is in follow-up to our telephone conversations wherein it was decided that the Subpoenas for Deposition of Mr. Arena and Hartmann are not valid because they have to be issued out of the District in which the depositions are to be taken.

    Also, with regards to Mr. Padilla here in Miami, you advised that it was improper for me to seek his deposition during the pendency of our Motion for Leave to Amend potentially adding Mr. Padilla's employer as a party. Although I would agree to hold off on the deposition as long as you agree to voluntarily produce Mr. Padilla for deposition here in Miami after the Court rules on our motion, you advised you could not agree and would be filing a motion on the matter.

    Thank you.

Sincerely,

DAVID C. RASH
Attorney at Law

DCR/mc



EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

| | |
|---|---|
| RANULFO ESTRADA JUAREZ, ) | CASE NO.: 00-6098-CIV-JORDAN |
| ) | |
| Plaintiff, ) | Magistrate: Bandstra |
| ) | |
| vs. ) | |
| ) | **NOTICE OF DEPOSITION** |
| WESTRIA HOLDINGS INC. and ) | **DUCES TECUM** |
| MEDITERRANEAN SHIPPING ) | |
| CO. S.A., in personam; and, ) | |
| M/V MELODY, her engines, boilers, ) | |
| tackle, equipment, apparel, ) | |
| appurtenances, etc., in rem, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLEASE TAKE NOTICE** the undersigned will take the deposition of the following person at the locations and on the dates and times indicated:

**NAME:**  Rudy Padilla
Mediterranean Shipping Company (USA) Inc.

**DATE:**  May 22, 2000

**TIME:**  10:00 A.M.

**PLACE:**  Law Offices of David C. Rash, P.A.
88 Northeast 168th Street
North Miami Beach, Florida 33162

upon oral examination before an officer of **Esquire Deposition Services**, notaries public, or officers authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of Court.

I HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail this 5th of May, 2000, on: Reginald M. Hayden, Jr., Esquire, Hayden and Milliken, P.A., 5915

**EXHIBIT B**

88 NORTHEAST 168TH STREET, NORTH MIAMI BEA...  NE (305) 653-6666 • FACSIMILE (305) 654-8435

Ponce de Leon Boulevard, Suite 63, Miami, Florida, 33146.

                                  LAW OFFICES OF DAVID C. RASH, P.A.
                                  Attorneys for Plaintiff
                                  88 Northeast 168th Street
                                  North Miami Beach, Florida 33162
                                  Tel: (305) 653-6666 (Dade)
                                  Tel: (954) 476-1515 (Broward)
                                  Fax: (305) 654-8435

by: _____
                                  DAVID C. RASH, ESQUIRE
                                  Florida Bar No: 0977764

cc:    Esquire Deposition Services

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### Dade District of Florida

Case Number: 00-6098-CIV-JORDAN

Plaintiff:
**RANULFO ESTRADA JUAREZ,**

vs.

Defendant:
**WESTRIA HOLDINGS INC.,ET.AL.,**

For:
David C. Rash, Esq.
LAW OFFICES OF DAVID C. RASH, P.A.
88 N.E. 168th Street
North Miami Beach FL 33162

Received by PROFESSIONAL PROCESS SERVERS OF SO. FLA. on the 5th day of May, 2000 at 2:55 pm to be served on **MEDITERRANEAN SHIPPING COMPANY (USA) INC., 8420 NW 52ND STREET, SUITE 103, MIAMI,FL 33166**.

I, NORBERTO GUERRA, being duly sworn, depose and say that on the **10th day of May, 2000 at 10:59 am, I:**

**Individually Served** the within named person with a true copy of this **Subpoena in a Civil Case** with the date and hour endorsed thereon by me, pursuant to State Statutes.

Under penalty of perjury, I declare that I have read the foregoing Verified Under penalty of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated in it are true. I am over the age of eighteen. I have no interest in the above action. I am a Certified Process Server in the Circuit in which it was served and in good standing.

Subscribed and Sworn to before me on the 12th day of May, 2000 by the affiant who is personally known to me.

