UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

RANULFO ESTRADA JUAREZ,

    Plaintiff,

vs.

CASE NO.: 00-6098-CIV-JORDAN
Magistrate: Bandstra

WESTRIA HOLDINGS INC. and
MEDITERRANEAN SHIPPING CO.
S.A., *in personam*; and, M/V MELODY,
her engines, boilers, tackle, equipment,
apparel, appurtenances, etc. *in rem*,

    Defendants.

## REPLY MEMORANDUM ON MOTION TO QUASH SUBPOENAS
## AND FOR PROTECTIVE ORDER

COME NOW RUDY PADILLA, NICOLA ARENA, and PETER HARTMANN, by and through undersigned counsel, and file their Reply Memorandum on Motion to Quash Subpoenas and for Protective Order, pursuant to Rule 7.1(C), Local Rules of the United States District Court for the Southern District of Florida, and state as follows:

1. Plaintiff filed his Response to the Motion to Quash Subpoenas and for Protective Order on or about May 30, 2000, according to this Court's Docket Sheet, and even though his counsel certified that a copy of the Response was served on opposing counsel by U.S. Mail on May 24, 2000, such copy was received eight (8) days thereafter on June 1, 2000.

2. Nevertheless, the movants hereby Reply to the Response in a timely manner and within five (5) days of the date of the Certificate of Service, plus three (3) for mailing, as required under Local Rule 7.1(C).

3. Insofar as Plaintiff has now stipulated that the subpoenas for the depositions of ARENA and HARTMANN are not valid, the movants agree that portion of their Motion to Quash as it relates to ARENA and HARTMANN could be considered moot. However, simply denying the Motion to Quash as moot, as Plaintiff suggests, would leave two court-issued subpoenas still in effect, regardless of stipulation between counsel. Therefore, the proper resolution to the problem is to GRANT the two motions as they apply to ARENA and HARTMANN, and quash the subpoenas.

4. As far as the subpoena for the deposition of RUDY PADILLA is concerned, Plaintiff argues he is entitled to take the deposition of Mr. PADILLA because PADILLA is merely a fact witness "of a prospective Defendant with information relevant to Westria's pending Motion to Dismiss."

5. Plaintiff is clearly seeking to depose the *proposed* Defendant, Mediterranean Shipping Company (USA), Inc., *before* the Court rules on his motion to add it as a party defendant, in order to prepare for any jurisdictional or other Rule 12(b)(6) motions or arguments Mediterranean Shipping Company (USA), Inc. may make. A corporation has the right, under Rule 30(b), to designate its corporate representative for discovery. Plaintiff is attempting to circumvent the appropriate rules by noticing an employee and claiming he is a non-party "fact" witnesses when the information sought by Plaintiff clearly relates to present and future jurisdictional issues that will be raised by Mediterranean Shipping Company (USA), Inc., if it is added as a party defendant.

6. Thus, Plaintiff's argument borders on being in bad faith and violative of Rule 11. If nothing else, it is certainly "cute." He is *not* seeking to depose a simple "fact" witness, as he argues to this Court, but rather he seeks to depose the proposed Defendant, Mediterranean

Shipping Company (USA), Inc., *before* the Court has ruled on whether it may be added as a defendant and *before* it has been served with proper process if the Court rules it may be so added.

7. This Motion to Quash is brought pursuant to Rule 45(c)(3)(A), F.R.C.P., and the applicable federal law relating to the protection of witnesses by the Court, and it is clear the Plaintiff should not be allowed to depose anyone employed by the prospective Defendant until such time as the Court has ruled on Plaintiff's Motion to Amend his Complaint to add Mediterranean Shipping Company (USA), Inc. as a party defendant. Furthermore, service of process for all three subpoenas *was* insufficient at the time this motion was filed, because the Plaintiff had *not* complied with the notice of service requirement under Rule 45(b)(3), F.R.C.P. The fact that he has now complied in order to respond to the motion does not invalidate the original argument, it simply supplants it.

8. As was stated in the original Motion to Quash (with appropriate citations), a witness who has been properly served with a valid subpoena may not disregard a subpoena he has *not* challenged by a motion to quash, but a witness *may* refuse to comply with a subpoena he *has* challenged until his motion to quash has been ruled upon by the Court. Thus, Plaintiff's argument under Paragraph 10 in his Response is simply wrong, and his claim that Mr. PADILLA did not file a prompt motion with a substantial basis in law is specious.

9. The primary issue in the instant matter is whether Mediterranean Shipping Company (USA), Inc., the corporate entity whom Plaintiff seeks to depose by his use of legal sophistry, is a party defendant in this litigation. If so, then Mediterranean Shipping Company (USA), Inc. has the right, under Rule 30(b)(6), to designate its representatives for the purpose of discovery.

10. Since Mediterranean Shipping Company (USA), Inc. has *not* been determined by this Court to be a party defendant, and Plaintiff has *not* subpoenaed Mediterranean Shipping Company (USA), Inc. as a non-party witness, Plaintiff's attempt to depose PADILLA is a clear attempt to circumvent the Rules while Plaintiff's Motion to Amend the Complaint is pending.

11. If the Court determines Mediterranean Shipping Company (USA), Inc. should *not* be added as a party defendant (an issue not before the Court in this Motion to Quash but nevertheless the position taken by WESTRIA HOLDINGS, INC. in its Memorandum of Law in Opposition to Plaintiff's Motion to Amend), then, and only then, should Plaintiff be allowed to institute non-party discovery procedures against Mediterranean Shipping Company (USA). If that occurs, Mr. PADILLA is informed that Mediterranean Shipping Company (USA) will cooperate in making him available for deposition.

WHEREFORE, PADILLA, ARENA, and HARTMANN respectfully request the Court quash the three (3) subpoenas issued and enter a Protective Order declaring that PADILLA, ARENA and HARTMANN not be deposed until a determination is made as to whether Mediterranean Shipping Company (USA), Inc. shall be named as a party defendant.

Respectfully submitted,

DE ORCHIS, CORSA & HILLENBRAND, LLP
Attorneys for PADILLA, ARENA, and HARTMANN
2650 Biscayne Boulevard
Miami, Florida 33137
Tel: (305) 571-9200  Fax: (305) 571-9250

By: /s/ Kenneth Gale Hawkes
KENNETH GALE HAWKES
FBN: 282243

## Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing was mailed by U.S. Mail and faxed to: DAVID C. RASH, ESQUIRE, Law Offices of David C. Rash, P.A., 88 NE 168th Street, North Miami Beach, Florida 33162 and REGINALD M. HAYDEN, JR. ESQUIRE, Hayden and Millikin, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida 33146 this 1st day of June, 2000.

KENNETH GALE HAWKES