FILED BY JG

00 JUL 18 AM 10: 57

CLARENCE MADDOX
CLERK, DIST. CT.
S.D. OF FL - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

| | |
|---|---|
| RANULFO ESTRADA JUAREZ, ) | CASE NO.: 00-6098-CIV-JORDAN |
| Plaintiff, ) | Magistrate: Bandstra |
| vs. ) | |
| WESTRIA HOLDINGS INC. and ) MEDITERRANEAN SHIPPING ) CO. S.A., in personam; and, ) M/V MELODY, her engines, boilers, ) tackle, equipment, apparel, ) appurtenances, etc., in rem, ) | **PLAINTIFF'S REPLY TO WESTRIA'S RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY** |
| Defendants. ) | |

COMES NOW, the Plaintiff, RANULFO ESTRADA JUAREZ, ("Plaintiff"), by and through his undersigned attorney and pursuant to S.D. Fla. L.R. 7.1, and respectfully submits his Reply to the Defendant, WESTRIA HOLDINGS INC.'s, ("Westria"), Response to the Plaintiff's Second Motion to Compel Discovery, as follows:

1. The Plaintiff sued Westria for failure to pay maintenance and cure, and for Jones Act negligence due to the aggravation of the Plaintiff's condition resulting form the failure to pay maintenance and cure.

2. Westria has defended thus far only by asserting that this Honorable Court lacks jurisdiction — choice of law analysis — over the case, and that jurisdiction should also be declined on the grounds of forum non conveniens. Westria basically claims that neither it or its vessel have any contacts or connection with the United States.

3. On the other hand, the law is well-established that Westria's "base of operations" is the critical inquiry in deciding the issues raised by Westria especially when the evidence in this case points toward Westria merely being a paper corporation and Panama merely being the vessel's "flag of convenience." See Hellenic Lines, Ltd. V. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970).

4. While acknowledging the applicable "base of operations" inquiry, Westria's Response to the Plaintiff's Second Motion to Compel Discovery fails to recognize the Plaintiff's right to discover information from Westria that is reasonably calculated to lead to the discovery of admissible evidence relevant to determining Westria's true "base of operations."

5. The Plaintiff's Second Request for Production No. 1 seeks specific documents, items and things required by the United States Federal Maritime Commission for passenger vessel's operating in the United States.

6. Westria's response is evasive and incomplete. If Westria does not have any such documents, then it should respond by stating "None." If it has the requested documents, items and things, then it is obligated to produce them rather than stating "Attached are the documents being produced in response to Paragraph 1 of the Plaintiff's Second Request for Production." Westria's evasive response seems to indicate there are other documents, items and things that they simply are not going to produce.

7. In essence, because Westria has sought to defend on the basis of jurisdiction and <u>forum non conveniens</u>, the Plaintiff should be entitled to discovery the documents, items and things filed with the United States Maritime Commission concerning the M/V Melody as such information would certainly be relevant and be

reasonably calculated to lead to the discovery of admissible evidence.

8. The fact that the information may be available through the Freedom of Information Act does not provide Westria with a legitimate basis for refusing to produce documents, items and things in their possession, control and custody.

9. Similarly, the Plaintiff's Second Request for Production No. 2 seeks escrow account information that may be required by the United States Maritime Commission.

10. The Plaintiff does not seek financial information per se, but simply seeks to discovery each and every instance wherein Westria and/or the M/V Melody has a connection or contact with the United States. The "passenger" versus "crew member" argument is a red herring because the issue is whether an escrow account held in the United States by Westria and/or on behalf of the M/V Melody is relevant to the defenses raised by Westria. If Westria and/or the M/V Melody was required by the United States Maritime Commission to maintain an escrow account in the United States, then the Plaintiff should be able to discovery the information and this Honorable Court should be able to consider such information in determining the true "base of operations" of Westria or the critical inquiry in deciding Westria's defenses.

11. Westria's objection is baseless for these reasons and they should be required to respond completely and clearly either by stating "None" or by producing the requested documents, items and things.

12. Next, although Westria has produced the names of certain individuals, physicians and nurses who prepared medical summaries and signed the medical log in response to the Plaintiff's Interrogatories Nos. 1 through 3, the remaining information, i.e. addresses and telephone numbers, is outstanding and necessary for the Plaintiff to

locate and possible depose such persons.

13. Finally, Westria objection to providing names and addresses of crew members who signed-on and who signed-off in Port Everglades, Florida, is simply without merit.

14. Certainly, in determining the M/V Melody's, as well as Westria's and other potential defendants' connection to the United States, the number of crew members who actually joined the vessel in Port Everglades, Florida, and who were actually discharged in Port Everglades, Florida, is damning evidence contrary to Westria's defenses, as well as information necessary to show the significant contacts and relationship to the United States.

15. Westria's argument that it would be time consuming and burdensome is weak and not supported by any evidence other than counsel's allegations. Simply because discovery may be time consuming and burdensome is not a basis for refusing to answer the Interrogatories. Again, if Westria does not have the information, then it should state "None." If it has the information, the it should respond completely and adequately.

16  In sum, Westria seeks to limit the Plaintiff's discovery on the issues raised by Westria itself. This would permit Westria to control and limit the Plaintiff's ability to defend against Westria's Motion to Dismiss.

17. Therefore, Westria's objections to the Plaintiff's Second Request for Production and Interrogatories should be denied and the documents, items and things requested be immediately produced, and the information requested by answered.

WHEREFORE, the Plaintiff, RANULFO ESTRADA JUAREZ, respectfully

requests that this Honorable Court enter an Order in accordance with the foregoing.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail this 15th day of July, 2000, on:  Richard R. McCormack, Esquire, Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida, 33146.

LAW OFFICES OF DAVID C. RASH, P.A.
Attorneys for Plaintiff
88 Northeast 168th Street
North Miami Beach, Florida 33162
Tel:   (954) 476-1515 (Broward)
Tel:   (305) 653-6666 (Dade)
Fax:   (305) 654-8435

by:_____
DAVID C. RASH, ESQUIRE
Florida Bar No:  0977764