UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6098-CIV-JORDAN

RANULFO ESTRADA JUAREZ,

    Plaintiff,

vs.

WESTRIA HOLDINGS INC. and
MEDITERRANEAN SHIPPING
CO. S.A., in personam; and,
M/V MELODY, her engines, boilers,
tackle, equipment, apparel,
appurtenances, etc., in rem,

    Defendants.
_____/



## ORDER

THIS CAUSE came before the Court on the following pretrial discovery motions filed by the parties to the above-captioned case. Upon review of these motions, all responses and replies thereto, the court file and applicable law, it is hereby

ORDERED AND ADJUDGED as follows:

1. Mariquita Estrada Juarez's Motion for Substitution of Parties (D.E. 25) filed on March 29, 2000 is DENIED as MOOT in light of the filing of the amended motion for substitution on April 24, 2000.

2. Mariquita Gudiel De Juarez's Amended Motion for Substitution of Parties and Motion for Leave to File Amended Verified Seamans Complaint for Wrongful Death with Request for Rule C Arrest (D.E. 32) filed on April 24, 2000 is GRANTED pursuant to



Fed.R.Civ.P. 15(a) and 46 U.S.C. §§ 688 & 761. Accordingly, Ms. Juarez, as surviving spouse and personal representative of the Estate of the Decedent, Mr. Juarez, is substituted as the proper party plaintiff in this action and the amended complaint is deemed filed as of the date of this Order.

3. Claimant/Owner Westria Holdings, Inc.'s Motion for Enlargement of Time (D.E. 33) filed on May 4, 2000 is GRANTED, nunc pro tunc.

4. Plaintiff's Motion to Compel Discovery (D.E. 34) filed on May 8, 2000 is GRANTED IN PART and DENIED IN PART as follows:

a. GRANTED with respect to Request Nos. 4(A)-4(G), 6, 9, 9(A), 18, 22 & 23, the Court overruling defendant's objections thereto to the extent these requests have been limited and clarified by plaintiff in this motion

b. DENIED AS MOOT with respect to Request Nos. 10, defendant having agreed to produce the requested documents.

c. DENIED without prejudice with respect to Request No. 15., the Court finding an inspection of the vessel at this time is not warranted by the allegations of the complaint.

d. DENIED with respect to Request Nos. 26, 27 & 36, the Court finding the request to be overly broad.

e. GRANTED IN PART with respect to Request No. 28. Accordingly defendant shall produce its Articles of Incorporation within ten (10) days of the date of this Order. In all other respects, this request is DENIED, the Court finding it to be overly broad in that no time parameters have been established.

f. GRANTED with respect to Request Nos. 29, 30, 35, 37, 38, 39, 41, 42, 43, 44-47,

the Court finding these requests relevant to the defenses asserted in this action. Accordingly, defendant shall produce all documents responsive to these requests within ten (10) days of the date of this Order.

5. Plaintiff's Motion for Hearing (D.E. 35) filed on May 8, 2000 is DENIED, the matter having been resolved on the pleadings as indicated by the above ruling.

6. Rudy Padilla's, Nicola Arena's and Peter Hartmann's Motion to Quash Subpoenas and for Protective Order (D.E. 38) filed on May 19, 2000 is DENIED AS MOOT in light of the passage of the scheduled date of the depositions, this Court's ruling on the motion for leave to amend in paragraph no. 2 and the parties agreements with respect to the subpoensas for deposition of Mr. Arena's and Mr. Hartmann.

7. Claimant/Owner Westria Holdings, Inc.'s Motion for Enlargement of time (D.E. 39) filed on May 22, 2000 is GRANTED, nunc pro tunc.

8. Plaintiff's Motion to Compel Deposition of Rudy Padilla (D.E. 42) filed on May 26, 2000 is GRANTED to the extent that the deposition of Rudy Padilla shall be rescheduled within thirty (30) days of the date of this Order or as otherwise agreed to by the parties.

9. Plaintiff's Second Motion to Compel Discovery (D.E. 47) filed on June 6, 2000 is GRANTED, the Court overruling all objections thereto. Accordingly, defendant Westria, within ten (10) days of the date of this Order, shall produce to plaintiff all documents responsive to Request for Production Nos. 1 & 2 of Plaintiff's Second Request for Production or state, under oath, that it has no such documents in its possession. In addition, Westria shall provide plaintiff with full and complete responses to Interrogatories

3

Nos. 1-5 within ten (10) days of the date of this Order or advise that it has no further information.

10. Plaintiff's Motion for Enlargement of Time (D.E. 48) filed on June 9, 2000 is GRANTED, nunc pro tunc.

11. Claimant/Owner Westria Holdings, Inc.'s Motion for Enlargement of Time (D.E. 51) filed on June 23, 2000 is GRANTED, nunc pro tunc.

DONE AND ORDERED in Chambers at Miami, Florida this 8th day of August, 2000.

                                                                    _____
                                                                    Ted E. Bandstra
                                                                    United States Magistrate Judge

Copies furnished to:
Honorable Adalberto Jordan
David C. Rash, Esq.
Richard R. Mccormack, Esq.