UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. 00-6098-CIV-JORDAN

Magistrate: Ted E. Bandstra

RANULFO ESTRADA JUAREZ,

Plaintiff,

vs.

WESTRIA HOLDINGS, INC., and in personam; and M/V MELODY, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., in rem,

Defendants.
_______________________________/

NIGHT BOX
FILED
AUG 18 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

**MOTION FOR ENLARGEMENT OF TIME, TOGETHER WITH MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW WESTRIA HOLDINGS, INC., as Claimant/Owner of the M/V MELODY, in rem, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b), and hereby requests an enlargement of time, to and including September 16, 2000, in which to comply with the Order entered by Magistrate Judge Ted Bandstra on August 8, 2000, and received by the undersigned counsel on August 14, 2000, to which no objections are filed with the District Judge. As grounds therefore, this Defendant states as follows:

1. On August 8, 2000, Magistrate Judge Ted Bandstra entered an Order on Plaintiff's Motions to Compel, requiring Defendants to produce numerous documents within

ten days of that Order.

2. This undersigned first learned of the entry of this Order on August 14, 2000. Thereafter, the undersigned counsel obtained a copy of this Order on August 14, 2000 from the firm of DeOrchis, Corsa & Hillenbrand, LLP, who previously filed an appearance in this matter on behalf of "Rudy Padilla, Nicola Arena, and Peter Hartmann."

3. The Magistrate Judge's Order requires WESTRIA HOLDINGS, INC. to produce the following documents to the extent that they exist:

> "4 (A) Copy of each report of Plaintiff's department for the voyage during which Plaintiff claims he was injured [being the voyage that commenced on October 1, 1999].
>
> "4(B) Copy of each voyage report and Captain's meeting report for the voyage during which Plaintiff claims injury as alleged in the complaint [being the voyage underway on October 1, 1999].
>
> "4(C) Functional Job Requirements schedules for [Mr. Juarez].
>
> "4(F) Any and all safety articles authored by Defendant's employees which was printed or distributed to Defendant's employees" [that pertain to "reporting incidents such as Mr. Juarez's, procedures for responding to situations such as Mr. Juarez alleges, as well as the vessel's policies in responding to crew member complaints for medical treatment"].
>
> "4(G) Any and all policy and procedures with respect to putting crew members back to work who became sick or injured while working on the vessel so as to need medical care.
>
> "6 Ship's log (including but not limited to the deck log, engine log, maintenance and repair log, medical log, and radio-telephone log) rough and smooth for the voyage during which the Plaintiff alleged injury occurred [being the voyage underway on October 1, 1999].
>
> "9 Accident or incident report pertaining to incident alleged in the complaint, including those prepared on the vessel at or near the time

of the incident before the scene of the incident changed [the referenced incident being October 1, 1999, when Mr. Juarez claims he fell ill and was thereafter denied medical treatment].

"9(A) "Accident or incident reports [pertaining to Mr. Juarez] filed with any governmental agencies including but not limited to the United States Coast Guard pursuant to 46 U.S.C. section 6101 and/or the government of the flag of the vessel.

"10 Policy of insurance or protection and indemnity providing coverage for Defendant by reason of Plaintiff's claim.

"18 Company hiring guidelines with respect to physical conditions of potential crew members.

"22 Charter Agreements pertaining to the vessel at the time of the incident alleged in the complaint.

"23 Department of Transportation, United States Coast Guard 'Control Verification for Foreign Vessel' form in effect for the [M/V "MELODY"] for the date of the incident alleged in the Complaint [October 1, 1999].

"28 [WESTRIA HOLDINGS INC.] Articles of Incorporation.

"29 Board of Directors' minutes, pertaining to the purchase, financing, ownership and operation of the [M/V MELODY] for 1997 to present.

"30 Tariffs in effect for the [M/V MELODY] for one year up to and including the date of the accident [October 1, 1999].

"35 Agency agreements pertaining to the [M/V MELODY] for 1997 to present.

"37 Repair records for the vessel for 1997 to present.

"38 Documents reflecting the date for each occasion the vessel arrived in a port in the United States or its possessions for the past five (5) years.

"39 Ship's survey and particulars.

"41 Deed(s) for property owned by [WESTRIA HOLDINGS INC.] located

in the United States.

"42 Lease for property leased by [WESTRIA HOLDINGS INC.] in the United States.

"43 Agreements with brokers, freight forwarders or agents pertaining to cargo transported by [WESTRIA HOLDINGS INC.] to or from the United States for 1997 to present.

"44 Complaints from other lawsuits involving [WESTRIA HOLDINGS INC.] as either Plaintiff or Defendants in a Court located in the United States for the last five (5) years.

"45 Advertisements pertaining to [WESTRIA HOLDINGS, INC.] or its vessels for 1997 to present.

"46 Bills, invoices, statements or documents evidencing payments by [WESTRIA HOLDINGS, INC.] to any entity in Florida for 1997 to present.

"47 Bills, invoices, statements, or documents evidencing payments by [WESTRIA HOLDINGS, INC.] to any entity in the United States for 1997 to present.

