UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. 00-6098-CIV-JORDAN

Magistrate: Ted E. Bandstra

RANULFO ESTRADA JUAREZ,

Plaintiff,

vs.

WESTRIA HOLDINGS, INC., and
in personam; and M/V MELODY,
her engines, boilers, tackle,
equipment, apparel, appurtenances,
etc., in rem,

NIGHT BOX
FILED

AUG 1 8 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

Defendants.
_____/

### OBJECTIONS TO MAGISTRATE'S ORDER OF ~~APRIL~~ August 8, 2000, TOGETHER WITH MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW WESTRIA HOLDINGS, INC., as Claimant/Owner of the M/V MELODY, in rem, by and through its undersigned counsel, pursuant to the provisions of pursuant to the provisions of 28 U.S.C. §636 (b)(1)(A) and Rule 4 of the Magistrate Judge Rules, hereby respectfully serves its objections to the Order entered by Magistrate Judge Ted Banstra on August 8, 2000, which Order was received by the undersigned counsel on August 14, 2000. As grounds therefor, WESTRIA HOLDINGS, INC. would show unto this Court as follows:

**PREFACE**

The Plaintiff, RANULFO ESTRADA JUAREZ, was a Guatemalan national who died

Case No.: 00-6098-JORDAN/BANDSTRA

of terminal pancreatic cancer and liver cancer at or near his home in Guatemala on March 22, 2000. There is nothing in the proposed Amended Complaint to even remotely suggest that any accident, negligence or other fault of Plaintiff's employer, or of the vessel or its crew, *caused* Plaintiff's terminal pancreatic cancer or live cancer.

Plaintiff had signed a contract of employment with ICS Island Cruise Service N.V., who has offices in St. Maarten, Dutch West Indies and in Genova, Italy. The contract was signed by Plaintiff in Puerto Barrios, Guatemala on May 21st, 1999 and called for Plaintiff's employment to commence on May 27th, 1999 as 2nd Cook Servicier on board the M/V MELODY. Plaintiff then traveled by aircraft to Italy and joined the vessel in Genova.

The M/V MELODY is owned by WESTRIA HOLDINGS, INC., a Panamanian company, and managed by MSC Mediterranean Shipping Company, S.A., whose registered office is in Geneva, Switzerland. During the time that Plaintiff was aboard the M/V MELODY, the vessel was under charter to MEDITERRANEAN SHIPPING CRUISES S.p.a., which is located in Italy. Plaintiff has not produced any contract, nor did he have any contract, with either WESTRIA HOLDINGS, INC., MSC MEDITERRANEAN SHIPPING COMPANY, S.A. or MEDITERRANEAN SHIPPING CRUISES S.p.a. Rather, as stated above, Plaintiff's contract was entered into with ICS ISLAND CRUISE SERVICES N.V.

During the enitre time that the Plaintiff was on board the vessel, it traded from Italy to various ports in the Mediterranean. At no time did the vessel enter into any port in the United States while the Plaintiff was aboard the vessel.

Plaintiff was hospitalized in Genova, Italy on November 30, 1999 with stomach

pains. He was given treatment and tests with an apparent diagnosis of pancreatic cancer. He was discharged on December 19th, 1999 to return home to Guatemala.

Plaintiff arrived in Guatemala City on December 20th, 1999 where he was met by his family. They returned to their home in Puerto Barrios by the taxi which had brought them to Guatemala City.

Plaintiff sought medical treatment in Guatemala. He was told by his doctor that he had pancreatic cancer, and that his illness has no cure (Deposition of Mr. Estrada Juarez, taken on February 18, 2000, at pp. 41-42; 92-93). Plaintiff has not been treated in the United States. Plaintiff acknowledged that he received all of the medical treatment that he went for in Guatemala and that he was not refused any medical treatment or medicine that he requested or that his doctors thought necessary. (*Id* at 92-93).

**OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ENTERED ON AUGUST 8, 2000**

1. On August 8, 2000, Magistrate Judge Ted Bandstra entered an Order allowing MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased, to be substituted as the Plaintiff in the place and stead of RANULFO ESTRADA JUAREZ. Judge Magistrate Bandstra has also permitted the filing of the Amended Complaint. WESTRIA HOLDINGS, INC. has served this date its Motion to Dismiss this Amended Complaint.

