## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### IN ADMIRALTY

MARIQUITA GUDIEL DE JUAREZ,       :
as Surviving Spouse and Personal   :
Representative of the Estate of RANULFO  :
ESTRADA JUAREZ, Deceased,          :
                               :
    Plaintiff,  :
                               :    **CASE NO.: 00-6098-CIV-JORDAN**
vs.                                :    **Magistrate: Bandstra**
                               :
WESTRIA HOLDINGS INC.,             :
MEDITERRANEAN SHIPPING CRUISES,:
MEDITERRANEAN SHIPPING             :
COMPANY (USA), INC., ICS ISLAND    :
CRUISE SERVICES, N.V., and, C.C.E.T.,  :
INC. *in personam*; and, M/V MELODY,   :
her engines, boilers, tackle, equipment,  :
apparel, appurtenances, etc. *in rem*,   :
                               :
    Defendants. :
_____ :

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
## UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Defendant, MEDITERRANEAN SHIPPING CO. (USA), INC.

(hereinafter "MSC (USA)"), by and through its undersigned counsel, and files its Motion to

Dismiss for Failure to State a claim upon which relief can be granted, pursuant to Rule 12(b)(6),

Federal Rules of Civil Procedure, and as grounds therefor incorporates the below Memorandum

of Law In Support of Motion to Dismiss and states as follows:

### Memorandum of Law In Support of
### Motion to Dismiss

*Preliminary Statement*

Defendant MSC (USA) submits this memorandum of law in support of its motion for an order pursuant to Rule 12(b)(6), Fed. R. Civ. P., dismissing the Amended Complaint. The basis of the motion is that the plaintiff has failed to state a claim against MSC (USA) for which relief can be granted, in that, as an agent for a disclosed principle, MSC (USA) bears no personal liability for the plaintiff's claims.

*Statement of the Case*

The Amended Complaint alleges that in October, 1999 the deceased plaintiff was employed as a cook aboard the defendants' vessel the M/V MELODY when in the normal course he fell ill with various symptoms. Subsequently, the deceased plaintiff was allegedly hospitalized in Italy for three weeks where he was diagnosed with a pre-existing terminal disease, before being flown to Guatemala City, Guatemala. Thereafter, the plaintiff subsequently died of pancreatic and liver cancer on March 22, 2000. The Amended Complaint does not state that the plaintiff's death was the result of an accident nor any specific trauma.

According to Paragraph 7 of the Amended Complaint, the plaintiff has alleged that MSC (USA) was at all times acting in the capacity of an agent for the disclosed principle, WESTRIA HOLDINGS, INC. Nowhere in the Amended Complaint is there any factual allegation of wrongdoing against MSC (USA) individually.

*Point I*

THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST MSC (USA) UPON
WHICH RELIEF MAY BE GRANTED

MSC (USA) is a separate and distinct business entity that *only* acts in the capacity of an agent for various independent disclosed principals. Based on the Amended Complaint, the deceased plaintiff never contracted with, or was employed by, or otherwise came in contact with,

2

MSC (USA). In fact, there is not a single allegation of negligence or dereliction of duty specifically directed to MSC (USA) in any of the Amended Complaint's forty-five paragraphs.

The significance of the way MSC (USA) is treated in the Amended Complaint is twofold: (1) it is conclusive proof that no cause of action lies as against MSC (USA); and (2), it reveals the plaintiff's attempt to ensnare any defendant no matter how remotely connected to the instant lawsuit.

Although the Amended Complaint is rife with allegations, there is not a single allegation that attributes the deceased plaintiff's death, or alleged lack of treatment, to MSC (USA). The Amended Complaint fails to allege any relationship whatsoever between MSC (USA) and the deceased plaintiff. Although named as a defendant, MSC (USA) is not identified as the vessel owner, or the vessel charterer, or the deceased plaintiff's employer, or a medical or treatment provider, or any other kind of entity that might have owed a duty to the deceased plaintiff. In this respect, the only theory the plaintiff can possibly rely upon is the existence of some unidentified contractual relationship such as an employer-employee status. Quite simply though, as the Amended Complaint stands now, it does not provide sufficient factual allegations or legal authority to support any of the alleged causes of action against MSC (USA).

