UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

| | |
|---|---|
| MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> WESTRIA HOLDINGS INC., MEDITERRANEAN SHIPPING CRUISES, MEDITERRANEAN SHIPPING COMPANY (USA) INC., ICS ISLAND CRUISE SERVICES N.V., and, C.C.E.T., INC. <u>in personam</u>; and, M/V MELODY, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., <u>in rem</u>, <br><br> Defendants. | CASE NO.: 00-6098-CIV-JORDAN <br><br> Magistrate: Bandstra <br><br><br> **AMENDED VERIFIED SEAMAN'S COMPLAINT FOR WRONGFUL DEATH WITH REQUEST FOR RULE C ARREST** |

FILED by ___ D.C.
DKTG
SEP 18 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

COMES NOW the Plaintiff, MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse

and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased,

by and through her undersigned attorneys, and files this Amended Verified Seaman's

Complaint for Wrongful Death with Request for Rule C Arrest against the Defendants,

WESTRIA HOLDINGS INC., MEDITERRANEAN SHIPPING CRUISES,

MEDITERRANEAN SHIPPING COMPANY (USA) INC., ICS ISLAND CRUISES

SERVICES N.V., and C.C.E.T., INC. <u>in personam</u>; and, M/V MELODY, her engines,

boilers, tackle, equipment, apparel, appurtenances, etc., <u>in rem</u>; and, and alleges:



EXHIBIT
"A"



1.     This court has jurisdiction pursuant to 28 U.S.C. §1331, 46 U.S.C. §688 et seq., 46 U.S.C. app. §761 et seq., and the General Maritime Law of the United States.

2.     At all times material, RANULFO ESTRADA JUAREZ, Deceased, ("MR. JUAREZ"), was a foreign national from Guatemala who was employed as a crew member by WESTRIA HOLDINGS INC., MEDITERRANEAN SHIPPING CRUISES, MEDITERRANEAN SHIPPING COMPANY (USA) INC., ICS ISLAND CRUISES SERVICES N.V. and/or C.C.E.T., INC. aboard the M/V MELODY, and was a seaman pursuant to 28 U.S.C. §1916 and 46 U.S.C. §688, et seq. Having been a seaman pursuant to 28 U.S.C. §1916, there shall be no security required for costs or fees upon filing of this action.

3.     At all times material, MARIQUITA GUDIEL DE JUAREZ, ("MRS. JUAREZ"), was and is the Surviving Spouse of MR. JUAREZ and Personal Representative of the Estate of MR. JUAREZ.

4.     At all times material, Astrid Maribel Estrada Juarez and Jose Ranulfo Estrada Juarez were and are surviving children of MR. JUAREZ.

5.     The Defendant, WESTRIA HOLDINGS INC., ("WESTRIA"), is believed to be a corporation organized under the laws of Switzerland, and is the owner of the M/V MELODY. According to Lloyds Registry of Shipping, WESTRIA's address is c/o Mediterranean Shipping Co. S.A., Geneva, Switzerland. At all times material, as owner of the M/V MELODY, WESTRIA was and is doing business in Broward County and Miami-Dade County, State of Florida.

6.     The Defendant MEDITERRANEAN SHIPPING CRUISES, ("MSC"), is believed to be an Italian corporation, and at all times material was and is the manager

2

and/or operator of the M/V MELODY, and as such was and is doing business is Broward County and Miami-Dade County, State of Florida.  At all times material, MSC was and is an agent, actual and/or apparent, of WESTRIA.

7.    The Defendant, MEDITERRANEAN SHIPPING COMPANY (USA) INC., ("MSC-USA"), is a New York corporation authorized to do business in the State of Florida, and at all times material, was and is doing business in Broward County and Miami-Dade County, State of Florida.  At all times material, MSC-USA was and is doing business in Broward County and Miami-Dade County, State of Florida as MSC, and was and is an agent, actual and/or apparent, of WESTRIA and MSC.

8.    The Defendant, ICS ISLAND CRUISE SERVICES N.V., ("ICS") is believed to be a corporation organized under the laws of the Netherlands Antilles, and at all times material, was and is doing business in Broward County and Miami-Dade County, State of Florida.  At all times material, ICS was and is an agent, actual and/or apparent, of WESTRIA, MSC and MSC-USA.

9.    The Defendant, C.C.E.T., INC., ("CCET"), is a Florida corporation authorized to do business in the State of Florida, and at all times material, was and is doing business in Broward County and Miami-Dade County, State of Florida.  At all times material, CCET was and is an agent, actual and/or apparent, of WESTRIA, MSC, MSC-USA and ICS.

