UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

| | |
|---|---|
| MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>WESTRIA HOLDINGS INC., MEDITERRANEAN SHIPPING CRUISES, MEDITERRANEAN SHIPPING COMPANY (USA) INC., ICS ISLAND CRUISE SERVICES N.V., and, C.C.E.T., INC. in personam; and, M/V MELODY, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., in rem,<br><br>Defendants. | CASE NO.: 00-6098-CIV-JORDAN<br><br>Magistrate: Bandstra<br><br><br><br><u>**PLAINTIFF'S MOTION TO STRIKE MEDITERRANEAN SHIPPING COMPANY (USA) INC.'S MOTION TO DISMISS AMENDED COMPLAINT, OR IN THE ALTERNATIVE, PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SAID MOTION**</u> |

COMES NOW, the Plaintiff, MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased, (hereinafter referred to as "MRS. JUAREZ"), by and through her undersigned attorney and pursuant to Rule 12 (f) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules for the United States District Court for the Southern District of Florida, and respectfully requests that this Honorable Court enter an Order striking the Defendant, MEDITERRANEAN SHIPPING COMPANY (USA) INC.'s, (hereinafter referred to as "MSC-USA"), Motion to Dismiss dated September 12, 2000, or in the alternative, denying MSC-

**NON-COMPLIANCE OF S.D. fla. L.R. 7.1 A 4**

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

USA's Motion to Dismiss as supported by MRS. JUAREZ's Memorandum of Law In Opposition submitted herein, as follows:

## I. MOTION TO STRIKE

1. MSC-USA's Motion to Dismiss be summarily stricken because it sets forth an "insufficient defense" and contains "scandalous matter" in violation of Rule 12 (f) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12 (f).

2. Specifically, the Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest clearly and unambiguously states **in at least 26 paragraphs** that MSC-USA was the Decedent, RANULFO ESTRADA JUAREZ's, (hereinafter referred to as "MR. JUAREZ), employer, that MSC-USA was negligent, that MSC-USA breached its duty to provide a seaworthy vessel, and that MSC-USA arbitrarily, capriciously and wilfully failed to provide maintenance and cure. [See Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest, ¶¶ 2, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38, 41, 42, 44].

3. On the other hand, MSC-USA's Motion to Dismiss is based solely on its failure to recognize the clear and unambiguous allegations of the above-cited 26 paragraphs of the Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest.

4. Moreover, in its Motion to Dismiss, MSC-USA misrepresents to this Honorable Court more than 10 times that there are no allegations stating that MSC-USA was MR. JUAREZ's employer or that MSC-USA had any duty or relationship to MR. JUAREZ. [See MSC-USA's Motion to Dismiss, pp. 2, 3, 4, 5, 6 and 7].

2

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

5.   Accordingly, this Honorable Court should strike MSC-USA's Motion to Dismiss in its entirety as being an "insufficient defense" and containing only "scandalous matter."

## II. MEMORANDUM OF LAW IN OPPOSITION TO MSC-USA's MOTION TO DISMISS

6.   In the alternative, this Honorable Court should deny MSC-USA's Motion to Dismiss as supported by MRS. JUAREZ's Memorandum of Law in Opposition to MSC-USA's Motion to Dismiss, as follows:

### A. STATEMENT OF THE CASE

7.   On January 21, 2000, the Plaintiff, RANULFO ESTRADA JUAREZ, ("MR. JUAREZ"), filed a Verified Seaman's Complaint and Request for Rule B Attachment and Rule C Arrest claiming damages with an accompanying maritime lien for the alleged failure and refusal of the Defendants, WESTRIA HOLDINGS INC., ("WESTRIA"), and MEDITERRANEAN SHIPPING CO. S.A., to provide and pay maintenance and cure benefits after he fell seriously ill with apparent pancreatic cancer while in the service of the vessel. Additionally, MR. JUAREZ asserted a separate claim under the Jones Act for the alleged aggravation of his condition resulting from said failure and refusal to pay and provide maintenance and cure benefits.

