UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY



MARIQUITA GUDIEL DE JUAREZ,　　　　　:
as Surviving Spouse and Personal　　　 :
Representative of the Estate of RANULFO :
ESTRADA JUAREZ, Deceased,　　　　　 :
　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:    CASE NO.: 00-6098-CIV-JORDAN
vs.　　　　　　　　　　　　　　　　 :    Magistrate: Bandstra
　　　　　　　　　　　　　　　　　　:
WESTRIA HOLDINGS INC.,　　　　　　　:
MEDITERRANEAN SHIPPING CRUISES,　 :
MEDITERRANEAN SHIPPING　　　　　　:
COMPANY (USA), INC., ICS ISLAND　　　 :
CRUISE SERVICES, N.V., and, C.C.E.T.,　 :
INC. *in personam*; and, M/V MELODY,　　:
her engines, boilers, tackle, equipment,　 :
apparel, appurtenances, etc. *in rem*,　　 :
　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants.　　　　　 :
_____:

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MEDITERRANEAN SHIPPING COMPANY (USA), INC.'S MOTION TO DISMISS AND IN REPLY THE PLAINTIFF'S OPPOSITION TO SAID MOTION

COMES NOW the Defendant, MEDITERRANEAN SHIPPING CO. (USA), INC. (hereinafter "MSC (USA)"), by and through its undersigned counsel, and in further support of its Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, incorporates the below Memorandum of Law In Opposition to the Plaintiff's Motion to Strike MSC (USA)'s Motion to Dismiss and in Reply to the Plaintiff's Opposition to Said Motion.



*Preliminary Statement*

The basis of defendant MSC (USA)'s Motion is that the plaintiff has failed to state a claim against MSC (USA) for which relief can be granted, in that, as an agent for a disclosed principal, MSC (USA) bears no personal liability for the plaintiff's claims.

In response, the plaintiff both moved to strike and opposed MSC (USA)'s motion on the basis that, among other things, at least twenty-six (26) paragraphs in the Amended Complaint allege a cause of action against MSC (USA). This numerical characterization sets the tone for the plaintiff's papers in that the plaintiff insists on relying upon superficial allegations without consideration for their attendant elements of proof.

Every theory the plaintiff proposes under which MSC (USA) may be liable requires as a predicate that MSC (USA) be the plaintiff's employer and/or the vessel owner. However, MSC (USA)'s motion to dismiss must be granted and the plaintiff's motion to strike denied in as much as the vessel, M/V MELODY, is owned by Westria Holdings, Inc. and the plaintiff was employed by ICS Island Cruise Services, N.V.

*Point I*

## MSC (USA) IS NOT A JONES ACT EMPLOYER

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b), a court must consider the legal sufficiency of the complaint, not the weight of evidence which might be offered at trial. *Sawinski v. Bill Currie Ford*, 866 F. Supp. 1383 (M.D.Fla. 1994). In order to prevail, the moving party must demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1384.

The singular problem with the plaintiff's pleadings is that, on their face, they propose an untenable proposition. The plaintiff's counsel purports to maintain an action against MSC (USA) as the deceased plaintiff's employer and the vessel owner while at the same time alleging four (4) other defendants were also acting as the deceased plaintiff's employer and the vessel owner. The bottom line is that only one party could have been the plaintiff's employer and only one party the vessel owner. MSC (USA) was neither and there have been no facts submitted to suggest otherwise.

In truth, plaintiff's counsel is mounting a fishing expedition in an effort to circumvent what he perceives as procedural or substantive hurdles to the successful prosecution of the case. The reality of the situation is that the plaintiff's counsel has asserted unique maritime claims, the success of which require as a predicate that the defendants act in either of two specific roles, *i.e.*, vessel owner and/or seaman employer.

Plaintiff's counsel does not contest that the deceased plaintiff was employed as a cook aboard the M/V MELODY. An examination of the contract under which the deceased plaintiff was employed clearly reveals that defendant ICS Island Cruise Services N.V. was the employer.[1] [See Exhibit 14 (ICS correspondence identifying it as plaintiff's employer) and Exhibit 15 (Crew agreement signed by the deceased plaintiff and identifying the deceased plaintiff as employed by ICS, N.V.) to Claimant/Owner, Westria Holding's Supplemental Memorandum on its Motion to Dismiss for Forum Non

---

[1]    In *Brooks v. Blue Cross & Blue Shield of Florida,* 116 F.3d 1364 (11th Cir. 1997) the Eleventh Circuit articulated an exception to the general rule that courts may only consider matters within the four corners of the complaint in deciding a motion to dismiss. Where the plaintiff refers to certain critical documents in the complaint, the court may consider the documents part of the pleadings. In the instant matter, the plaintiff's employment is central to many of its claims and MSC (USA) submits that reference to the underlying employment contract satisfies the *Brooks* exception.

