UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

| | |
|---|---|
| MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> WESTRIA HOLDINGS INC., MEDITERRANEAN SHIPPING CRUISES, MEDITERRANEAN SHIPPING COMPANY (USA) INC., ICS ISLAND CRUISE SERVICES N.V., and, C.C.E.T., INC. in <u>personam</u>; and, M/V MELODY, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., <u>in</u> <u>rem</u>, <br><br> Defendants. | CASE NO.: 00-6098-CIV-JORDAN <br><br> Magistrate: Bandstra <br><br><br> **PLAINTIFF'S REPLY TO MEDITERRANEAN SHIPPING COMPANY (USA) INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

COMES NOW, the Plaintiff, MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased, (hereinafter referred to as "MRS. JUAREZ"), by and through her undersigned attorney and pursuant to Rule 7.1 of the Local Rules for the United States District Court for the Southern District of Florida, and submits her Reply to the Defendant, MEDITERRANEAN SHIPPING COMPANY (USA) INC.'s, (hereinafter referred to as "MSC-USA"), Memorandum of Law In Opposition to MRS. JUAREZ's Motion to Strike MSC-USA's Motion to Dismiss, as follows:

1. MSC-USA's Memorandum of Law in Opposition to MRS. JUAREZ's Motion to Strike MSC-USA's Motion to Dismiss reveals several fatal flaws reaffirming why this Honorable Court should strike MSC-USA's Motion to Dismiss, or in the alternative, deny MSC-USA's Motion to Dismiss.

2. First, MSC-USA fails to recognize that Rule 8 of the Federal Rules of Civil procedure permits pleading claims, relief and defenses in the alternative. Fed.R.Civ.P. 8. Thus, MRS. JUAREZ's "and/or" pleadings as to the Decedent, RANULFO ESTRADA JUAREZ's, (hereinafter referred to as "MR. JUAREZ"), employer passes muster and this Honorable Court should strike or deny MSC-USA's Motion to Dismiss.

3. Second, MSC-USA's reliance on the Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364 (11th Cir. 1997) exception is misplaced because MSC-USA refers to a certain document, i.e. "Crew Agreement," that was neither attached to nor referred to in MRS. JUAREZ's Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest. Accordingly, this Honorable Court should not consider any matters outside the four corners of MRS. JUAREZ's Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest and strike or deny MSC-USA's Motion to Dismiss.[1]

---

[1] Although there is a "Crew Agreement" signed by MR. JUAREZ, MRS. JUAREZ in no way agrees or concedes that such piece of paper is determinative of who was MR. JUAREZ's employer. In fact, the "Crew Agreement" on its face does not even identify the alleged employer, is not signed by the alleged employer, and shows that it was telefaxed to MR. JUAREZ in Guatemala from the Defendant, C.C.E.T., Inc.'s office located in Miami, Florida. Therefore, genuine material issues of fact exist as to the validity of the "Crew Agreement" as well as to who MR. JUAREZ's employer actually was.

2

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

4. Third, MSC-USA's statement on page 5 of their Memorandum of Law In Opposition that "the plaintiff has directed this Court to no case that holds an agent for a shipowner can be held liable for conditions amounting to an unseaworthy condition[,]" is misleading and not legally accurate because MRS. JUAREZ is certainly not required to cite case law in her Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest, and the Eleventh Circuit has indeed held that a catering concessionaire providing food and beverage service, with attendant personnel, to cruise ships are agents of the shipowner for purposes of recovery under the Jones Act and General Maritime Law. See Archer v. Trans/American Services, Ltd., 834 F.2d 1570, 1571-1573 (11th Cir. 1988)(concessionaire was shipowner's agent for purposes of pantryman's injury claims under Jones Act, maintenance and cure, and General Maritime Law). Hence, this Honorable Court should strike or deny MSC-USA's Motion to Dismiss.

5. Finally, MSC-USA ignores the Eleventh Circuit's pertinent explanation in Brooks as to the standard of review applicable to MSC-USA's Motion to Dismiss, as follows:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendants attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment. Nonetheless, for the purposes of the

3

> motion to dismiss, the complaint must be construed in a light
> most favorable to the plaintiff and the factual allegations taken
> as true. (citations omitted).

Brooks, 116 F.3d at 1369-1369.

6.  Continuing in Brooks, the Eleventh Circuit expressed the high mortality rate of Rule 12 (b)(6) motions, as follows:

> A complaint may not be dismissed because the plaintiff's
> claims do not support the legal theory he relies upon since the
> court must determine if the allegations provide relief on any
> possible theory. We hasten to add that this motion is viewed
> with disfavor and rarely granted. The pleadings must show, in
> short, that the Plaintiffs have no claim before the 12 (b)(6)
> motion may be granted. (citations omitted).

Id. at 1369; ; See also Sawinski v. Bill Currie Ford, Inc., 866 F.Supp. 1383, 1385 (M.D. Fla. 1994)(dismissal is harsh penalty and should only be granted in extreme circumstances to avoid improperly denying plaintiff opportunity to adjudicate claim on merits).[2]

7.  Using this well-established standard of review, MRS. JUAREZ's Amended Verified Seaman's Complaint for Wrongful Death with Request for Rule C Arrest clearly states legitimate claims for which relief can be granted. On the other hand, MSC-USA's Motion to Dismiss is fatally flawed because it ignores basic pleading principles, misapplies controlling case law and fails to meet the time-honored standard of review. Therefore, this Honorable Court should strike or deny MSC-USA's Motion to Dismiss.      WHEREFORE, MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased, respectfully request that this

---

[2]  MSC-USA also mistakenly relies on the Sawinski case when the facts in that case and application of the standard of review supports striking or denying MSC-USA's Motion to Dismiss here.

4

Honorable Court enter an Order in accordance with the foregoing.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail this 4th day of October, 2000, on: Richard R. McCormack, Esquire, Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida, 33146; and, Gale Kenneth Hawkes, Esquire, De Orchis, Corsa & Hillenbrand, LLP, 2650 Biscayne Boulevard, Miami, Florida, 33137.

LAW OFFICES OF DAVID C. RASH, P.A.
Attorneys for Plaintiff
88 Northeast 168th Street
North Miami Beach, Florida 33162
Tel:   (954) 476-1515 (Broward)
Tel:   (305) 653-6666 (Dade)
Fax:  (305) 654-8435

by: _____
DAVID C. RASH, ESQUIRE
Florida Bar No: 0977764

5

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435