UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

IN ADMIRALTY



CASE NO. 00-6098-CIV-JORDAN

Magistrate: Ted E. Bandstra

MARIQUITA GUDIEL DE JUAREZ,
as Surviving Spouse and Personal
Representative of the Estate of
RANULFO ESTRADA JUAREZ,
Deceased.

     Plaintiff,

vs.

WESTRIA HOLDINGS, INC.,
MEDITERRANEAN SHIPPING
CRUISES, MEDITERRANEAN
SHIPPING COMPANY (USA), INC.,
ICS ISLAND CRUISE SERVICES,
N.V., and C.C.E.T., INC., <u>in personam</u>;
and M/V MELODY, her engines, boilers,
tackle, equipment, apparel, appurtenances,
etc., <u>in rem</u>,

     Defendants.
_____/

### DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

Defendants, MEDITERRANEAN SHIPPING CRUISES and WESTRIA HOLDINGS, INC., by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b), and hereby request an enlargement of time, to and including January 20, 2001, to do the following: (1) to allow WESTRIA HOLDINGS, INC. to located additional documents and other information required to be produced in compliance with the Order

Case No.: 00-6098-JORDAN/BANDSTRA

entered by Magistrate Judge Bandstra on August 8, 2000, that are not included as part of the Objections to Magistrate's Order, filed with the Court on August 18, 2000; and (2) to permit MEDITERRANEAN SHIPPING CRUISES to serve its responses and/or objections to Plaintiff's Request for Production propounded on this Defendant. As grounds therefore, Defendants states as follows:

1. Defendants, MEDITERRANEAN SHIPPING CRUISES and WESTRIA HOLDINGS, INC. were previously served with Plaintiff's Request for Production. Interrogatories were also served by the Plaintiff on the Defendant, WESTRIA HOLDINGS, INC.

2. The Defendant, WESTRIA HOLDINGS, INC., served its responses and various objections to this discovery. On August 8, 2000, Magistrate Judge Bandstra entered his Order in connection with these objections. On August 18, 2000, the Defendant, WESTRIA HOLDINGS, INC., filed its Objections to Magistrate's Order with the Court.

3. Many of the documents have already been previously produced on behalf of WESTRIA HOLDINGS, INC. to Plaintiff's counsel. These documents would also probably be included as part of the response to be served by MEDITERRANEAN SHIPPING CRUISES.

4. To the extent that additional documents or other information ordered to be provided exist and are in the possession of WESTRIA HOLDINGS, INC., such documents and information would be on board the vessel M/V MELODY. It is anticipated that the M/V

Case No.: 00-6098-JORDAN/BANDSTRA

MELODY will be returning to Port Everglades in on or about January 13, 2001, and at such time, the undersigned plans to board the vessel in an effort to seek to locate any additional documents that may be responsive to Plaintiff's requests that have not been previously produced.

5. That the parties will not be prejudiced by this extension of time. Furthermore, this motion is made in good faith and not for purposes of delay.

6. The undersigned has contacted counsel for the Plaintiff, David Rash, Esq., and has been advised that Mr. Rash has no objection to the entry of this Order.

WHEREFORE, Defendants respectfully request this Court to enter an Order granting the foregoing requested relief.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was served by mail to David C. Rash, Esq., Attorney for Plaintiff, 88 N.E. 168th Street, North Miami Beach, Florida 33162; and to Kenneth Gail Hawkes, Esq., De Orchis, Corsa & Hillenbrand, LLP, 2650 Biscayne Boulevard, Miami, Florida this 19th day of December, 2000.

HAYDEN AND MILLIKEN, P.A.
Attorneys for Defendant
5915 Ponce de Leon Blvd., #63
Miami, Florida 33146
Phone: (305) 662-1523

By: _____
Richard R. McCormack, Esq.
Fla. Bar No. 168850