

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

| | |
|---|---|
| MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>WESTRIA HOLDINGS INC., MEDITERRANEAN SHIPPING CRUISES, MEDITERRANEAN SHIPPING COMPANY (USA) INC., ICS ISLAND CRUISE SERVICES N.V., and, C.C.E.T., INC. in personam; and, M/V MELODY, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., in rem,<br><br>Defendants. | CASE NO.: 00-6098-CIV-JORDAN<br><br>Magistrate: Bandstra<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT DATED NOVEMBER 22, 2000** |

COMES NOW, the Plaintiff, MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased, ("Juarez"), by and through her undersigned attorney and pursuant to S.D. Fla. L.R. 7.1, respectfully requests an extension of time of about 30 days, or until April 6, 2001, within which to file an Opposition to the Defendant, WESTRIA HOLDINGS INC.'s, ("Westria"), MEDITERRANEAN SHIPPING CRUISES', ("MSC"), ICS ISLAND CRUISE SERVICES N.V.'s, ("ICS"), and C.C.E.T., INC.'s, ("CCET"), Motion to Dismiss Amended Complaint dated November 22, 2000, for the following reasons:

1. On November 22, 2000, Westria, MSC, ICS and CCET filed a Motion to Dismiss Amended Complaint.[1]

2. Juarez's Opposition to Westria's, MSC's, ICS' and CCET's Motion to Dismiss Amended Complaint is due on February 7, 2001, pursuant to the last extension granted by this Honorable Court.

3. Since filing its initial Motion to Dismiss Amended Complaint, Westria has requested and been granted several extensions of time to comply with this Honorable Court's discovery orders concerning critical discovery due Juarez.

4. On January 22, 2001, Westria served their Supplemental Answers to Interrogatories and Second Supplemental Responses to Request for Production, and MSC served their Responses to First Request for Production.

5. Further, on February 1, 2001, this Honorable Court overruled all but one of Westria's Objections to the Magistrate's Order dated August 8, 2000, and Juarez needs time to receive the materials now ordered produced and which are relevant to the pending Motion to Dismiss Amended Complaint.

6. To date, Westria has not served any documents specific to the Magistrate's Order overruling its Objections.

7. Due to Juarez having just received Westria's and MSC's supplemental discovery responses and first discovery responses, respectfully, and given this Honorable Court's February 1, 2001, Order overruling all but one of Westria's objections to certain

---

[1] On August 18, 2000, Westria alone had filed a Motion to Dismiss Amended Complaint based on jurisdictional and forum non conveniens defenses. Now, it appears that Westria and other Defendants have re-filed and adopted the same motion.

requests for production, and Westria not having served any documents specific to the Magistrate's overruling its Objection, Juarez respectfully request that this Honorable Court enter an Order granting a 30 day extension fo time, or until April 7, 2001, within which to respond to Westria's, MSC's, ICS' and CCET's Motion to Dismiss dated November 22, 2000.

8. Further, unbeknownst to the undersigned prior to requesting the last extension, his wife planned a surprise family gathering at Disney World in Orlando, Florida, with her 3 sisters and the undersigned's two children ages, 2 ½ and 5 from March 1, 2001, through March 6, 2001.

9. The undersigned attorney has contacted counsel for Westria, MSC, ICS and CCET, Richard McCormack, Esquire, he has no objection to this motion. The undersigned attempted to contact by telephone local counsel, Kenneth Gale Hawkes, Esquire, for Mediterranean Shipping Company (USA) Inc., who is not a party to the pending Motion to Dismiss Amended Complaint, but was unable to reach him prior to filing this motion. Mr. Hawkes has never had an objection to any other similar motion filed by Juarez.

WHEREFORE, the Plaintiff, MARIQUITA GUDIEL DE JUAREZ, as Surviving Spouse and Personal Representative of the Estate of RANULFO ESTRADA JUAREZ, Deceased, respectfully requests that this Court enter an Order in accordance with the foregoing motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail this 28th day of February, 2001, on: Richard R. McCormack, Esquire, Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida, 33146; Kenneth Gale Hawkes,

DAVID C. RASH, P.A.
88 NORTHEAST 168TH STREET, NORTH MIAMI BEACH, FLORIDA 33162 • TELEPHONE (305) 653-6666 • FACSIMILE (305) 654-8435

Esquire, De Orchis, Corsa & Hillenbrand, LLP, 2650 Biscayne Boulevard, Miami, Florida, 33137; and, Cary R. Wiener, Esquire, DeOrchis, Walker & Corsa, LLP, 61 Broadway, 26th Floor, New York, New York 10006.

                                 LAW OFFICES OF DAVID C. RASH, P.A.
                                 Attorneys for Plaintiff
                                 88 Northeast 168th Street
                                 North Miami Beach, Florida 33162
                                 Tel:  (954) 476-1515 (Broward)
                                 Tel:  (305) 653-6666 (Dade)
                                 Fax:  (305) 654-8435

by: _____
        DAVID C. RASH, ESQUIRE
        Florida Bar No:  0977764