NOTARY PUBLIC

**NORBERTO GUERRA**
1175

PROFESSIONAL PROCESS SERVERS OF SO. FLA.
8730 Sw 41 Street
Miami, FL 33165
85-8968

Serial Number: 2000001318

EXHIBIT C

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RANULFO ESTRADA JUAREZ,
    Plaintiff,

V.

WESTRIA HOLDINGS INC., et al.,
    Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 00-6098-CIV-JORDAN

Magistrate: Bandstra

TO: Rudy Padilla
    Mediterranean Shipping Company (USA) Inc.
    8420 Northwest 52nd Street, Suite 103
    Miami, Florida 33166

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| SERVED: Individual<br>DATE: 5/10/00  TIME: 10:59 AM<br>BY: N. Guerra #1175 | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Offices of David C. Rash, P.A.<br>88 Northeast 168th Street<br>North Miami Beach, Florida 33162 | May 22, 2000<br>10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>[signature] attorney for Plaintiff | DATE<br>May 5, 2000 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER David C. Rash, Esquire, 88 Northeast 168th Street, North Miami Beach, Florida 33162
(305) 653-6666

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

2-1318

## DeOrchis, Corsa & Hillenbrand, LLP

Hyman Hillenbrand*•
Vincent M. De Orchis†
LeRoy S. Corsa†

* Resident Partner,
• Admitted in Florida and New York
† Admitted in New York only

Michael J. McHale
Kenneth Gale Hawkes
  Of Counsel

*A Registered Limited Liability Partnership*

2650 Biscayne Boulevard
Miami, Florida 33137
Telephone:(305) 571-9200
Telefax:(305) 571-9250

AN AFFILIATE OF:

De Orchis, Walker & Corsa, LLP
61 Broadway, 26th Floor
New York, NY 10004-1480

Telephone: (212) 344-4700
Telefax: (212) 509-7886

### *TELEFAX TRANSMISSION*

No. of Pages: ___
*(Including this Page)*

**TO:** David C. Rash, Esq.   **DATE:** 5-19-00

**FAX NO:** 305-654-8435   **YOUR REF:**

**CC:**   **OUR FILE:** 1188-396
**ATTN:**
**FAX NO:**   **RE:** Juarez v. MSC

**FROM:** KENNETH GALE HAWKES, ESQ.

---

Confidentiality Notice
THIS FACSIMILE AN THE DOCUMENTS ACCOMPANYING IT MAY BE PRIVILEGED AND CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER IS NOT THE INTENDED RECIPIENT, ANY UNAUTHORIZED USE, DISCLOSURE, COPYING OR DISSEMINATION IS STRICTLY PROHIBITED. IF YOU RECEIVE THIS IN ERROR, PLEASE NOTIFY THE SENDER AT 305-571-9200 AND RETURN THIS FACSIMILE AND ANY COPIES TO THE SENDER AS SOON AS POSSIBLE. THANK YOU

EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

| | |
|---|---|
| RANULFO ESTRADA JUAREZ, | : |
| Plaintiff, | : |
| vs. | : CASE NO.: 00-6098-CIV-JORDAN |
| | : Magistrate: Bandstra |
| WESTRIA HOLDINGS INC. and | : |
| MEDITERRANEAN SHIPPING CO. | : |
| S.A., *in personam*; and, M/V MELODY, | : |
| her engines, boilers, tackle, equipment, | : |
| apparel, appurtenances, etc. *in rem*, | : |
| Defendants. | : |

**MOTION TO QUASH SUBPOENAS
AND
FOR PROTECTIVE ORDER**

COMES NOW RUDY PADILLA, NICOLA ARENA, and PETER HARTMANN, by and through undersigned counsel, and file their Motion to Quash Subpoenas and for Protective Order, pursuant to Rules 26(c) and 45(c)(3)(A), Federal Rules of Civil Procedure, and as grounds therefor incorporate the below Memorandum of Law In Support of Motion to Quash and for Protective Order and state as follows:

**Memorandum of Law In Support of
Motion to Quash and for Protective Order**

*Facts*

1. Plaintiff originally filed his lawsuit against WESTRIA HOLDINGS, INC., MEDITERRANEAN SHIPPING COMPANY, S.A., and the M/V MELODY on or about January 21, 2000.

1