4. The Magistrate has also ruled that WESTRIA HOLDINGS INC. shall produce all of the following documents "or state, under oath, that it has no such documents in its possession":

"1. All documents filed with the United States Federal Maritime Commission regarding the M/V MELODY and/or its owners, including but not limited to the following:

a) Applications for Certificate of Financial Responsibility (Form FMC-131);

b) Certificates of Financial Responsibility;

c) Passenger Vessel Surety Bonds (Forms FMC 132A or 132 B);

d) Guaranties in Respect of Liability for Nonperformance (Forms FMC-133A or 133B);

e) Circular Letter No. 1-97 (Requirement for Taxpayer Identifying Numbers); and,

f) Taxpayer Identifying Number Forms";

"2. Copies of all bank statements for the past three years for any and all escrow accounts held as required by the 46 CFR Part 540 and/or the United States Federal Maritime Commission."

5. The Magistrate Judge is further requiring WESTRIA HOLDINGS, INC. to provide "full and complete responses" to the following Interrogatories:

"1 Please identify by name, home address, and home telephone, as well as state whether or not the individual still on board the M/V Melody, the person who prepared the document titled "Rezione Clinica di Bordo" and attached as Exhibit 'A.'

"2 Please identify by name, home address, and home telephone, as well as stating whether or not the individual is still on board the M/V Melody, the person who signed and/or initialed as "Surg. Sign" in the medical log produced by Westria and attached as Exhibit "B" hereto for entries numbered 130, 311, 319 and 322 concerning Ranulfo Estrada Juarez.

"3 Please identify by name, home address, and home telephone number of any and all physicians and nurses on board the M/V MELODY from May 1, 1999, to January 1, 2000.

"4 Please identify by name, home address, and home telephone number all crew members who joined and/or signed-on the M/V MELODY in Port Everglades, Florida in 1999 and 2000.

6, To the extent that the documents or other information ordered to be provided exist and are in the possession of WESTRIA HOLDINGS, INC., such documents and information would be either on board the vessel M/V MELODY or located in either Panama

or Geneva, Switzerland. Furthermore, any statement to be made by WESTRIA HOLDINGS, INC. under oath would be required to be executed by a representative of that company who resides in either Panama or Geneva, Switzerland.

7. The M/V MELODY is presently operating cruises in the Mediterranean out of the Port of Genoa in Italy. It is anticipated that the M/V MELODY will not be returning to a Port in the United States until approximately January, 2001.

8. WESTRIA HOLDINGS, INC. is a registered Panamanian corporation which does not maintain any offices in the United States; it has no bank accounts in the United States; its owns no property in the United States; it has no agents in the United States; it pays no taxes in the United States; it does not have any United States citizens working for it; it does not hire any crew members in the United States; and the M/V "MELODY" is operated from primary offices in Geneva. (See Affidavit of Antonio Gonzalez Perez, President of WESTRIA HOLDINGS, INC., filed in this cause on May 23, 2000).

9. That the undersigned counsel will be unable to obtain the requested documentation prior to the August 18, 2000 date specified in the Magistrate Judge's Order.

10. A number of documents have already been produced to Plaintiff's counsel on behalf of WESTRIA HOLDINGS, INC..

11. It is the intention of this Defendant to timely file written objections with the District Judge pertaining to certain rulings of the Magistrate Judge, pursuant to the provisions of 28 U.S.C. §636 (b)(1)(A) and Rule 4 of the Magistrate Judge Rules. WESTRIA HOLDINGS, INC. respectfully contends that it should not be required to produce

those documents objected to until such time as the District Judge has considered those particular objections.

12. In view of the foregoing, it is reasonably anticipated that the documentation and other information ordered to be produced, if it exists and is in the custody of WESTRIA HOLDINGS, INC., and to which no objections have been filed with the District Judge, can be obtained by WESTRIA HOLDINGS, INC. and produced within thirty (30) days from today. If the documents ordered to be produced do not exist, or are not in the custody of the M/V MELODY or WESTRIA HOLDINGS, INC., then an appropriate statement will be made to that effect.

13. That the parties will not be prejudiced by this extension of time. Furthermore, this motion is made in good faith and not for purposes of delay.

14. WESTRIA HOLDINGS, INC. will attempt to resolve any disputes pertaining to discovery with counsel for the Plaintiff to minimize those objections to be filed with the District Judge.

15. The undersigned counsel has consulted with Plaintiff's counsel, David Rash, and he has no objection to the granting of this Motion for Enlargement of Time.

Case No.: 00-6098-JORDAN/BANDSTRA

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true copy of the foregoing was served by mail and fax number (305) 654-8435 to David C. Rash, Esq., Attorney for Plaintiff, 88 N.E. 168th Street, North Miami Beach, Florida 33162, this 17th day of August, 2000.

HAYDEN AND MILLIKEN, P.A.
Attorneys for Defendant
5915 Ponce de Leon Blvd., #63
Miami, Florida 33146
Phone: (305) 662-1523

By: ______________________
Richard R. McCormack, Esq.
Fla. Bar No. 168850