2. Judge Magistrate Bandstra further considered Plaintiff's Motions to Compel and has ordered WESTRIA HOLDINGS, INC. to produce numerous documents by August

18, 2000. WESTRIA HOLDINGS, INC. served its Motion for Enlargement from that Order, granting it an enlargement of time, to and including September 16, 2000, in which to produce those documents ordered to be produced that exist and that are in the custody of WESTRIA HOLDINGS, INC. Plaintiff's counsel has agreed to allowing this requested enlargement of time.

3. This undersigned first learned of the entry of Magistrate Judge Bandstra's Order on August 14, 2000. Thereafter, the undersigned counsel obtained a copy of this Order on that date from the firm of DeOrchis, Corsa & Hillenbrand, LLP, who previously filed an appearance in this matter on behalf of "Rudy Padilla, Nicola Arena, and Peter Hartmann."

4. The Magistrate Judge's Order requires WESTRIA HOLDINGS, INC. to produce numerous documents to which objections were previously submitted by WESTRIA HOLDINGS, INC. In view of the Magistrate Judge's Order, these objections have been re-considered and WESTRIA HOLDINGS, INC. is only submitting objections to Magistrate Judge Bandstra's Order with respect to the following documents:

5. **DOCUMENTS ORDERED TO BE PRODUCED**:

"4 (A) Copy of each report of Plaintiff's department for the voyage during which Plaintiff claims he was injured [being the voyage that commenced on October 1, 1999].

"4(B). Copy of each voyage report and Captain's meeting report for the voyage during which Plaintiff claims injury as alleged in the complaint [being the voyage underway on October 1, 1999].

**WESTRIA HOLDINGS, INC.'s RESPONSES:**

CASE NO. 00-6098-CIV-JORDAN

"4(A)  Objection on the grounds that the request is unclear, vague and ambiguous as to what particular documents the Plaintiff is seeking to obtain that may be relevant and material to the issues in dispute. Plaintiff has not alleged that he was injured as a result of any accident that occurred on board the subject vessel, or as a result of a defect of the vessel. Rather, the Plaintiff claims that on October 1, 1999 he became ill and was subsequently diagnosed with liver or pancreatic cancer. The Plaintiff alleges that on December 19, 1999, the Plaintiff was repatriated to Guatemala. From the time that the Plaintiff was first employed on the vessel through the time that the Plaintiff was repatriated, the vessel sailed between ports in the Mediterranean, and the vessel never entered into any port of the United States during that time period. Any documents on board the vessel, that do not pertain to the Plaintiff's alleged medical condition or to his pay, would not be relevant nor material to the issues in dispute, and are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's request to require the Defendant to search for and to produce documents not directly related to the Plaintiff, his medical condition and/or pay, would also be overly broad and unduly burdensome. Without waiving these objections, the Defendant has produced a copy of the vessel's log book entry pertaining to the Plaintiff.

"4(B). Objection. See response to 4(A) above."

**DISCUSSION:**

WESTRIA HOLDINGS, INC. does not employ the Plaintiff. Plaintiff presumes that such reports of the "galley and/or food and beverage" departments or "voyage reports and Captain's meeting reports" exist and that they constitute records of WESTRIA HOLDINGS, INC. Moreover, assuming such records exist and were to be held to constitute records of WESTRIA HOLDINGS, INC., they would not be relevant to this cause unless they pertain to the medical condition or treatment of the Plaintiff, or related to his pay. Clearly, any reports pertaining to passengers, other crew members, quality of food, operations of the vessel or otherwise, that do not pertain to the Plaintiff, would not be relevant to the issues

CASE NO. 00-6098-CIV-JORDAN

in dispute, nor would it lead to the discovery of admissible evidence.

6. **DOCUMENTS ORDERED TO BE PRODUCED:**

"6   Ship's log (including but not limited to the deck log, engine log, maintenance and repair log, medical log, and radio-telephone log) rough and smooth for the voyage during which the Plaintiff alleged injury occurred [being the voyage underway on October 1, 1999].

**WESTRIA HOLDINGS, INC.'s RESPONSES:**

"6.   Objection. See Response to 4(A) above. Defendant has produced the ship log entry concerning the Plaintiff that is believed to be the only entry concerning the Plaintiff for the voyage in question.