The Amended Complaint does not identify any specific statutes that were allegedly violated by MSC (USA). It does not identify any specific acts committed by MSC (USA) or the way in which those acts harmed the deceased plaintiff. There is no allegation of a duty by MSC (USA) to the plaintiff, no allegation of privity of contract, and no allegation of any other legal mechanism that might lead to any cause of action. In fact, because MSC (USA) did not control or operate the vessel on which the plaintiff was employed, any Jones Act or Maintenance and Cure claim is improper.

The Amended Complaint only alleges that MSC (USA) was an *agent for a disclosed principal*. Since the allegations in the Amended Complaint must be taken as true for the purposes of a Motion to Dismiss, the Court must accept as *fact* that MSC (USA) was, and is, an agent for a disclosed principal. Because MSC (USA) is an agent for a disclosed principal, the Amended Complaint fails in every respect to allege a claim against MSC (USA) upon which relief may be granted.

Similarly, the plaintiff's shotgun approach of suing as many similarly named entities as possible, regardless of their relationship to the plaintiff, cannot create a legal cause of action against MSC (USA) for which relief may be granted. It is abundantly clear from the facts alleged in the Amended Complaint that MSC (USA)'s involvement in this lawsuit is non-existent. The Amended Complaint fails to allege any nexus between MSC (USA) and the deceased plaintiff. At the end of the day, the **plaintiff's only allegation against MSC (USA) is that it acted as an agent for a disclosed principal**.

*Point II*

AS AN AGENT FOR A DISCLOSED PRINCIPLE, MSC (USA)
CANNOT BE LIABLE FOR THE PLAINTIFF'S INJURIES

Both Florida law and hornbook law support the long-recognized legal proposition that an agent for a disclosed principal is not personally liable on a contract. *Blount v. Tomlinson*, 48 So. 751 (1909) (stating that dealings with an agent for a known principal do not make the agent personally liable); *Smith v. Platt Motors, Inc.*, 137 So.2d 239 (Fla. 1st DCA 1962) (finding that the complaint did not state a cause of action against a car dealership acting as an agent for the car manufacturer where there were no allegations that the agent made any express warranties); *Philip v. Schwartz, Inc. v. Gold Coast Graphics, Inc.*, 623 So.2d 819, 820 (Fla. 4th DCA 1993) (holding that an advertising agency working for its disclosed principal, Eastern Airlines, was not

4

liable to a printing company for the costs of printed airline brochures); *Kanov v. Bitz*, 660 So.2d

1165 (Fla. 3d DCA 1995) (stating that the law is well settled that an agent is not personally liable

for the debts of its disclosed principal). The restatement of the law of agency defines a disclosed

principal as follows:

> If, at the time of a transaction conducted by an agent, the other
> party thereto has notice that the agent is acting for a principal and
> of the principal's identity, the principal is a disclosed principal.

Restatement (Second) of Agency § 4 (1957)

The comment to § 4 goes on to state:

> The other party has notice of the existence or identity of the
> principal if he knows, has reason to know, or should know of it, or
> has been given a notification of the fact.

Restatement (Second) of Agency § 4. Comment a. (1957)

Nowhere in the plaintiff's forty-five allegations is there a single fact-based allegation that

MSC (USA), while acting in its own capacity, breached a duty owed to the plaintiff. In fact, the

plaintiff literally concedes that MSC (USA) was at all times relevant to the cause of action acting

as an agent for the disclosed principal, WESTRIA HOLDINGS, INC. Excerpts from the

Amended Complaint's initial paragraphs are as follows:

> 5.     The Defendant, Westria Holdings Inc., ("Westria"), is
> believed to be a corporation organized under the laws of
> Switzerland, and is the owner of the M/V MELODY. According
> to Lloyds Registry of Shipping, Westria's address is c/o
> Mediterranean Shipping Co., S.A., Geneva Switzerland. At all
> times material, as owner of the M/V MELODY, Westria was and
> is doing business in Broward County and Miami-Dade County,
> State of Florida.
>
> 7.     The Defendant, Mediterranean Shipping Co. (USA), Inc.
> ("MSC-USA"), is a New York corporation authorized to do
> business in the State of Florida, and at all times material, was and
> is doing business in Broward County and Miami-Dade County,

State of Florida as MSC, and was and is an agent, actual and/or apparent, of Westria and MSC.

These paragraphs clearly reveal that plaintiff appreciates the agent/principal relationship. Moreover, the absence of language implicating MSC (USA) as having acted on its own, proves that the plaintiff's cause of action, if one exists at all, lies against the disclosed principal.

In an analogous case, a foreign national seaman was injured while serving aboard a British flagged vessel that was moored in New York. *Hazell v. Booth Steamship Co., Ltd.*, 436 F. Supp. 561 (S.D.N.Y. 1977). In the ensuing litigation, the defendants moved to dismiss based on, among other things, the fact that the defendant New York corporation acted only as an agent for the vessel owner and was therefore an improper party. Acknowledging the qualified role an agent for a disclosed principal plays, the District Court held that the claims against the agent were improper under both the Jones Act and diversity jurisdiction. *Id.*

The cause of action in the instant suit is even more legally unacceptable than in *Booth Steamship*, where the agent was clearly interacting with the plaintiff. Here, there is not a single allegation that MSC (USA) had any dealings, of any nature, no matter how remote, with the deceased plaintiff.

The plaintiff simply cannot legally hang potential liability on an agent for a disclosed principal. In *Smith v. Platt Motors, Inc., supra*, the purchaser of an automobile sued the car dealership and manufacturer for breach of an implied warranty of fitness. Upholding the lower court's granting of a motion to dismiss as to the dealership, the appeals court explained why the complaint failed to state a cause of action:

> It is alleged that Platt Motors, Inc., a Florida corporation, is the agent of appellee, Ford Motor Company, a foreign corporation, and at all times pertinent to the cause of action sued upon was acting with the scope of such agency. It is not alleged that Platt made any express warranty to plaintiff with respect to the automobile

6

> purchased by him. The cause of action against Platt is solely on implied warranty of fitness arising out of its part in the transaction as agent for Ford. <u>The law appears to be well settled that an agent contracting on behalf of a disclosed principal and within the scope of his authority as agent, cannot be held liable for breach of implied warranty.</u>

*Id.* at 242. (internal citations omitted, emphasis added)

The Amended Complaint in this case *sub judice* fails to set forth the facts necessary to support any of the claims for relief against MSC (USA). In order to prevail against MSC (USA), the plaintiff must plead and prove that MSC (USA) acted or failed to act *in its own right*. The Amended Complaint is simply devoid of any such allegations. Therefore, as a matter of law, the plaintiff has failed to state a claim against MSC (USA) upon which relief may be granted, and the Amended Complaint must be dismissed.

*Conclusion*

For the foregoing reasons, MSC (USA) respectfully submits its Motion to Dismiss should be granted and the Amended Complaint DISMISSED.

Respectfully submitted,

DE ORCHIS, CORSA & HILLENBRAND, LLP
Attorneys for Defendant, MSC (USA)
2650 Biscayne Boulevard
Miami, Florida 33137
Tel: (305) 571-9200   Fax: (305) 571-9250

By: _____
KENNETH GALE HAWKES
FBN: 282243

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 12th day of September, 2000 to: DAVID RASH, ESQUIRE, 88 NE 168th Street, North Miami Beach, Florida 33162, and RICHARD R. McCORMACK, ESQUIRE, Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida 33162.

By: _____
KENNETH GALE HAWKES

W:\1188-396\Legals\Responsive Motion\Revised Conformed Motion 091100 Jkf.Doc 9/12/00-

8