10.    The Defendant, M/V MELODY, is a Panamanian flagged cruise ship approximately 670 feet long, approximately 35,000 gross tons, registered under the laws of Panama with official number 7902295.

3

11.     The M/V MELODY regularly sails into and out of Port Everglades, Broward County, State of Florida; the vessel regularly embarks and disembarks thousands of passengers that cruise from Port Everglades, Broward County, State of Florida; the vessel regularly takes on supplies, provisions, spare parts and replacement parts purchased from Florida companies for the passengers and crew in Port Everglades, Broward County, State of Florida; the vessel is regularly joined by new crew members in Port Everglades, Broward County, State of Florida; the vessel regularly discharges crew members in Port Everglades, Broward County, State of Florida; and, the vessel's crew members are regularly provided medical treatment in or near Port Everglades, Broward Count, State of Florida.

12.     WESTRIA, MSC, MSC-USA, ICS and/or CCET personally or through an agent:

a.     operated, conducted, engaged in or carried on a business venture in the State of Florida;

b.     reside, have a base of operations, have an office, and have agents in the State of Florida;

c.     sells, consigns, or leases tangible and intangible personal property through brokers, jobbers, wholesalers or distributors to persons, firms or corporations in the Sate of Florida:

d.     committed tortious acts within the State of Florida;

e.     contracted to insure a property or risk located within the State of Florida at the time of contracting;

f.     were engaged in substantial activity within the State of Florida;

g.     operated vessels in the waters of the State of Florida; and/or

h.     their acts set out in this Amended Complaint occurred in whole or in part in the State of Florida.

4

13.    Venue lies within the Southern District of Florida pursuant to the provisions of 28 U.S.C. §1391, 46 U.S.C. §688 et seq., 46 U.S.C. app. §761 et seq., and the General Maritime Law of the United States.  Further, the M/V MELODY regularly sails in and out of this District in Port Everglades, Broward County, State of Florida, and WESTRIA, MSC, MSC-USA, ICS and CCET regularly and extensively do business in the Southern District of Florida.

14.    On or about October 1, 1999, while employed by WESTRIA, MSC, MSC-USA, ICS and/or CCET, and working as a 2nd cook crew member on the M/V MELODY, MR. JUAREZ fell ill with swollen feet, legs and vomiting making several requests thereafter for medical treatment from the vessel's medical personnel.

15.    Despite making several requests for medical treatment from the vessel's medical personnel, MR. JUAREZ was not sent ashore for medical treatment until November 30, 1999, when he was hospitalized in Italy for about three weeks until December 22, 1999, when he was discharged from the hospital in Italy with physician recommendations for immediate hospitalization in his home country for further emergent treatment, therapy and evaluation for what he had apparently been diagnosed with as having pancreas cancer, liver cancer, thrombophlebitis, and/or diabetes.

16.    On or about the same day as his discharge from the hospital in Italy, and despite knowing of MR. JUAREZ's serious condition, WESTRIA, MSC, MSC-USA, ICS and/or CCET terminated MR. JUAREZ from his employment prior to the end of his employment term, and flew him to Guatemala City, Guatemala, which is approximately 200 km. from his home town of Santo Tomas Castillo, Guatemala.  WESTRIA, MSC, MSC-USA, ICS and/or CCET failed and refused to provide any transportation for MR. JUAREZ

DAVID C. RASH, P.A.
NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

from Guatemala City to his home in Santo Tomas de Castillo, Guatemala.

17.    Since being discharged and flown to Guatemala City, Guatemala, on or about December 19, 1999, WESTRIA, MSC, MSC-USA, ICS and/or CCET failed and refused to provide and to pay MR. JUAREZ's cure benefits, including but not limited to medical care, hospitalization, physician services, nursing services, medicine, treatment, therapy or other benefits.

18.    Although WESTRIA, MSC, MSC-USA, ICS and/or CCET failed and refused to make any arrangements for or provide  MR. JUAREZ's medical treatment after being flown home to Guatemala City, Guatemala, WESTRIA, MSC, MSC-USA, ICS and CCET have reimbursed MR. JUAREZ and/or MRS. JUAREZ for medical expenses they personally incurred due to WESTRIA's, MSC's, MSC-USA's, ICS' and/or CCET's failure and refusal to provide cure benefits, but only after MR. JUAREZ and MRS. JUAREZ hired the undersigned, filed the instant lawsuit, incurred significant attorney's fees and costs in prosecuting said claim for cure benefits.