8.   On or about March 20, 2000, MR. JUAREZ died in Guatemala apparently as a result of the cancer illness and, as MRS. JUAREZ asserts, as the result of the vessel owner's and MR. JUAREZ's employer's arbitrary, willful, capricious and bad faith refusal to provide maintenance and cure benefits to MR. JUAREZ after he had become ill while in the service of the vessel, as a result of the negligence of the vessel owner and employer,

3

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

as a result of the unseaworthiness of the vessel.

9.  Accordingly, on or about April 24, 2000, MRS. JUAREZ filed an Amended Motion for Substitution of Parties along with a Motion for Leave to File an Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest against WESTRIA, MEDITERRANEAN SHIPPING CRUISES, ("MSC"), MEDITERRANEAN SHIPPING COMPANY (USA) INC., ("MSC-USA"), C.C.E.T., INC., ("CCET"), and ICS ISLAND CRUISE SERVICES N.V., ("ICS"), in personam; and, M/V MELODY, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., in rem.

10. MRS. JUAREZ's Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest asserts claims against all Defendants, including MSC-USA, for the wrongful death of MR. JUAREZ pursuant to the Death on the High Seas Act, pursuant to the Jones Act, and pursuant to the General Maritime Law for Unseaworthiness and the Failure to Pay Maintenance and Cure. MRS. JUAREZ also made claims for attorney's fees, punitive damages and pre-judgment interest.

11. On August 8, 2000, the Magistrate entered an Order granting MRS. JUAREZ's Amended Motion for Substitution of Parties and Motion for Leave to File Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest.

12. Having been made a new Defendant by virtue of the Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest, MRS. JUAREZ served MSC-USA with the Summons and Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest on or about August 23, 2000.

13. On September 12, 2000, MCS-USA filed its Motion to Dismiss, which merely argues that since paragraph 7 of the Amended Verified Seaman's Complaint for Wrongful

4

Death with Request for Rule C Arrest states that MSC-USA is the agent of the alleged shipowner, WESTRIA, then there can be no claim against MSC-USA as agent.

### B. ARGUMENT AND LEGAL AUTHORITIES

#### 1. MRS. JUAREZ States a Valid Claim for Wrongful Death Against MSC-USA Under The Death on the High Seas Act.

14.     The Death on the High Seas Act provides an in personam wrongful death remedy for the death of a seaman occurring on the "high seas." See 46 U.S.C. 688; 46 U.S.C. 761 ("[w]henever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas . . . the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty . . . ").

15.     The location of the wrongful act, neglect or default is determinative, not the place of death, and the "high seas" have been held to include foreign territorial waters. See Howard v. Crystal Cruises, Inc., 41 F.3d 527, 1995 AMC 305 (9th Cir. 1994); Sanches v. Loffland Bros. Co., 626 F.2d 1228 (5th Cir. 1980); Jennings v. Boeing Airplane Co., 660 F.Supp. 796 (E.D. Pa. 1987); Mozer v. Kloster Redieri, 645 F.Supp. 620 (S.D. Fla. 1986).

16.     In this case, MRS. JUAREZ succinctly and sufficiently alleges that MSC-USA was his employer, that MR. JUAREZ's died while the vessel was on the "high seas," that MSC-USA owed a duty under the Death on the High Seas Act, that MSC-USA was negligent in at least 8 different ways, that said negligence was the cause of MR. JUAREZ's death, and that MRS. JUAREZ and others sustained damages as a result. [See Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest, ¶¶ 23, 24, 25 and 26].

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

17.  In contrast, MSC-USA ignores these specific allegations and misstates to this Honorable Court that there are no such allegations. [See MSC-USA's Motion to Dismiss].

18.  Therefore, this Honorable Court should deny MSC-USA's Motion to Dismiss.

### 2. MRS. JUAREZ States a Valid Claim for Wrongful Death and Survival Negligence Against MSC-USA Under The Jones Act.

19.  Under the Jones Act, the personal representative of the deceased seaman has an in personam wrongful death and survival negligence action against the seaman's employer for the benefit of the seaman's surviving spouse and children. See Title 46 U.S.C. §688 ("in cases of death any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury); Ivy v. Security Barge Lines, Inc., 606 F.2d 534, 1980 AMC 356 (5th Cir. 1979); Evich v. Connelly, 759 F.2d 1432, 1986 AMC 2503 (9th Cir. 1985).