Conveniens dated 3/29/00]. As a result, there is absolutely no set of facts the plaintiff can prove that would make MSC (USA) liable under an employer theory.

Hence, MSC (USA) cannot be liable for maintenance and cure since that obligation flows from the general maritime law's imposition upon the seaman employer. So, while the right to maintenance and cure may be asserted by any person who is a "seaman," the duty is only owed by the seaman's employer. See Schoenbaum, ADMIRALTY & MARITIME LAW § 4-28 (2d ed. 1994). In this respect, the plaintiff is sorely mistaken when she contends her complaint states a cause of action against MSC (USA) for failure to provide maintenance and cure.

*Point II*

**MSC (USA) DOES NOT OWE THE PLAINTIFF ANY DUTY<br>
<u>BECAUSE IT IS NOT THE VESSEL OWNER</u>**

The plaintiff also interposes a wrongful death claim arising under the general maritime law for unseaworthiness. Unseaworthiness is defined as the furnishing of a vessel <u>by a shipowner</u> that is not reasonably fit for its intended purpose. *Mitchell v. The Trawler Racer, Inc.*, 362 U.S. 539 (1960).

It is here that the plaintiff's smoke and mirrors approach to this litigation is clearly revealed. It has been indisputably established, and the plaintiff has so acknowledged, that MSC (USA) was not the vessel owner. Plaintiff's Opposition papers ¶ 27, p. 8. Accordingly, MSC (USA) cannot be liable as such.

Nor can the plaintiff's counsel contend that MSC (USA) is liable as an agent for the vessel's disclosed owner, Westria Holdings, Inc., because to do so is to run afoul of

4

the maxim that an agent for a disclosed principal is not personally liable.[2]    More importantly, there is not a single allegation that MSC (USA) individually did or failed to do something in its role as an agent.

Lastly, the duty to provide a seaworthy vessel is peculiar to the vessel owner alone and this duty may not be delegated. *Deakle v. John E. Graham & Sons*, 756 F.2d 821 (11th Cir. 1985) (stating "under well-established maritime law, Graham [vessel owner] has an absolute, nondelegable duty to ensure that its vessels are seaworthy.") Accordingly, there is no set of facts whereupon MSC (USA) could be found to have breached a duty that it did not legally owe to the plaintiff.

In sum, the plaintiff has directed this Court to no case that holds an agent for a shipowner can be held liable for conditions amounting to an unseaworthy condition. *50157 Realty Corp. v. Richard T. Roberts*, 1998 U.S. Dist. LEXIS 19504 (S.D.N.Y. December 15, 1998) (noting that mere assertions are insufficient to defeat a motion to dismiss.)  No court has ever extended unseaworthiness liability to an agent because to do so would relieve the vessel owner of its nondelegable duty.   Accordingly, MSC (USA), which is not the vessel's owner, cannot be liable for unseaworthiness to the plaintiff.

## Conclusion

For the foregoing reasons, MSC (USA) respectfully submits the plaintiff's Motion to Strike be denied, and MSC (USA)'s Motion to Dismiss be granted, and the Amended Complaint DISMISSED.

---

[2]    Perhaps indicative of the plaintiff's true understanding of MSC (USA)'s agency status, on September 22, 2000 the plaintiff's counsel served defendant Mediterranean Shipping Cruises via MSC (USA) and stated that MSC (USA) was being served as manager or agent for Mediterranean Shipping Cruises in order to effect service on Mediterranean Shipping Cruises.

Respectfully submitted,

DE ORCHIS, CORSA & HILLENBRAND, LLP
Attorneys for Defendant, MSC (USA)
2650 Biscayne Boulevard
Miami, Florida 33137
Tel: (305) 571-9200   Fax: (305) 571-9250


By: _____
KENNETH GALE HAWKES
FBN: 282243

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 29th day of September, 2000 to: DAVID RASH, ESQUIRE, 88 NE 168th Street, North Miami Beach, Florida 33162, and RICHARD R. McCORMACK, ESQUIRE, Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida 33162.


By: _____
KENNETH GALE HAWKES

W:\1188-396\Legals\Responsive Motion\Reply Memo 092700 Jkf.Doc 9/29/00-