**DISCUSSION:**

Besides producing a copy of page 151 of the vessel's deck log, dated December 1, 1999, that makes reference to the Plaintiff, WESTRIA HOLDINGS, INC. has also produced a copy of the medical logs that contain entries pertaining to the Plaintiff. WESTRIA HOLDINGS, INC. should not be compelled to produce documents that do not reference the Plaintiff or his medical condition. Since the Plaintiff, who worked in the galley, is not contending that he was injured as a result of any defect in either the engines or the vessel, the engine logs and the maintenance and repair logs have no relevancy whatsoever to this matter and WESTRIA SHIPPING should not be required to produce these logs. Likewise, the "radio-telephone log," if one exists, has no relevancy unless it pertains to entries made with respect to the Plaintiff.

7. **DOCUMENTS ORDERED TO BE PRODUCED:**

"29   Board of Directors' minutes, pertaining to the purchase, financing,

CASE NO. 00-6098-CIV-JORDAN

ownership and operation of the [M/V MELODY] for 1997 to present.

**WESTRIA HOLDINGS, INC.'s RESPONSE:**

"29.    Objection. See response to request 26, above. Moreover, there were no Board of Director meeting held within the United States.

WESTRIA HOLDINGS, INC. Response to request 26 provides:

"26.    Objection on the grounds that the request is unclear, vague and ambiguous as to what particular documents the Plaintiff is seeking to obtain that may be relevant to the issues in dispute. Plaintiff does not claim that he was injured from any accident, or defect in the vessel. Rather, the Plaintiff alleges that he became ill on board the vessel on or about October 1, 1999. Plaintiff's Complaint further alleges that he was repatriated to Guatemala on or about December 19, 1999. During the entire time that the Plaintiff was first on board the vessel during the voyage and until his repatriation to Guatemala, the vessel was operating in areas about the Mediterranean. During that time the vessel never entered any port in the United States, nor did the Plaintiff receive any medical treatment in the United States. Therefore, the request is irrelevant and immaterial to the issues in dispute, nor is the request reasonably calculated to lead to the discovery of admissible evidence. The information sought constitutes the privileged and confidential trade secrets, financial or other records of the Defendant. Furthermore, Plaintiff's request to require the Defendant to search for and to produce documents not directly related to the Plaintiff, his medical condition and/or pay, would also be overly broad and unduly burdensome.

**DISCUSSION:**

MR. JUAREZ was only on the vessel from approximately May thru November, 1999. Plaintiff has alleged in its Amended Complaint that WESTRIA HOLDINGS, INC. is the owner of the M/V MELODY. (See Amended Complaint at par. 5). WESTRIA HOLDINGS, INC. also admits that it is the owner of the M/V MELODY. Therefore, assuming arguendo that such "Board of Directors' minutes" exist, then any information contained in those

CASE NO. 00-6098-CIV-JORDAN

minutes pertaining to the purchase, financing or ownership of the M/V MELODY would not be relevant to any issues in dispute. Rather, such request intrudes into the privileged financial records of this Defendant concerning such matters as purchase price, terms of purchase, financing terms and the like that have no relevancy whatsoever to any issues in this case concerning MR. JUAREZ.

8. **DOCUMENTS ORDERED TO BE PRODUCED**:

"37 Repair records for the vessel for 1997 to present.

**WESTRIA HOLDINGS, INC.'s RESPONSE:**

'37. Objection. See response to request 26, above.

**DISCUSSION:**

MR. JUAREZ is not contending that his illness was caused by any defective condition of the M/V MELODY. Therefore, any "repair records for the vessel" are totally irrelevant and immaterial to any issue in dispute. This request is not limited in time, location or scope of any particular type of repairs or records pertaining to any such repairs. To require WESTRIA HOLDINGS, INC. to search the M/V MELODY to find records pertaining to any repairs performed on the vessel, that have nothing whatsoever to do with causing MR. JUAREZ's illness, would be unduly burdensome, oppressive, and totally unreasonable.

Plaintiff seeks to justify her request on the grounds that "the Captain testified during his deposition that repairs are made in Port Everglades, Florida, and that spare parts and replacements parts are purchased and obtained while in Port Everglades, Florida." (See

CASE NO. 00-6098-CIV-JORDAN

Plaintiff's Motion to Compel Discovery, dated May 8, 2000 at page 20, par. 89). WESTRIA HOLDINGS, INC. has already acknowledged that the M/V MELODY embarks from Port Everglades Florida at certain times of the year. MR. JUAREZ was not on board the vessel during any of those occasions. Producing copies of records pertaining to repairs or parts obtained while the vessel was in Port Everglades does not enhance or detract from the presence of the vessel in Port Everglades.