19.    Since being discharged and flown to Guatemala City, Guatemala on or about December 19, 1999, WESTRIA, MSC, MSC-USA, ICS and/or CCET failed and refused to provide and to pay MR. JUAREZ'S maintenance benefits, including but not limited per diem living expenses for room and board, and unearned wages.

20.    WESTRIA, MSC, MSC-USA, ICS and/or CCET finally paid MR. JUAREZ's maintenance benefits but only after MR. JUAREZ hired the undersigned, filed the instant lawsuit, incurred significant attorney's fees and costs in prosecuting said claim for maintenance benefits.

6

21.    Prior to their payment, MR. JUAREZ made numerous written and oral demands, and provided written medical opinions recommending emergent medical treatment, for the payment of his maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages, but WESTRIA, MSC, MSC-USA, ICS and/or CCET refused and failed to provide and to pay said benefits.

22.    In short, despite knowing MR. JUAREZ's was seriously ill with what was believed to pancreas cancer, liver cancer, thrombophlebitis and/or diabetes, WESTRIA, MSC, MSC-USA, ICS and/or CCET abandoned the Plaintiff without medical care, food, lodging, and unearned wages until it was too late and MR. JUAREZ untimely died on or about March 22, 2000, as a direct and proximate result of WESTRIA's, MSC's, MSC-USA's, ICS' and/or CCET's failure and refusal to provide maintenance and cure benefits, and failure and refusal to provide prompt, proper and adequate medical treatment.

## COUNT I
### (Death on the High Seas Act Claim)

MRS. JUAREZ re-adopts and re-alleges paragraphs 1 through 22 and further alleges:

23.    On or about the 1ST day of October, 1999, MR. JUAREZ was employed by WESTRIA, MSC, MSC-USA, ICS and/or CCET as a seaman, was aboard said ship and was a member of said ship's crew. Said ship was in foreign territorial waters of Italy and/or the Mediterranean Sea; therefore said ship was on the "high seas".

24.    On or about the above date, WESTRIA, MSC, MSC-USA, ICS and/or CCET owed a duty to MR. JUAREZ not to commit wrongful acts, neglect or default that would cause his death.

7

25.    On or about the above date, WESTRIA, MSC, MSC-USA, ICS and/or CCET

breached its duty to MR. JUAREZ and MR. JUAREZ's illness was aggravated so severely

that he sustained extreme predeath conscious pain and suffering, and untimely wrongful

death due to the fault and negligence of WESTRIA, MSC, MSC-USA, ICS and/or CCET

and/or their agents, servants, and/or employees as follows:

a.    Failing to provide MR. JUAREZ with a safe place to work;

b.    Failing to provide an adequate number of crew members to
safely and properly perform medical jobs;

c.    Failing to provide adequate training and/or supervision of the
crew medical personnel;

d.    Failing to change or modify MR. JUAREZ's job after knowing
of his injuries and/or illnesses;

e.    Failing to provide safe and seaworthy equipment for the
performance of medical treatment on the vessel;

f.    Failing to correct any of the aforementioned dangerous
conditions, although WESTRIA, MSC, MSC-USA, ICS and/or
CCET knew or should have known of these conditions and
their propensity to cause serious injuries to crew members;

g.    Failing to provide prompt and adequate medical care,
treatment, surgery and/or therapy; and,

h.    Failing to remove MR. JUAREZ from the vessel to provide him
with competent shore side medical care in a timely manner.

26.    As a result of the wrongful acts, neglects and defaults of WESTRIA, MSC,

MSC-USA, ICS and/or CCET, MR. JUAREZ's illness was aggravated to such extent that

he sustained extreme predeath conscious pain and suffering, untimely wrongful death,

predeath medical expenses, predeath loss of income; Mr. JUAREZ's Surviving Spouse and

children sustained loss of support, loss of nurture, training and guidance, loss of services,

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

loss of the value of probable inheritance; and, MR. JUAREZ's Estate sustained funeral and burial expenses.

## COUNT II
### (Jones Act Claim)

MRS. JUAREZ re-adopts and re-alleges paragraphs 1 through 22 and further alleges:

27.    On or about the 1ST day of October, 1999, MR. JUAREZ was employed by WESTRIA, MSC, MSC-USA, ICS and/or CCET as a seaman, was aboard said ship and was a member of said ship's crew.  Said ship was in navigable waters and MR. JUAREZ was in the course of his employment with WESTRIA, MSC, MSC-USA, ICS and/or CCET by being in the service of the ship and answerable to the call of duty thereby.