20.  The Jones Act wrongful death and survival remedy for seamen is a claim against their employer for negligence, and may include the failure to provide prompt, proper and adequate medical treatment, negligence of the ship's doctor and negligent selection of shore side treatment. See Cortes v. Baltimore Insular Line, Inc., 287 U.S. 367, 1933 AMC 9 (1932); Central Gulf S.S. Corp. v. Sambula, 405 F.2d 291, 1968 AMC 2521 (5th Cir. 1968).

21.  Finally, it is well-established that the failure to provide and pay maintenance and cure benefits resulting in an aggravation of the seaman's condition entitles the seaman to full tort damages. See Vaughan v. Atkinson, 369 U.S. 527, 1962 AMC 1131 (1962); Garay v. Carnival Cruise Line Inc., 904 F.2d 1527 (11th Cir. 1990); Gaspard v. Taylor Diving

6

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

& Salvage Co., Inc., 649 F.2d 372, 1982 AMC 2875 (5th Cir. 1981).

22.  In this case, MRS. JUAREZ succinctly and sufficiently pleads that MSC-USA was MR. JUAREZ's employer, that MSC-USA had a duty to provide MR. JUAREZ with a safe place to work, that MSC-USA breached said duty in at least 8 different ways, and that as a result, MR. JUAREZ's condition was so aggravated it caused him to suffer an untimely death with damages sustained by MRS. JUAREZ and others.  [See Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest, ¶¶ 27, 28, 29, 30 and 31].

23.  Again, MSC-USA ignores these clear allegations and misstates to this Honorable Court that MRS. JUAREZ's Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest does not make any allegations that MSC-USA was MR. JUAREZ's employer or that MSC-USA was negligent.

24.  Accordingly, this Honorable Court should deny MSC-USA's Motion to Dismiss.

### 3. MRS. JUAREZ States Valid Claims for Wrongful Death and Survival Against MSC-USA as Agent of the Vessel Owner Under the General Maritime Law.

25.  The General Maritime Law provides An in personam and in rem wrongful death and survival remedy for seamen whose death is caused by an unseaworthy vessel. See Moragne v. State Marine Lines, Inc., 398 U.S. 375, 1970 AMC 967 (1970) (general maritime law provides wrongful death remedies to the personal representative of seamen killed as a result of unseaworthy conditions).

7

26. The doctrine of unseaworthiness provides a remedy against the vessel owner for failing to provide a vessel, **including its crew**, equipment and operations, that are reasonably fit for its intended purpose. See Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 1971 AMC 277 (1971); Petition of New England Fish Co., 465 F.Supp. 1003, 1979 AMC 1910 (W.D. Wash. 1979); Thezan v. Maritime Overseas Corp., 708 F.2d 175, 1985 AMC 1278 (5th Cir. 1983).

27. Here, MRS. JUAREZ sufficiently asserts that MSC-USA is the United States agent for the vessel owner, that MSC-USA had a duty to provide a seaworthy vessel, that MSC-USA breached its duty in no less than 6 ways, that said unseaworthiness caused MR. JUAREZ's death, and that as a result MRS. JUAREZ and others sustained damages. [See Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest, ¶¶ 32, 33 and 34].

28. Therefore, this Honorable Court should deny MSC-USA's Motion to Dismiss.

### 4. MRS. JUAREZ States a Valid Claim for Failure to Pay Maintenance and Cure Against MSC-USA.

29. As set forth in section D above, MRS. JUAREZ has a claim against MR. JUAREZ's employer for the failure to provide maintenance and cure.