9.  **DOCUMENTS ORDERED TO BE PRODUCED:**

    "38   Documents reflecting the date for each occasion the vessel arrived in a port in the United States or its possessions for the past five (5) years.

    **WESTRIA HOLDING INC.'s RESPONSE:**

    "38.   Objection. See response to request 26, above.

    **DISCUSSION:**

    It is undisputed that the M/V MELODY did not enter into any port of the United States during the entire time that MR. JUAREZ was on board the vessel. Therefore, with respect to MR. JUAREZ, or the claims being asserted on behalf of the Plaintiff, whether the M/V MELODY came into a port in the United States is totally irrelevant.

    Notwithstanding this, if the Court deems this information relevant, then WESTRIA HOLDINGS, INC. would seek to provide the Plaintiff with those dates that the vessel arrived in a port in the United States or its possessions during the requested time period, provided that WESTRIA HOLDINGS, INC. was the owner of the vessel during that time

CASE NO. 00-6098-CIV-JORDAN

period. The fact that the vessel actually entered into such a port on a particular date is sufficient. WESTRIA HOLDINGS, INC. should not be required to search all of its records to locate each document that may "reflect the date or each occasion" that the vessel arrived in Port. Such a request would be unduly burdensome and totally unreasonable and would not establish with any greater certainty that a vessel was, or was not, in Port.

10. **DOCUMENTS ORDERED TO BE PRODUCED**:

"39   Ship's survey and particulars.

**WESTRIA HOLDING INC.'s RESPONSE:**

"39.   Objection. See response to request 26, above.

**DISCUSSION:**

See the discussion pertaining to request no. 37 above.

11. **DOCUMENTS ORDERED TO BE PRODUCED**:

"45   Advertisements pertaining to [WESTRIA HOLDINGS, INC.] or its vessels for 1997 to present.

**WESTRIA HOLDING INC.'s RESPONSE:**

"45.   Objection. See response to request 26, above.

**DISCUSSION:**

Advertisements have nothing whatsoever to do with MR. JUAREZ's illness, nor would they be relevant to any of the other issues in dispute. Plaintiff does not allege in her Amended Complaint, and MR. JUAREZ did not make any statements in his deposition that he was relying on any sort of advertisements. Plaintiff does not limit the dates, locations

CASE NO. 00-6098-CIV-JORDAN

or type of advertisements that are being sought. WESTRIA HOLDINGS, INC. has already acknowledged that the vessel comes into Port Everglades, Florida for a certain limited number of weeks during the year and that it operates in the Mediterranean during the remainder of the year. Soliciting business through advertisements does not either enhance nor detract from the vessel entering into Port Everglades.

12. **DOCUMENTS ORDERED TO BE PRODUCED**:

"46. Bills, invoices, statements or documents evidencing payments by [WESTRIA HOLDINGS, INC.] to any entity in Florida for 1997 to present.

**WESTRIA HOLDING INC.'s RESPONSE:**

"46. Objection. See response to request 26, above.

**DISCUSSION:**

See the discussion pertaining to requests 37 and 45 above.

13. **DOCUMENTS ORDERED TO BE PRODUCED**:

"47 Bills, invoices, statements, or documents evidencing payments by [WESTRIA HOLDINGS, INC.] to any entity in the United States for 1997 to present.

**WESTRIA HOLDING INC.'s RESPONSE:**

"46. Objection. See response to request 26, above.

**DISCUSSION:**

See the discussion pertaining to requests 37 and 45 above.

WHEREFORE, WESTRIA HOLDINGS, INC. respectfully requests this Court to sustain the objections made by WESTRIA HOLDINGS, INC. to the foregoing discovery

CASE NO. 00-6098-CIV-JORDAN

requests and to overrule the Magistrate Judge's Order as it pertains to those requests.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was served by mail and fax number (305) 654-8435 to David C. Rash, Esq., Attorney for Plaintiff, 88 N.E. 168th Street, North Miami Beach, Florida 33162, this 18th day of August, 2000.

HAYDEN AND MILLIKEN, P.A.
Attorneys for Defendant
5915 Ponce de Leon Blvd., #63
Miami, Florida 33146
Phone: (305) 662-1523

By: _____
Richard R. McCormack, Esq.
Fla. Bar No. 168850