28.    On or about the above date, WESTRIA, MSC, MSC-USA, ICS and/or CCET owed a duty to the MR. JUAREZ to exercise reasonable care to provide a safe place to work.

29.    On or about the above date, WESTRIA, MSC, MSC-USA, ICS and/or CCET breached its duty to MR. JUAREZ and MR. JUAREZ's illness was aggravated so severely that he sustained extreme predeath conscious pain and suffering, and untimely wrongful death due to the fault and negligence of WESTRIA, MSC, MSC-USA, ICS and/or CCET and/or their agents, servants, and/or employees as follows:

a.    Failing to provide MR. JUAREZ with a safe place to work;

b.    Failing to provide an adequate number of crew members to safely and properly perform medical jobs;

c.    Failing to provide adequate training and/or supervision of the crew medical personnel;

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

d.    Failing to change or modify MR. JUAREZ's job after knowing of his injuries and/or illnesses;

e.    Failing to provide safe and seaworthy vessel and equipment for the performance of medical treatment on the vessel;

f.    Failing to correct any of the aforementioned dangerous conditions, although WESTRIA, MSC, MSC-USA, ICS and/or CCET knew or should have known of these conditions and their propensity to cause serious injuries to crew members;

g.    Failing to provide prompt and adequate medical care, treatment, surgery and/or therapy; and,

h.    Failing to remove MR. JUAREZ from the vessel to provide him with competent shore side medical care in a timely manner.

30.    WESTRIA, MSC, MSC-USA, ICS and/or CCET knew of the foregoing conditions causing MR. JUAREZ's illness to be aggravated to such extent thus sustaining extreme predeath conscious pain and suffering and untimely wrongful death and did not correct them, despite a reasonable opportunity to do so, or the conditions existed for a sufficient length of time in the exercise of reasonable care should have learned of them and corrected them.

31.    As a result of the negligence of WESTRIA, MSC, MSC-USA, ICS and/or CCET, MR. JUAREZ's illness was aggravated to such extent that he sustained extreme predeath conscious pain and suffering, untimely wrongful death, predeath medical expenses, predeath loss of income; Mr. JUAREZ's Surviving Spouse and children sustained loss of support, loss of nurture, training and guidance, loss of services, loss of the value of probable inheritance; and, MR. JUAREZ's Estate sustained funeral and burial expenses.

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

## COUNT III
### (Unseaworthiness Claim)

MRS. JUAREZ re-adopts and re-alleges paragraphs 1 through 22, and further alleges:

32.    WESTRIA, MSC, MSC-USA, ICS and/or CCET had the absolute nondelegable duty to provide MR. JUAREZ with a seaworthy vessel.

33.    On or about the previously stated dates, unseaworthiness of the aforesaid vessel was a direct legal cause of said aggravation of MR. JUAREZ's illness to such extent that he sustained extreme predeath conscious pain and suffering and untimely wrongful death and damages by reason of the following:

a.    the vessel was unsafe and unfit due to the conditions created by WESTRIA's, MSC's, MSC-USA's, ICS's and/or CCET's acts, conduct and omissions stated in paragraph number 25 and 29;

b.    the vessel was not reasonably fit for its intended purposes;

c.    the vessel's crew was not properly trained, instructed or supervised;

d.    the vessel did not have a fit crew;

e.    the vessel unreasonably exposed its crew, including MR. JUAREZ, to unsafe and unfit conditions;

f.    the vessel was in violation of United States Coast Guard regulations and/or other applicable rules and regulations; and,

34.    As a result of the unseaworthiness of the vessel, MR. JUAREZ's illness was aggravated to such extent that he sustained extreme predeath conscious pain and suffering, untimely wrongful death, predeath medical expenses, predeath loss of income; Mr. JUAREZ's Surviving Spouse and children sustained loss of support, loss of nurture,

DAVID C. RASH, P.A.

NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

training and guidance, loss of services, loss of the value of probable inheritance; and, MR. JUAREZ's Estate sustained funeral and burial expenses.

## COUNT IV
### (Failure to Pay Maintenance and Cure)

MRS. JUAREZ re-alleges each and every allegation contained in paragraphs 1 through 22, and further alleges:

35.    On or about the previously stated dates, MR. JUAREZ, a seaman, fell ill while employed by WESTRIA, MSC, MSC-USA, ICS and/or CCET as a crew member in the service of the above named vessel.  Said illness manifested itself while MR. JUAREZ was in the service of the ship and answerable to the call of duty thereby.