30. In this case, MRS. JUAREZ alleged that MSC-USA was MR. JUAREZ's employer, that MR. JUAREZ fell ill while in the service of the vessel, that MR. JUAREZ was therefore entitled to maintenance and cure, that MSC-USA arbitrarily and capriciously refused and failed to provide MR. JUAREZ maintenance and cure causing damages to his survivors, including MRS. JUAREZ. [See Amended Verified Seaman's Complaint for

8

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

Wrongful Death with Request for Rule C Arrest, ¶¶ 35, 36, 37, 38, 39 and 40].

31. MSC-USA, on the other hand, again merely relies on its false statements that there are no such allegations made by MRS. JUAREZ.

32. Thus, this Honorable Court should deny MSC-USA's Motion to Dismiss.

### 5. MRS. JUAREZ States a Valid Claims for Attorney's Fees, Punitive Damages and Prejudgment Interest Against MSC-USA.

33. In this jurisdiction, attorney's fees and punitive damages are available to a seaman in a claim against their employer for willful, arbitrary and capricious failure to provide maintenance and cure. See Hines v. J.A. LaPorte, Inc., 820 F.2d 1187 (11th Cir. 1987); See also In re Amtrak Sunset Ltd. Trail Crash in Bayou Canot, Ala. On Sept. 22, 1993, 121 F.3d 1421 (11th Cir. 1997).

34. Further, prejudgment interest has been awarded in addition to attorney's fees or punitive damages. See Robinson v. Pocahantas, 477 F.2d 1048 (1st Cir. 1973).

35. In the instant case, MRS. JUAREZ pleads all the necessary elements to claim attorney's fees, punitive damages and prejudgment interest. [See Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest, ¶¶ 41, 42, 43, 44, 45 and 46].

36. Accordingly, MSC-USA's Motion to Dismiss should be denied.

### III. CONCLUSION

37. The Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest contains numerous, specific, clear and unambiguous allegations that MSC-USA was MR. JUAREZ's employer, that MSC-USA was negligent, that MSC-USA

9

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

owed duties to MR. JUAREZ, that MSC-USA breached said duties, and that as a result of MSC-USA's negligence and breaches, MR. JUAREZ untimely died with resulting damages to MRS. JUAREZ, MR. JUAREZ's children and MR. JUAREZ's Estate. MRS. JUAREZ has states valid claims under the Death on the High Seas Act, the Jones Act, Unseaworthiness, Failure to Pay Maintenance and Cure, and has stated valid claims for attorney's fees, punitive damages and prejudgment interest.

38.   In contrast, MSC-USA's Motion to Dismiss sets forth an "insufficient defense" and is wrought with "scandalous matter" in that it intentionally misstates more than 10 times that MRS. JUAREZ does not make any allegations that MSC-USA was MR. JUAREZ's employer, that MSC-USA owed any duty to MR. JUAREZ or that MSC-USA was negligent. Thus, this Honorable Court should strike MSC-USA's Motion to Dismiss.

39.   In the alternative, and for the reasons set forth in MRS. JUAREZ's Memorandum of Law in Opposition herein, this Honorable Court should deny MSC-USA's Motion to Dismiss as MRS. JUAREZ's Amended Verified Seaman's Complaint for Wrongful Death with Request for Rules C Arrest because it sufficiently states claims against MSC-USA under the Death on the High Seas Act, the Jones Act, Unseaworthiness, Failure to Pay Maintenance and Cure, and has stated valid claims for attorney's fees, punitive damages and prejudgment interest.

WHEREFORE, MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased, respectfully request that this Honorable Court enter an Order in accordance with the

foregoing motion and/or Memorandum of Law In Opposition.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail this 19th day of September, 2000, on: Richard R. McCormack, Esquire, Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida, 33146; and, Gale Kenneth Hawkes, Esquire, De Orchis, Corsa & Hillenbrand, LLP, 2650 Biscayne Boulevard, Miami, Florida, 33137.

LAW OFFICES OF DAVID C. RASH, P.A.
Attorneys for Plaintiff
88 Northeast 168th Street
North Miami Beach, Florida 33162
Tel:  (954) 476-1515 (Broward)
Tel:  (305) 653-6666 (Dade)
Fax:  (305) 654-8435

by: _____
DAVID C. RASH, ESQUIRE
Florida Bar No: 0977764