36.    Under the General Maritime Law of the United States, MRS. JUAREZ, as the Surviving Spouse of MR. JUAREZ and as the Personal Representative of MR. JUAREZ's Estate, is entitled to maintenance and cure benefits from his employers, WESTRIA, MSC, MSC-USA, ICS and/or CCET, including but not limited to medical care, food and lodging, and unearned wages.

37.    Prior to the filing of this action, MR. JUAREZ and MRS. JUAREZ made numerous demands on WESTRIA, MSC, MSC-USA, ICS and/or CCET for the providing of and payment of maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages.  It was only after MR. JUAREZ and MRS. JUAREZ hired the undersigned, filed the instant lawsuit, incurred significant attorney's fees and cost in prosecuting his claim for maintenance and cure benefits that WESTRIA, MSC, MSC-USA, ICS and/or CCET paid any maintenance and cure benefits, which payments were limited only to payment of past due unearned wages and reimbursement of medical

DAVID C. RASH, P.A.

88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 •FACSIMILE (305) 654-8435

expense that had been incurred by MR. JUAREZ and MRS. JUAREZ due to WESTRIA's, MSC's, MSC-USA's, ICS' and/or CCET's refusal and failure to provide any medical treatment after he was flown home to Guatemala City, Guatemala, on or about December 19, 2000.

38.    WESTRIA's, MSC's, MSC-USA's, ICS' and/or CCET's refusal and failure to provide and to pay the MR. JUAREZ's maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages, was willful, arbitrary, capricious, and in callous disregard for MR. JUAREZ's rights as a seaman.

39.    Upon information and belief, MRS. JUAREZ states that had WESTRIA, MSC, MSC-USA, ICS and/or CCET provided maintenance and cure benefits as required by the General Maritime Law of the United States, then the total amount of maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages is in excess of $250,000.00.

40.    As a result of WESTRIA's, MSC's, MSC-USA's, ICS' and/or CCET's actions as described herein, MRS. JUAREZ has a maritime lien of the "highest priority" against the above named vessel for unpaid maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages.

**COUNT V**
**(Attorney's Fees)**

MRS. JUAREZ re-alleges each and every allegation contained in paragraphs 1 through 22, and further alleges:

41.    WESTRIA's, MSC's, MSC-USA's, ICS' and/or CCET's refusal to provide and to pay MR. JUAREZ's maintenance and cure benefits, including but not limited to medical

13

care, food and lodging, and unearned wages, was willful, arbitrary, capricious, and in callous disregard for MR. JUAREZ's rights as a seaman.

42.    WESTRIA's, MSC's, MSC-USA's, ICS' and/or CCET's behavior would have continued indefinitely but for legal intervention, and but for MR. JUAREZ and/or MRS. JUAREZ's retaining the undersigned counsel to prosecute his claims herein.

43.    As a result, MRS. JUAREZ has become indebted to the undersigned for a reasonable attorney's fee in excess of $100,000.00, for which he is entitled to recover from WESTRIA, MSC, MSC-USA, ICS and/or CCET.

## COUNT VI
### (Punitive Damages)

MRS. JUAREZ re-alleges each and every allegation contained in paragraphs 1 through 22 and 41 through 43, and further alleges:

44.    WESTRIA's, MSC's, MSC-USA's, ICS' and/or CCET's refusal to provide and to pay MR. JUAREZ's maintenance and cure benefits, including but not limited to medical care, food and lodging, and unearned wages, is willful, arbitrary, capricious, and in callous disregard for MR. JUAREZ's rights as a seaman.

45.    As a result, MRS. JUAREZ is entitled to recover punitive damages from WESTRIA, MSC, MSC-USA, ICS and/or CCET, said damages being in excess of $1,000,000.00.

## COUNT VII
### (Prejudgment Interest)

MRS. JUAREZ re-alleges each and every allegation contained in paragraphs 1 through 45, and further alleges:

14

46.     In addition to attorney's fees and punitive damages, MRS. JUAREZ is entitled to prejudgment interest.

WHEREFORE, the Plaintiff prays:

a.      Process in due form of law, according to the practice of this Court, issue against the M/V MELODY, its engines, boilers, tackle, equipment, apparel, appurtenance, etc. and that any person, firm or corporation claiming any interest in said vessel be cited to appear ad answer this Complaint;

b.      The maritime lien of the "highest priority" for WESTRIA'S, MSC'S, MSC-USA'S, ICS' and/or CCET'S failure to provide and to pay MR. JUAREZ's maintenance and cure benefits and unseaworthiness be declared valid and sustaining an interest in favor of MRS. JUAREZ in the M/V MELODY in a principal amount to be set by this Court, together with prejudgment interest continuing to accrue thereon, plus costs, and to be superior to the interests, liens, claims or mortgages of any and all persons, firms or corporations whatsoever;

c.      This Court direct the manner in which the actual notice of the commencement of this suit shall be given by MRS. JUAREZ to the master, or other ranking officer or caretaker of the M/V MELODY, and any other persons, firms or corporations having any interest therein or having filed any mortgages or notices of liens against said vessel;

d.      A judgment in a principal amount to be set by this Court, together with interest continuing to accrue thereon, plus costs be entered in favor of MRS. JUAREZ and against the M/V MELODY for the WESTRIA's, MSC's, MSC-USA's, ICS' and/or CCET's failure to pay or provide MR. JUAREZ's maintenance and cure benefits and unseaworthiness, including but not limited to medical care, food and lodging, and unearned

15

wages, attorney's fees, prejudgment interest, costs, compensatory and punitive damages;

e.    That said M/V MELODY, its engines, boilers, tackle, equipment, apparel, appurtenances, etc. be arrested, condemned and sold by the United States Marshal of this District under decree of this Court to satisfy said judgment or any portion thereof;

f.    That process according to the practice of this Court issue against the owners and managers of the M/V MELODY, WESTRIA, MSC, MSC-USA, ICS and/or CCET;

g.    That judgment be entered against WESTRIA, MSC, MSC-USA, ICS and/or CCET for wrongful death under the Death on the High Seas Act, Jones Act, and Unseaworthiness, and Failure to Pay Maintenance and Cure, including but not limited to medical care, food and lodging, and unearned wages, attorney's fees, prejudgment interest, costs, compensatory and punitive damages;

h.    That MRS. JUAREZ be granted any other such relief as may be deemed proper and equitable under the circumstances.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail this 24th day of April, 2000, on:  Reginald M. Hayden, Jr., Esquire, Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida, 33146.

LAW OFFICES OF DAVID C. RASH, P.A.
Attorneys for Plaintiffs
88 Northeast 168th Street
North Miami Beach, Florida 33162
Tel:    (954) 476-1515 (Broward)
Tel:    (305) 653-6666 (Dade)
Fax:    (305) 654-8435

by:_____
DAVID C. RASH, ESQUIRE
Florida Bar No: 0977764

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

| | |
|---|---|
| RANULFO ESTRADA JUAREZ, ) | CASE NO.: |
| ) | |
| Plaintiff, ) | Magistrate: |
| ) | |
| vs. ) | |
| ) | **SEAMAN'S VERIFICATION** |
| WESTRIA HOLDINGS INC., ) | |
| MEDITERRANEAN SHIPPING ) | |
| CRUISES, MEDITERRANEAN ) | |
| SHIPPING COMPANY (USA) INC., ) | |
| ICS ISLAND CRUISE SERVICES N.V., ) | |
| and, C.C.E.T., INC. in personam; ) | |
| and, M/V MELODY, her engines, ) | |
| boilers, tackle, equipment, apparel, ) | |
| appurtenances, etc., in rem, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

BEFORE ME, the undersigned authority, personally appeared DAVID C. RASH, ESQUIRE who, being duly sworn and deposed, says

1.      That the Substitute Plaintiff, MARIQUITA GUDIEL DE JUAREZ, is not located within the Southern District of Florida;

2.      That he is the attorney of record for said Substitute Plaintiff, and that said Substitute Plaintiff authorized him to make this representation and/or verification;

3.      That based upon his own personal investigation, information and belief, and having conferred with the Substitute Plaintiff, the foregoing Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest and the allegations

17

contained therein are true and correct to the best of his knowledge, information and belief.

_____
DAVID C. RASH, ESQUIRE

The foregoing instrument was acknowledged before me by DAVID C. RASH,

ESQUIRE, who did take an oath.

IN TESTIMONY WHEREOF, I have hereto set my hand and seal this 24th day

of ___April_____, 2000.

_____
Notary Public
State of Florida, at Large

My commission expires:

OFFICIAL NOTARY SEAL
THEODORE J KLEIN
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC540170

18